1
2
3
4

**PANAKOS LAW, APC**
Aaron D. Sadock  (SBN 282131)
555 West Beech Street, Ste. 500
San Diego, California 92101
Telephone:   (619) 800-0529
Facsimile:    (866) 365-4856
Email: asadock@panakoslaw.com

5

Attorney for Plaintiff ENSOURCE INVESTMENTS LLC

6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21
22
23
24

ENSOURCE INVESTMENTS LLC, a
Delaware limited liability company,

Plaintiff,

v.

THOMAS P. TATHAM, an
individual; MARK A. WILLIS, an
individual; PDP MANAGEMENT
GROUP, LLC, a Texas limited
liability company; TITLE ROVER,
LLC, a Texas limited liability
company; BEYOND REVIEW, LLC,
a Texas limited liability company;
IMAGE ENGINE, LLC, a Texas
limited liability company; WILLIS
GROUP, LLC, a Texas limited
liability company; and DOES 1-50,

Defendants.

Case No.: 3:17-CV-00079-H-JMA

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO
DISMISS OR TRANSFER VENUE
(DKT. 8-1)**

Date: March 13, 2017
Time: 10:30 AM
District Judge: Hon. Marilyn L. Huff
Courtroom: 15A
Action filed:  January 13, 2017

25
26
27
28

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

Plaintiff, Ensource Investments LLC, hereby submits its opposition to Defendants' Motion to Dismiss or Transfer Venue. Plaintiff's Complaint not only meets, but exceeds the standards governing the form of a complaint contemplated by the Federal Rules of Civil Procedure. Also, this Court has personal jurisdiction in this matter, and venue is proper. Accordingly, Defendants' motion should be denied.

## II. ARGUMENT AND AUTHORITY

### A.      Plaintiff's Claims are Sufficiently Stated.

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, asserting that the allegations in the Complaint do not identify "the source of each defendants' duty to disclose the information allegedly withheld." Defendant's contention that the Complaint is deficient on this ground, however, does give rise to a 12(b)(6) motion for failure to state a claim, and should be dismissed.

Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Indeed, the Supreme Court has determined that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Technology Ltd. v. Pegasus Technologies Ltd.* 636 F.Supp.2d 57, 63 (D.D.C. 2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

1  Rather than being deficient, the Complaint clearly contains more than the
2  "short and plain" statement required under the Rule. Plaintiff's Complaint
3  identifies the actions of Defendants and how those actions are wrongful. More
4  specifically, Plaintiff's complaint alleges a *prima facie* case under Section 27
5  (78aa) of the Securities Exchange Act, which includes the following elements: 1)
6  the sale of securities, 2) using interstate means, and 3) a deceptive device. Here,
7  the subscription promissory note is the evidence of the sale of a security. Dkt. 1,
8  Page 6 at ¶16; Dkt. 1, Exhibit A. Defendants acts of traveling to California,
9  mailing documents to California, placing phone calls to California, and specifically
10  creating a website for use by Plaintiff, a California resident, all satisfy the use of
11  interstate means element. Dkt. 1, Page 14 at ¶ 42. Finally, the deceptive device
12  element is satisfied by the financial information and prospectus provided to
13  Plaintiff. Dkt. 1, Pages 6-7 at ¶¶ 16-18; Dkt. 1, Exhibit A. Thus, a *prima facie* case
14  has been alleged and the Complaint is sufficiently pled.

15  By their motion, it is clear that Defendants are on notice of the claims being
16  made and the grounds therefor. Indeed, they are informed of the claims such that
17  they appear to be litigating the case at the pleading stage. More specifically,
18  Defendants attack the sufficiency of the Complaint by arguing that the specific
19  statements made by Defendants during the parties' dealings are not included in the
20  Complaint. Dkt. 8-1, Page 13 at ¶ 37. However, such specificity is not required at
21  this stage and Defendants cite no valid authority to support the proposition that
22  more specificity is required in Plaintiff's Complaint. Factual investigation through
23  discovery will add further detail later, but for now, Plaintiff has provided a short
24  and plain statement showing that it is entitled to relief and the Complaint clearly
25  puts Defendants on fair notice of the charges against them. Accordingly,
26  Defendants Motion to Dismiss for Failure to State a Claim should be denied.
27  ///
28  ///

### B. This Court has Personal Jurisdiction Pursuant to the Securities Exchange Act.

Defendants, in their Motion to Dismiss or Change Venue, misstate the applicable test for establishing personal jurisdiction for a claim brought pursuant to the Securities Exchange Act of 1934. Defendants' motion hinges on the position that that they do not have the requisite minimum contacts within California for the case to be heard in this state, which is the general test for establishing personal jurisdiction. However, a separate and distinct test applies to a Complaint brought pursuant to the Securities and Exchange Act. According to Section 27 of the Securities Exchange Act, Defendant need only have minimum contacts within the *country* to be subject to personal jurisdiction in federal court. Defendants' argument pursuant to *Burger King*, therefore, is inapposite and should be disregarded.

