**PANAKOS LAW, APC**
Aaron D. Sadock  (SBN 282131)
555 West Beech Street, Ste. 500
San Diego, California 92101
Telephone:   (619) 800-0529
Facsimile:    (866) 365-4856
Email: asadock@panakoslaw.com

Attorney for Plaintiff ENSOURCE INVESTMENTS LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company, | Case No.: 3:17-CV-00079-H-JMA |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE** |
| v. | |
| THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50, | Date: September 11, 2017 Time: 10:30 AM District Judge: Hon. Marilyn L. Huff Courtroom: 15A Action filed:  January 13, 2017 |
| Defendants. | |

///
///
///

# Table of Contents

I.  INTRODUCTION                                                                 1

II. PROCEDURAL BACKGROUND                                                        1

III. ARGUMENT AND AUTHORITY                                                      3

    a.  28 USC 1412 **does not apply because the present matter does not arise under title 11**                                3

    b.  Even if *Pacor* applies, the Defendants have not met their burden to show that the interests of justice require a transfer.                    5

        i.  *The economics and efficient administration of the estate*                    6

        ii. *Presumption of the "Home Court" vs. Plaintiff's Choice of Forum.*                    7

        iii. *Judicial Efficiency, a fair trial, the state's interest, and enforceability of the judgment*                    7

        iv. *The Outcome of this case will have little to no bearing on Title Rover's Financial state*                    7

    c.  The Defendants have not met their burden to show that convenience of the parties requires a transfer.                    8

    d.  The Defendants have not met their burden to show that the matter should be transferred to Texas Under 28 USC 1404(a).                    9

    e.  Defendants have waived their right to venue motions through their conduct.                    11

IV.  CONCLUSION                                                                  12

1

Table of Authorities

2 <u>Cases</u>

3 *Onewoo Corporation v. Hampshire Brands Inc.* (S.D.N.Y 2017) 566 BR   *3*
4 136

5 *Pacor, Inc. v. Higgins,* 743 F .2d 984 (3d Cir. 1984)   *4*

6 *Tapia c. Davol Inc.* (S.D Ca. 2016) 562 B.R. 765   *3,5,6*

7 *Star Athletica LLC v. Varsity Brands Inc* (2017) 137 S. Ct. 1002   *4*

8 *Advocate Health Care Network v. Stapleton* (2017) 137 S.Ct. 1652   *4*

9 *In re Pegasus Gold Corp.* (9th Cir. 2005) 394 F.3d 1189, 1194 n.1   *5*

10 *In re DRI Companies,* (C.D. Cal 2016) 552 B.R. 195   *6, 8*

11 *Gulf Oil Corp. v. Gilbert*(1947) 330 U.S. 501   *7,10*

12 *Hapaniewski v. City of Chicago Heights*, (7th Cir. 1989) 883 F.2d 576,   *9*
13 580-81

14 *Naylor v. Lee's Summit Reorganized School Dist. R-7,* (W.D. Mo. 1989)   *9*
15 703 F.Supp. 803, 820

16 *Jenkins v. Missouri,* (8th Cir. 1990) 904 F.2d 415   *9*

17 *Jones v. GNC Franchising Inc.* (9th Cir. 2000) 211 F.3d 495   *10*

18 *Securities Investor Protection Corp. v. Vigman,* (9th Cir. 1985) 764 F.2d   *10*
19 1309

20 *Libby McNeill and Libby v. City Nat Bank* (9th Cir. 1978) 592 F.2d 504   *11*

21 *American Patriot Ins. Agency Inc. v. Mutual Rish Management Ltd.* (7th   *11*
22 Cir. 2004) 364 F.3d 884

23 <u>Rules and Statutes</u>

24 27 of the Securities and Exchange Act of 1934   1

25 28 USC 1412   3,4,8

26 28 USC 1334(b)   4

27 28 USC 1404(a)   10

28

ii

## I. INTRODUCTION

Defendants filed a Motion to Transfer this matter to the Southern District of Texas on February 9, 2017. On March 10, 2017, this Court issued an order finding that venue was proper and that the Court has personal jurisdiction over the Defendants. Quickly thereafter, on May 3, 2017, Defendant Title Rover filed for chapter 11 Bankruptcy in the Southern District of Texas. Defendants have now filed a second Motion to Transfer in a completely transparent attempt to circumvent this Court's prior decision. Momentarily overlooking the fact that Title Rover's bankruptcy is a sham soon to be addressed by Plaintiff's forthcoming Motion to Dismiss or Convert, as well as the fact that Defendants have again failed to meet their required showing, this behavior is clearly in bad faith counter to basic premises of justice and judicial economy. Thus, Plaintiff requests that the Court see through this charade and deny Defendant's second attempt to transfer venue.

