UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-00079-H-JMA<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 OR 28 U.S.C. § 1412**<br><br>[Doc. No. 29] |

On January 13, 2017, Plaintiff EnSource Investments LLC filed a complaint against Defendants Thomas P. Tatham, Mark A. Willis, and five limited liability companies controlled by Tatham and Willis.[1] (Doc. No. 1.) The First Claim is against Tatham and Willis only for violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. The Second Claim is against all Defendants for conversion.

On February 9, 2017, Defendants filed a motion to dismiss, or in the alternative, to transfer venue to the Southern District of Texas. (Doc. No. 8.) On March 10, 2017, the Court denied the motion to dismiss and declined to transfer venue. (Doc. No. 15.) After the

---

[1] The limited liability companies are: PDP Management Group LLC, Title Rover LLC, Beyond Review LLC, Imagine Engine LLC, and Willis Group LLC.

Court ruled on Defendants' motion, one of the Defendant LLCs and a non-Defendant related entity filed petitions for Chapter 11 bankruptcy in the Southern District of Texas. (Doc. No. 29 at 5, ¶ 5.)

On August 14, 2017, Defendants filed a new motion to transfer venue to the Southern District of Texas on the grounds that the bankruptcy petitions make transfer appropriate under 28 U.S.C. §§ 1404 and 1412. (Doc. No. 29.) Plaintiff filed an opposition to the new motion to transfer venue on August 28, 2017. (Doc. No. 30.) Defendants elected not to file a reply. On September 5, 2017, pursuant to its discretion under Local Rule 7.1(d)(1), the Court determined that the motion was fit for resolution without oral argument and submitted the motion on the parties' papers. (Doc. No. 31.) For the reasons below, the Court now denies the new motion to transfer venue.

## **Background**

This action arises out of a securities transaction by which Plaintiff invested in an entity called the Hopewell – Pilot Project, LLC ("Hopewell"). (Doc. No. 1 at 2, ¶¶ 1-3.) Hopewell was created to deploy title searching technology in order to quickly find viable oil and gas opportunities. (Doc. No. 1 at 12, ¶¶ 35-38; Id. at 18, Ex. A_002.) Defendants Tatham and Willis are managers of Hopewell. (Doc. No. 1 at 4, ¶¶ 9-10.) Tatham and Willis have submitted declarations stating that they traveled to California in August, 2016 and had conversations about Hopewell. (Doc. Nos. 8-3 at 4, ¶ 8; 8-4 at 4, ¶ 8; 8-1 at 6, ¶ 6.) Plaintiff states that Tatham and Willis were in California to pitch the Hopewell project. (Doc. No. 13 at 6.) Plaintiff also states that EnSource, the Plaintiff LLC in this action, was formed based on the representations made during the initial meetings with Tatham and Willis. (Id.) EnSource was formed later in the same month that Tatham and Willis travelled to California. (Doc. No. 8-5.)

## Discussion

I.  **Legal Standards**

   A.  **28 U.S.C. § 1404(a)**

A district court may transfer an action to a different venue under 28 U.S.C. § 1404(a). Section 1404(a) permits a court to transfer an action "[f]or the convenience of parties and witnesses" and "in the interest of justice," so long as the action could have been filed in the transferee district in the first instance. 28 U.S.C. § 1404(a). The district court must "adjudicate motions for transfer [of venue] according to an individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted)).

In deciding a motion to transfer venue, courts typically weigh a number of public and private factors, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498-99.

The burden is generally on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice. See, e.g., Commodity Futures Trading Comm., 611 F.2d at 279. A plaintiff's choice of venue is generally accorded deference. See, e.g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

## B. 28 U.S.C. § 1412

"A district court may transfer a case or proceeding under title 11 [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Once a bankruptcy case is transferred under Section 1412, the transferee district court refers the case to the bankruptcy judges for that district. In re Gugliuzza, 852 F.3d 884, 890 (9th Cir. 2017) (quoting In re Lazar, 200 B.R. 358, 367 (Bankr. C.D. Cal. 1996) ("[A]ll districts have adopted 'a general order of reference to send all bankruptcy cases to the bankruptcy judges for the district[.]'").

Similarly to the general federal transfer statute, "[t]he § 1412 statutory standards for transferring a bankruptcy case invoke the 'interest of justice' and 'convenience of the parties.'" In re Donald, 328 B.R. 192, 204 (B.A.P. 9th Cir. 2005). To consider the interests of justice and the convenience of the parties, a court's analysis is "inherently factual and necessarily entails the exercise of discretion based on the totality of the circumstances." Id.; accord TIG Ins. Co. v. Smolker, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001) ("Adjudication of a request for a transfer of venue under Section 1412 requires a case-by-case analysis that is subject to the broad discretion of the court."). Courts consider the following non-exclusive list of factors in analyzing the totality of the circumstances: "(1) proximity of creditors to Court; (2) proximity of debtor to Court; (3) proximity of witnesses necessary to administration of estate; (4) location of assets; (5) economic and efficient administration of [the] case; [and] (6) need for further administration if liquidation ensues." In re Donald, 328 B.R. at 204 (citations omitted). The party seeking to transfer venue has the burden of showing by a preponderance of the evidence that transfer is warranted. Smolker, 264 B.R. at 668.

