SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation
Shannon D. Sweeney, SBN 204868
Sweeney@sullivanhill.com
Priyanka Talukdar, SBN 292556
Talukdar@sulivanhill.com
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100 / Fax Number: (619) 231-4372

Electronically Filed: 02/02/2018

Attorneys for Defendants:
MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and WILLIS GROUP, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>　　　　Defendants. | CASE NO. 17CV0079 H JMA<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MARK A. WILLIS, BEYOND REVIEW, LLC, IMAGE ENGINE, LLC, WILLIS GROUP, LLC'S MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER**<br><br>Date:　　March 5, 2018<br>Time:　　10:30 a.m.<br>Dept:　　C-15A<br>Judge:　　Hon. Marilyn L. Huff<br>　　　　　　Hon. Jan M. Adler |

## I.　INTRODUCTION

Defendants Mark A. Willis, Beyond Review, LLC, Image Engine, LLC, and Willis Group, LLC (collectively, the "Willis Defendants") hereby move the Court for an Order granting leave to file a First Amended Answer to the Complaint. The Willis Defendants substituted their counsel of record in October 2017. The Willis

Defendants' new counsel determined that that their original Answer is deficient because it does not include affirmative defenses that are available to the Willis Defendants in this action. Through the First Amended Answer, the Willis Defendants want to add affirmative defenses and amend their responses to some of the allegations in the Complaint. The amended answer will more fully and accurately set forth the defense of the Willis Defendants and granting the motion will be in furtherance of justice. Accordingly, the Willis Defendants request this Court for an Order granting leave to file a First Amended Answer.

## II. STATEMENT OF RELEVANT FACTS

- On January 13, 2017, Ensource Investments LLC ("Ensource") initiated this suit by filing a Complaint for Compensatory Damages.
- On April 14, 2017, the Willis Defendants, through their previous counsel of record, filed an Answer. The Answer did not include any Affirmative Defenses.
- On October 18, 2017, this Court granted the Willis Defendants' motion to substitute Shannon D. Sweeney, of Sullivan Hill Lewin Rez & Engel APLC, as counsel of record, in place of their prior counsel of record.
- On December 15, 2017, the Honorable Magistrate Judge Jan M. Adler issued a Scheduling Order which set the deadline for filing any motion to amend the pleadings to March 5, 2018. With this motion, the Willis Defendants timely seek leave to amend.
- Counsel for the Willis Defendants asked Plaintiff to stipulate to such amendment twice- once in October 2017 and once during the 26(f) conference on November 30, 2017. In both instances, Plaintiff refused to stipulate. See Declaration of Shannon D. Sweeney ("Sweeney Decl."), ¶ 6
- The Willis Defendants, through this proposed amendment, seek to add affirmative defenses, not pled in the original Answer, but available to them in this action. The Willis Defendants also seek to amend some of their admissions

393636-v1

and denials in the original Answer to the Complaint. See ¶¶ 3, 4, 5 and Exhibits A ( First Amended Answer) and B ( redline of the changes made to the original Answer by the First Amended Answer) to the Sweeny Decl.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a court should freely give leave to file an amended pleading when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). This policy is to be applied with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment" to determine whether to allow an amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227(1962). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### IV. ARGUMENT

The Willis Defendants seek to file a First Amended Answer to add affirmative defenses and make necessary corrections to their admissions and denials. Plaintiff's counsel has refused to stipulate to such amendment. *See* Sweeney Decl., ¶6.

Ensource will not be prejudiced by the proposed amendment. The parties have not engaged in any substantial discovery in this case. "The need to undertake additional discovery cannot be classified as prejudice so long as ample time remains", as it does in this case. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 960 (9th Cir. 2006). Moreover, the proposed amendment only seeks to add new legal defenses and not factual allegations.

Further, the proposed amendment is not unjust because of undue delay, bad faith, or futility of the amendment. *Foman*, 371 U.S. at 182. In this case, the Magistrate Judge issued a Scheduling Order permitting the parties to move to amend the pleadings by no later than March 5, 2018. Nor are the Willis Defendants acting in bad faith. The Willis Defendants were not aware of the affirmative defenses available to them when they first filed their Answer. Now they are. "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) (internal citations omitted). The Willis Defendants' failure to plead affirmative defenses in its Answer falls squarely within this liberal standard.

Finally, the proposed amendment is not futile. The affirmative defenses, if established, will dismiss the Plaintiff's claims against the Willis Defendants.

Accordingly, the Court should grant the Willis Defendants leave to amend their Answer to add affirmative defenses and make the minor corrections. Moreover, the Court set a deadline for motions to amend, which this Motion meets.

## V. CONCLUSION

For the forgoing reasons, the Court should grant the Willis Defendants' Motion for Leave to file a First Amended Answer to Ensource's Complaint.

Dated: February 2, 2018

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By: /s/ Shannon D. Sweeney
Shannon D. Sweeney
Attorneys for Defendants:
MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC: and WILLIS GROUP. LLC

4

393636-v1