#### 1. The Securities Exchange Act Authorizes Nationwide Service of Process.

Section 27 of the Securities Exchange Act authorizes nationwide service of process. Securities Exchange Act of 1934, § 27, 15 U.S.C.A. § 78aa; *see also Securities Investor Protection Corp. v. Vigman* (9th Cir. 1985) 764 F.2d 1309. Indeed, to establish jurisdiction under the Act, Defendant need only have minimum contacts within the *country* to be subject to personal jurisdiction in federal court. *Securities Investor Protection Corp. v. Vigman* (9th 1985) 764 F.2d at 1315-1316 (emphasis added). Defendants have already admitted they are residents of Texas, thus personal jurisdiction has been established.

#### 2. Defendants would be subject to personal jurisdiction under *Burger King*.

As explained above, while it is not the correct standard to apply in this matter, Defendants have made sufficient contacts in the forum to establish personal jurisdiction based on the minimum contacts test found in *Burger King Corp. v.*

1 *Rudzewicz* 71 U.S. 462 (1985). Under *Burger King*, a federal court may exercise

2 personal jurisdiction over a nonresident defendant when the exercise of jurisdiction

3 is consistent with the Due Process Clause of the Fourteenth Amendment of the

4 United States Constitution. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55

5 (9th Cir. 2006). Thus, personal jurisdiction exists if: (1) the defendant has

6 established minimum contacts with the forum state; and, (2) the exercise of

7 personal jurisdiction over the defendant would not offend traditional notions of fair

8 play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-

9 77 (1985).

10       Here, Plaintiff has made a prima facie showing of jurisdictional facts in

11 order to withstand Defendants' challenge to jurisdiction. *Pebble Beach Co. v.*

12 *Caddy*, 453 F.3d 1151 at 1154. The individual defendants came to California to

13 discuss and pitch the deal with client, whom they knew to be a California resident.

14 Dkt. 1, Page 14 at ¶ 42. Defendants, in their own motion, admit to meeting with

15 Plaintiff in California. Dkt. 8-1, Page 4 at ¶ 1, pages 5-6 at ¶ 6. The parties

16 exchanged numerous phone calls, emails, and texts with Plaintiff, a known

17 California resident. Dkt. 1, Page 14 at ¶ 42. Again, Defendants admit to such

18 contacts in their own motion. Dkt. 8-1, Page 4 at ¶ 1. Furthermore, Defendants

19 specifically created a website in response to Plaintiff's request for due diligence

20 documents regarding the transaction, knowing such documents would likely be

21 reviewed in California as they were directed at a business contact known to be a

22 California resident. Dkt. 1, Page 14 at ¶ 42. Again, Defendants admit in their own

23 motion that they provided due diligence documents to Ensoure, which would be

24 read in California. Dkt. 8-1, Page 4 at ¶ 2 and pages 10-11 at ¶ 26. Any of these

25 acts, taken in isolation, and certainly when taken together, are sufficient to

26 establish personal jurisdiction. Moreover, these acts are sufficient to establish this

27 Court as the proper venue in the Southern District of California, as discussed

28 below.

Defendants fail to explain the significance of their repeated statement that Ensoure was not in existence at time of initial meeting in California on August 8, 2016. We can only infer that Defendants are asserting that any acts performed prior to the formal creation of Ensoure Investments LLC are somehow not relevant to Plaintiff's claims and must be disregarded for the purpose of establishing jurisdiction and/or liability. However, Defendants cite no law to support such a defense. Moreover, Plaintiff informed Defendants that Ensoure was specifically created for the purpose of the parties' dealing and was created based on the representations made by Defendant's during the parties' initial meetings.

Defendant's passive website analysis, while creative, is misplaced and should not be given any weight when determining the sufficiency of contacts. Defendants admit in their own motion that they uploaded documents to a website for Plaintiff's review. Moreover, Plaintiff received login credentials and a password from Defendants to access the documents, an act that cannot be construed as passive. Uploading information specifically directed at an individual which requires a username and password is not a "passive website" and Defendants' characterization that the contact was not aimed at California simply cannot be reconciled with these facts. Such "individualized targeting" is sufficient to establish specific jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 at 1157. "[D]efendant purposefully directed its activity in a substantial way to the forum state" and is therefore subject to its jurisdiction. *Id*., (citing *Rio Properties*, 284 F.3d at 1020.)

## C.   Venue is Proper in the Southern District of California.

Defendants argue that even if personal jurisdiction exists, venue in this Court is not proper. Defendants' challenge to venue is brought under Rule 12(b)(3) and U.S.C. 1406(a), the statutes of general application. However, once again, Defendants misstate the standard for determining venue in this matter. Venue in this case is properly brought based on code sections, 15 U.S.C. 77v and 15 U.S.C.

78aa of the Securities Exchange Act. Accordingly, venue is proper here.

### 1.    The aim of the Statute is to give Plaintiff liberal choice in venue.

Venue in this case is properly brought based on code sections 15 U.S.C. 77v and 15 U.S.C. 78aa, which read in relevant part:

> Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or *in the district where the offer or sale took place*, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.  15 U.S.C. 77v (emphasis added).

> Any criminal proceeding may be brought in the district wherein *any act or transaction constituting the violation occurred*. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business… 15 U.S.C. 78aa (emphasis added).

These sections of the Act allow for jurisdiction where an offer or sale took place, and where an act or transaction constituting the violation took place, respectively. *Id.* Notably, the act in the state does not have to be crucial, and the aim of the statute is to give Plaintiff liberal choice in venue. *Vigman*, 764 F.2d 1309 at 1317. Indeed, a plaintiff's choice of forum is entitled to great weight and a plaintiff's choice of venue should rarely be disturbed. *Id.* at 1317–18. Defendants must make a "strong showing" to upset Plaintiff's choice. *Decker Coal Co. v. Commonwealth Edison Co.*, (9th 1986) 805 F.2d 834, 843. Finally, Plaintiff's venue is give substantial deference where the plaintiff has chosen his home.

1    *Tolentino v. Mossman*, (E.D. Cal 007) 2007 WL 4404447.

2        The facts alleged in the Complaint are sufficient to establish venue. The very

3 same acts that are sufficient to establish personal jurisdiction allow Plaintiff to

4 select this forum to litigate the matter. Namely, Defendants made phone calls, sent

5 emails, established a website directed at a California resident and mailed

6 documents to California. Dkt. 1, Page 14 at ¶ 42. Any of these actions can be cited

7 as a basis for venue in this Court. Indeed, lesser acts have been held to be sufficient

8 to establish venue pursuant to 15 U.S.C. 78aa. *See Bourassa v. Desrochers* (9th

9 1991) 938 F. 2d 1056 (phone call is sufficient to establish venue); *Tolentino v.*

10 *Mossman*, (E.D. Cal 007) 2007 WL 4404447 (even informal conversations

11 surrounding the offer are enough to establish venue); and *Rainer Nat. Bank v.*

12 *Hardskin* (9th 1993) 1993 WL 175265 (phone calls, faxes, and instructing plaintiff

13 to send money OUT of state are sufficient to establish venue). Defendants claim

14 that they have never conducted business in California and venue should be

15 transferred to Texas, a claim which is dubious at best based on the litany of

16 contacts they had with Plaintiff in California. Dkt. 8-1, Page 4 at ¶¶ 1-2, pages 5-6

17 at ¶ 6, pages 10-11 at ¶ 26. Clearly Defendants have not made the strong showing

18 required to disturb Plaintiff's choice of forum and their motion should be denied.

19       **2.**     **Venue is proper under Rule 12(b)(3) and U.S.C. 1406(a).**

20        Rather than challenging venue based upon the above-described standard for

21 venue in a Securities Exchange Act action, Defendants challenge venue based on

22 Rule 12(b)(3), and claim that venue should be transferred pursuant to 28

23 USC§1406(a). Even applying the test for these statutes of general application,

24 venue is properly laid in this Court.

25        **a.**     **Applicable Standard.**

26        Defendants assert that venue is improper because the "Complaint fails to

27 support this basis for venue because it includes only the vague, conclusory

28 allegation that some unspecified "acts and practices complained of herein occurred

in part in the District.""" This statement is disingenuous and taken out of context. Plaintiff's motion contains a comprehensive explanation of the acts and practices that support venue in this Court. While such "acts and practices" may not be enumerated under the heading of Jurisdiction and Venue, Plaintiff states the appropriate legal basis for Jurisdiction and Venue and references the supporting facts in its Complaint.

### b. The Choice of Law provision in the parties' agreement is not applicable to this matter.

Finally, we note that Choice of Law provision in the parties' Agreement does not specify a choice of venue. Furthermore, Texas law will not apply to claims under Securities Exchange Act, which may only be heard in Federal Court, such that the Choice of Law provision in the parties' agreement is not applicable to this matter. Dkt. 8-7.

### III. CONCLUSION

Plaintiff's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) by providing Defendants fair notice of the charges against them and the grounds for those charges. Discovery and argument will add further detail later. Moreover, Defendants cite to laws regarding personal jurisdiction and venue that are inapplicable to this matter, and their arguments can be dismissed on this basis alone. This Court has personal jurisdiction pursuant to Section 27 of the Securities Exchange Act, and venue is proper in this matter based on 15 U.S.C. 77v and 15 U.S.C. 78aa. Accordingly, for the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss or Transfer Venue. Alternatively, in the unlikely event the Court finds that Plaintiff's Complaint does not meet the Federal pleading requirements, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend its Complaint against Defendants.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: February 27, 2017              PANAKOS LAW, APC


                                      By: /s/ Aaron D. Sadock
                                      Aaron D. Sadock Esq. Attorney for Plaintiff
                                      ENSOURCE INVESTMENTS LLC