## II. PROCEDURAL BACKGROUND

This litigation arises from a scheme to defraud the Plaintiff in connection with the purchase and sale of securities of Hopewell – Pilot Project, LLC ("Hopewell"). The scheme was propagated and otherwise conducted by two principal individuals: Defendants Thomas P. Tatham ("Tatham") and Mark A. Willis ("Willis").

Plaintiff filed the complaint in the current case on January 13, 2017. On February 9, 2017, Defendants filed a motion to dismiss the case based on a lack of jurisdiction and venue. This Court upheld the venue based on the strong favor given to Plaintiff's preference, as well as Defendants' failure to demonstrate a strong reason to transfer the matter. This Court likewise found personal jurisdiction based on Section 27 of the Securities and Exchange Act of 1934, as provided for under Plaintiff's claim for Violation of Section 10(b) of The Exchange Act and Rule 10b-5(b). That rule provides that *any* contact in a state gives rise to personal jurisdiction. In the present matter, Defendants traveled to California to make their

1

misrepresentations, thereby satisfying Section 27's low threshold. Furthermore, as this jurisdiction is where the majority shareholder of Plaintiff resides and executed the Subscription Agreement. The Court thereafter set an Early Neutral Evaluation Conference on May 30, 2017.

On or about May 2, 2017, the parties requested a continuance of the Early Neutral Evaluation Conference, as Plaintiff was preparing to file pleadings in the Texas Case to transfer venue to this Court to consolidate the related cases. The Early Neutral Evaluation Conference was converted to a phone call, and the Court schedule a Case Management Conference on August 14, 2017

Two days after the continuance, Defendant Title Rover and Hopewell both filed for bankruptcy. This effectuated an automatic stay in the Texas Case, preventing Plaintiff from moving to transfer the venue. This would also stay proceedings in this case against Title Rover, though not necessarily the other parties. On July 25, 2017 both Title Rover and Hopewell filed for adversarial proceedings in their bankruptcy cases.

On or around August 8, 2017, Defendants requested to reschedule the August 14, 2017 CMC, as they claimed that they would not be able to have a representative present. Plaintiff agreed to this continuance in a good faith attempt to effectuate a more productive Case Management Conference. The Case Management Conference was rescheduled to September 12, 2017. Thereafter on August 14, 2017, Defendants filed the present Motion to Transfer. The fact that the motion was filed on the same day as the cancelled CMC raises the likelihood that it was a bad faith ruse to buy more time for them to file the Motion to Transfer.

Plaintiff has recently filed motions to request abstention in the Adversary proceedings filed by Defendant in Texas. Plaintiff will also soon file a Motion to Dismiss or Convert in the Bankruptcies of Hopewell and Defendant Title Rover as they have no income and therefore no possibility of creating and adhering to a payment plan.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**

## II. ARGUMENT AND AUTHORITY

**A.**   **28 USC 1412 does not apply because the present matter does not arise under title 11.**

Defendants rely upon 28 USC 1412 to support their argument for transfer to the Southern District of Texas. However, despite Defendants' contention, this section is not applicable to this matter as this case does not arise under Chapter 11. The exact wording of 28 USC 1412 states: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

The plain meaning of the statute requires that a case must arise under title 11. This issue was discussed at length in *Onewoo Corporation v. Hampshire Brands Inc.,* (S.D.N.Y 2017) 566 BR 136, where the Court specifically states that "… section 1412 only refers to transfers of cases or proceedings "under" title 11. There is no reference in section 1412 to cases or proceedings "arising in" or "related to" cases under the Bankruptcy Code." *Id.* at 139. In *Onewoo*, the matter began with a civil filing. Soon thereafter, as in the present matter, the Defendant entity filed for Chapter 11 Bankruptcy in a different district and sought to transfer the case under 28 USC 1412. The Court denied the transfer, stating that:

> "Here the Onewoo Action is not a proceeding "under" the Bankruptcy Code. A case arises "under" title 11 if it is the main bankruptcy case itself or if a proceeding asserts causes of action that are created by the Bankruptcy Code. That is not the case here. This case is based on allegations of common law fraud, breach of contract, and other thearoies that I summarized before. The complaint in the Onewoo action does not assert claims created by the Bankruptcy Code and in fact the action was filed when no bankruptcy was pending." *Id.*

As in *Onewoo*, the present matter does not assert claims created by the Bankruptcy Code. Likewise, the action was filed <u>before</u> the bankruptcy filings. Accordingly,

3

there are no grounds to transfer under 28 USC 1412 and, as it did in Defendants' first Motion to Transfer, the Court should refuse to change venue.

Defendants attempt to avoid the clear language of 28 USC 1412 by asking that this Court apply the "related to" test set forth in *Pacor, Inc. v. Higgins,* 743 F .2d 984 (3d Cir. 1984). They introduce this test through *Tapia c. Davol, Inc.*, (S.D Ca. 2016) 562 B.R. 765, stating that 28 USC 1412 applies to "related proceedings". *Id.* Defendants failed to include important language from that case where the Court states that "…it is not so clear whether the section applies to claims that are "related" to the bankruptcy estate…" *Id.* at 768. They also failed to inform that Court that while *Tapia* did apply *Pacor's* "related to" test, it was only because the Plaintiff failed to dispute Defendants' argument that their matter was "related to" the bankruptcy case in the Central District. *Id.* ("Defendants argue, and Plaintiff does not dispute, that 28 USC 1412 applies to this case and that this matter is "related to" the bankruptcy case in the Central District.").

Unlike *Tapia,* Plaintiff in this matter does dispute Defendants contention that the "related to" test is applicable. Accordingly, the Court should look to the plain language of 28 USC 1412 and rule in accordance with *Onewoo* that the "related to" standard does not apply to section 1412. It is a well-established theory of statutory construction that courts must give effect to the clear meaning of statutes as written. *Star Athletica, LLC v. Varsity Brands, Inc* (2017) 137 S. Ct. 1002, 1010. When drafting the statutes, Congress could have easily included the "related to" language in 28 USC 1412, as they had under 28 USC 1334(b), but actively chose not to. Further, if Congress purposely leaves out language, the conclusion must be that they had good reason in doing so. *See Advocate Health Care Network v. Stapleton* (2017) 137 S.Ct. 1652, 1659. As "related to" was included in 28 USC 1334(b), but not included in 28 USC 1412, Congress must have intended to limit the breadth of the statute. This is a logical conclusion, for if *Pacor's* "related to" test were to apply at all times, for any relation to a bankruptcy proceeding, it

4

"could endlessly stretch a bankruptcy court's jurisdiction." *In re Pegasus Gold Corp.* (9th Cir. 2005) 394 F.3d 1189, 1194, n.1. This would allow for any case to be transferred due to a subsequent bankruptcy. This supports forum shopping in the middle of a case, as parties could file for bankruptcy and have cases transferred at any time.

Finally, allowing the *Pacor* test to apply this early could have the disastrous effect of transferring venue for a sham or straw bankruptcy. Plaintiff is preparing a Motion to Dismiss or Convert Title Rover's bankruptcy on the grounds that Title Rover has no income and could not possibly repay its creditors under Chapter 11.[1] Allowing this transfer to occur, prior to the possible dismissal of Title Rover's bankruptcy, would allow Defendants to ignore this Court's standing order that jurisdiction and venue are proper in the Southern District of California and would amount to forum shopping. Defendants' prior behavior only evidences this argument. First they attempted to transfer venue via prior motion, and failed. They then took the tactic of delaying hearings in the present matter while filing bankruptcy and adversarial proceedings in the Southern District of Texas. This represents a clear pattern of disregard for the present case and this Court's prior rulings. Without some affirmative showing that these Texas Bankruptcies have merit, Plaintiff's case against multiple Defendants should not be transferred simply because a single entity filed for bankruptcy long after the California matter was filed.

**B.   Even if *Pacor* applies, the Defendants have not met their burden to show that the interests of justice requires a transfer.**

The court has broad discretion in determining a motion for transfer under 28 USC 1412. *Tapia c. Davol, Inc.*, (S.D. Cal. 2016) 562 B.R. 765, 769. The court

---

[1] Plaintiff's Motion to Dismiss or Convert Title Rover's Chapter 11 bankruptcy would have already been filed but for the current severe weather in Houston. It will be filed as soon as regular services are restored and local counsel can access his office.

must consider each transfer on a case by case basis. *Id.* In considering the interests of justice, the court should consider the following 1) the economics of estate administration 2) the presumption in favor of the "home court," 3) judicial efficiency, 4) the ability to receive a fair trial, 5) the state's interest in having local controversies decided within its borders by those familiar with its laws 6) the enforceability of the judgment and 7) the plaintiff's original choice of forum. *Id.* The most important consideration is whether the transfer would promote the economic and efficient administration of the estate. *Id.* Each of these factors is either neutral or supports denying the transfer.

     *I.    The economics and efficient administration of the estate*

In the *Tapia* case, this factor was largely determined by the fact that the Trustee had sole and exclusive right to pursue the claim. Thus, transferring the case to the bankruptcy court would save on litigation and administrative costs by consolidating the bankruptcy and adversary claims into the bankruptcy court. *Tapia supra* at 769; *See also In re DRI Companies,* (C.D. Cal 2016) 552 B.R. 195, 197 (Finding that the related claim being in bankruptcy court promotes economic and efficient administration by allowing the Trustee to handle the bankruptcy and receivership estate.)

The current case is very distinct from the situation in *Tapia* and *DRI Companies*. First, Defendants did not request a transfer to the Bankruptcy court, but the Southern District Court. The transfer will still be in two different courts. Further, there are multiple parties, with multiple claims, most of which are independent of the Bankruptcy. Because of this, there can be no consolidation as in *Tapia* or *DRI Companies*. Transferring the case to the Southern District would be just as time consuming and complicated as it is if the case is not transferred.

In addition, Title Rover is the only named Defendant currently in Bankruptcy. As of the filing of the bankruptcy, they are immediately protected by the automatic stay. Thus, the most economical decision for Title Rover's estate is

to simply allow the Automatic Stay to remain in effect until the Trustee can make a proper determination as to the nature and value of these proceedings. They have refused to do this however, instead opting to file motions to transfer and adversarial proceedings. These actions are not indicative of an estate trying to carefully preserve its financial resources. Instead, it would appear that the bankruptcy proceedings are an attempt to work around the prior venue ruling, through the bankruptcy of one party.

II.    Presumption of the "Home Court" vs. Plaintiff's Choice of Forum.

In both *Tapia* and *DRI Companies*, the "Home Court" was the bankruptcy court. Defendants have not requested a transfer to the bankruptcy court, but to the District Court. Thus, they do not gain any favor from a presumption in favor of their "home court." However, and as previously noted in this Court's Order, the "Plaintiff's selection of Forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, (1947) 330 U.S. 501, 508. Between the two venue selections factors, Plaintiff's interests are more compelling.

III.    Judicial Efficiency, a fair trial, the state's interest, and enforceability of the judgment

As stated above, Judicial efficiency is not aided by a transfer as Defendants request. The only effect of a transfer is to have the same parties, litigate the same claims, in a different court. If anything, it would be more efficient to not transfer this case, as this Court has already considered matters related to jurisdiction and venue, and issued a ruling on the same.  As to the fair trial factor, this is neutral, as either court would be more than capable of providing a fair trial.

This claim stems from an alleged fraud that took place in California, when Texas residents traveled into the jurisdiction for the sole purpose of making misrepresentations to defraud California residents. Thus, this court has a great interest in this case insofar as protecting its citizens from purported fraud from foreign schemes. Finally, as Defendant has noted, this case has parties residing in a

7

variety of states. Any judgment in one state would face hurdles in applying in other states. A transfer will not affect this. For all of these reasons, even if the *Pacor* test is applied, Defendants have not shown that the interests of justice require a transfer.

   IV.  *The Outcome of this case will have little to no bearing on Title Rover's Financial state.*

   Defendants claim that the outcome of this case, particularly any finding of Regarding Title Rover's programs, would negatively impact the value of the software which is Title Rover's sole asset. Defendants' argument is functionally stating that absent the diagnosis, there is no illness. The efficiency or effectiveness of such software has already been determined by the software itself. The program is what it is, whether this Court or the Bankruptcy Court makes a clearly articulated finding. Thus any impact this case could have on Title Rover's assets is attenuated at best. Further, Defendants' wish to avoid having their software examined, which would show it to be a sham and of no value, because it would hinder their ability to market and sell it as if it actually had value. This ridiculous argument amounts to Defendants asking the Court to be complicit with their continuing fraud. Accordingly, Defendants have failed to show how this case would affect Title Rover's bankruptcy.

**C.**  **The Defendants have not met their burden to show that convenience of the parties requires a transfer.**

   The Court may also consider the convenience of the parties when determining whether or not to transfer a case under 28 USC 1412. *DRI Companies supra*. at 197. This requires consideration of 1) location of the plaintiff and defendant 2) ease of access to necessary proof 3) convenience of witnesses 4) availability of subpoena power to the unwilling witnesses and 5) expenses related to obtaining witnesses. *Id.*

   As Defendant has pointed out, the present matter involves multiple parties

8

located in multiple states. An argument could be made that any state is more convenient for some parties, while not inconvenient for another. Plaintiff's principal most closely connected to this matter resides in California, and the acts themselves took place here in California under Defendants' possibly false pretenses of coming to California. As the case stands here, this will involve discovery, witnesses and parties inconveniently located in Texas and Tennessee. If the case were transferred to Texas, then the case would involve discovery, witnesses, and parties inconveniently located in California and Tennessee. Logistically there simply is no difference. This is made much simpler by all Defendants being represented by the same attorney. Further, the Plaintiff should not bear the inconvenience as it was the victim in this matter. The Defendants should have considered the inconvenience of defending a lawsuit in California before they decided to fly out to that jurisdiction and defraud the Plaintiff. Thus, the convenience of the parties is in no way hindered by the case remaining here in California.

**D.**   **The Defendants have not met their burden to show that the matter should be transferred to Texas Under 28 USC 1404(a).**

This Court has already considered and denied Defendants' prior motion to transfer under 28 USC 1404(a). Defendants' second Motion to Transfer is unduly burdensome on the Plaintiff as it unnecessarily causes it to incur additional attorney fees for a baseless motion. Courts have recognized the problem of repeated Motions to Transfer and have granted sanctions in some matters. See, e.g., Hapaniewski v. City of Chicago Heights, 883 F.2d 576, 580-81 (7th Cir. 1989), cert. denied, 110 S.Ct. 1116 (1990) (repeated efforts to convince court to transfer suit pursuant to § 1406 justified sanctions); Naylor v. Lee's Summit Reorganized School Dist. R-7, 703 F.Supp. 803, 820 (W.D. Mo. 1989) (sanctions justified when plaintiffs filed a second transfer motion, identical to a motion denied "only days before"), rev'd on other grounds, Jenkins v. Missouri 904 F.2d 415 (8th Cir. 1990).

1   28 USC 1404(a) allows for a transfer based on convenience of parties or in
2   the interests of justice. Hopewell's bankruptcy has no bearing on this, as they are
3   not a party to this case. Title Rover's bankruptcy has no bearing on this, as they
4   can be protected and dismissed through the automatic stay. The only alteration that
5   either bankruptcy has had on these proceedings is a pretext for Defendants to have
6   a second attempt at transferring venue.

7   Insofar as the Court entertains this second attempt to transfer venue pursuant
8   to 28 USC 1404(a), the court again has broad discretion, and should consider each
9   case on its own merits. *Jones v. GNC Franchising, Inc.,* (9th Cir. 2000), 211 F.3d
10  495, 498-499. As to the convenience of the parties, the court should consider
11  several factors: 1) the location where the relevant agreements were negotiated and
12  executed, 2) the state that is most familiar with the governing law, 3) the plaintiff's
13  choice of forum, 4) the respective parties' contacts with the forum, 5) the contacts
14  relating to the plaintiff's cause of action in the chosen forum, 6) the differences in
15  the costs of litigation in the two forums, 7) the availability of compulsory process
16  to compel attendance of unwilling non-party witnesses, and 8) the ease of access to
17  source of proof. As stated above, the Plaintiff's choice of forum should rarely be
18  disturbed. *Gulf Oil Corp. supra* at 508.

19  Under this transfer scheme, the factors weigh more heavily in favor of
20  Plaintiff, and retaining the current venue. The purported fraud occurred in
21  California and Plaintiff selected this forum, through the liberal selection
22  contemplated by the securities law at issue. *See Securities Investor Protection*
23  *Corp. v. Vigman,* (9th Cir. 1985) 764 F.2d 1309, 1317. This provides that
24  Defendants' contacts with the forum do not have to be significant. *Id.* The other
25  factors are neutral when considering the current forum and a transfer to the
26  Southern District of Texas, as already elaborated upon.

27  However, the interests of justice are highly in favor of denying the transfer.
28  This court has already ruled on the venue matter, preserving Plaintiff's forum

selection. Defendants have had their chance to move for a change of venue, and having one of seven defendants declare bankruptcy should not interfere with the current course of litigation. Title Rover's interests can, and are, adequately protected via the bankruptcy. The current motion is more indicative of the Defendants attempting to work around the court's order, rather than a legitimate interest in having the case transferred to the Southern District of Texas.

**E.**    **Defendants have waived their right to venue motions through their conduct.**

The right to object to improper venue may be waived when there is no timely objection. *Libby, McNeill, and Libby v. City Nat Bank*, (9th Cir. 1978) 592 F.2d 504, 510. Their conduct and lack of objections have effectively waived any challenges to venue. Defendants previously attempted to transfer venue, and failed. Had they objections to that ruling, they had plenty of time to object. Further, they have had numerous continuances of hearings, but only now requested another transfer. Any time during those continuances they could have objected to improper venue, but refrained from doing so to set up their Texas claims.

Further, the right may be waived if the Defendants "by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing" *American Patriot Ins. Agency, Inc. v. Mutual Rish Management, Ltd.* (7th Cir. 2004) 364 F.3d 884, 887-888. If this is the case then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff block the challenge to venue" *Id.* Plaintiff by this motion asserts that the principles of waiver and estoppel apply in this instance, as Defendants had no objection to the prior venue motion against them, and have held themselves out to need continuances in the current case, and not for setting up their Texas cases.

11

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

1

## V.    CONCLUSION

2  The Court has already ruled on the venue issue by finding that venue is

3  proper in the Southern District of California. Insofar as Title Rover or Hopewell's

4  bankruptcy has altered the matter, such considerations should be isolated to their

5  role in this case. Either way, Defendants have not provided sufficient reasons to

6  transfer the case for convenience of the parties or in the interests of justice under

7  either statutory scheme. Therefore, the Court should deny the motion in its entirety.

8  Should Title Rover's bankruptcy be a concern at all, they are protected by the

9  automatic stay, and should be dismissed from this case if the stay is insufficient.

10  However, should the Court give credence to Defendants' argument, Plaintiff

11  requests that a decision on the transfer by stayed until the Bankruptcy Court can

12  decide on Plaintiff's Motion to Dismiss or Convert.[2]

13

14  DATED: August 28, 2017            PANAKOS LAW, APC

15

16                                        By: /s/Aaron D. Sadock
                                          Aaron D. Sadock Esq. Attorney for Plaintiff
17                                        ENSOURCE INVESTMENTS LLC

18

19

20

21

22

23

24

25

26

27  [2] Again, Plaintiff wishes to inform the Court that the filing of the Motion to Dismiss or Convert has been delayed due to Hurricane Harvey striking Houston, where Mr. Alan Gerger,
28  Plaintiff's representation in the Bankruptcy matter, is located.