## II. Analysis

### A. 28 U.S.C. § 1404(a)

The Court has discretion to transfer venue pursuant to 28 U.S.C. § 1404(a). The burden is generally on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice. See, e.g., Commodity

4

3:17-cv-00079-H-JMA

Futures Trading Comm., 611 F.2d at 279. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp., 330 U.S. at 508.

Defendants have already asked this Court to transfer venue once. (See Doc. No. 8-1 at 11, ¶ 28.) In their previous motion, Defendants provided a mere two sentences of argument, stating that venue would be more convenient in the Southern District of Texas. (Id. at 12, ¶ 33.) Now that non-party Hopewell and a single Defendant LLC have filed petitions for bankruptcy, Defendants seek to re-argue for a transfer of venue. Thus, Defendants' new Section 1404(a) argument is effectively a motion to reconsider the Court's previous order based on new facts—the petitions for bankruptcy.

As recited earlier, courts consider the following factors in deciding whether to transfer venue: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones, 211 F.3d at 498-99. The bankruptcy petitions do not significantly bear on any of these factors, and therefore the Court will not disturb its earlier order denying Defendants' transfer motion.[2] The bankruptcies are separate matters from this case, and they do not affect the burden of litigating this case in any particular venue. Accordingly, the Court denies the motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

---

[2] In their new motion, Defendants provide a number of arguments that are unrelated to the potential bankruptcies. (Doc. No. 29 at 13-15, ¶¶ 43-52.) But the bankruptcies are the only new facts that have arisen since the Court's prior order. The Court declines to reconsider arguments that were rejected in its prior order. See Local Rule 7.1(i)(1) (requiring parties to set forth in a motion for reconsideration "what new or different facts and circumstances are claimed to exist which did not exist" in the "prior application" (emphasis added)); see also Local Rule 7.1(i)(2) ("Except as may be allowed under . . . the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the . . . order . . . sought to be reconsidered.").

### B. 28 U.S.C. § 1412

The Court also has discretion to transfer venue pursuant to 28 U.S.C. § 1412. Pursuant to Section 1412, a "district court may transfer a case or proceeding under title 11 [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Section 1412 is typically used to transfer a case to another district so that the case may be referred to that district's bankruptcy court. See, e.g., Jackson v. Fenway Partners, LLC, No. C 13-00005 JSW, 2013 WL 2147232, at *1 (N.D. Cal. May 15, 2013); Mendoza v. Gen. Motors, LLC, No. CV 10-2683 AHM VBKX, 2010 WL 5224136, at *1 (C.D. Cal. Dec. 15, 2010).

While Section 1412 expressly applies to cases "under" the Bankruptcy Code, Defendants argue that the section also applies to cases that are "related to" bankruptcy cases. (Doc. No. 29 at 8.) In support of their argument, Defendants cite In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) and Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984). (Doc. No. 29 at 8, ¶ 20.) These cases explain how a case may be related to a bankruptcy case. But Fietz and Pacor do not address Section 1412. Instead, they address 28 U.S.C. § 1334(b) (formerly 28 U.S.C. § 1471(b)). Section 1334(b) is not a venue provision—it provides for the original jurisdiction of the district courts in bankruptcy cases. Section 1334(b) states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Thus, Section 1334(b) differs from Section 1412 in two important ways. First, the two provisions address different issues—jurisdiction versus venue. Second, Section 1334(b) expressly applies to actions "related to" bankruptcy cases, but Section 1412 does not contain the words "related to."[3]

---

[3] The two provisions read as follows:

"A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

"[T]the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

6

"[W]here Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Keene Corp. v. United States, 508 U.S. 200, 208 (1993) (quoting Russello v. United States, 464 U.S. 16, 23 (1983)). Here, Congress chose to use the term "related to" in conferring jurisdiction but not in establishing the grounds for transfer of venue. Defendants cite no binding precedent directing the Court to ignore the language used by Congress. Accordingly, the Court denies the motion to transfer based on the argument that this case is now related to a bankruptcy action.

Even if Section 1412 did provide for transfers of matters related to a bankruptcy case, the Court would nevertheless exercise its discretion to decline the instant transfer motion. Requests for transfer pursuant to Section 1412 are "subject to the broad discretion of the court." Smolker, 264 B.R. at 668. A single Defendant LLC—out of seven total Defendants—has filed a petition for bankruptcy. (Doc. No. 28.) That LLC is a defendant in only one of the causes of action at issue in this case. Plaintiff asserts that the LLC has no income. (Doc. No. 30 at 8.) Plaintiff also asserts that Plaintiff will file a motion to dismiss or convert the LLC's petition for bankruptcy. (Doc. No. 30 at 5.) If the bankruptcy is dismissed, the case would not be referred to the bankruptcy court. Indeed, even if the bankruptcy is not dismissed, it may not be appropriate to refer this case to the bankruptcy court given that only one Defendant LLC has filed a petition under Chapter 11. It would be premature to violate Plaintiff's choice of forum given that the case may never be appropriate for referral to the bankruptcy court. Furthermore, actions against the purportedly bankrupt LLC are stayed pursuant to 11 U.S.C. § 362(a). Thus, the assets of the LLC will be protected while this case proceeds.

### **Conclusion**

For the foregoing reasons, the Court denies the motion to transfer venue.

**IT IS SO ORDERED.**

DATED: September 7, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT