SULLIVAN HILL LEWIN REZ & ENGEL          **Electronically Filed: 02/02/2018**
A Professional Law Corporation
Shannon D. Sweeney, SBN 204868
Sweeney@sullivanhill.com
Priyanka Talukdar, SBN 292556
Talukdar@sulivanhill.com
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:  (619) 233-4100 / Fax Number: (619) 231-4372

Attorneys for Defendants:
MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and
WILLIS GROUP, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>　　　　　　Defendants. | CASE NO. 17CV0079 H JMA<br><br>**DECLARATION OF SHANNON D. SWEENEY IN SUPPORT OF DEFENDANTS MARK A. WILLIS, BEYOND REVIEW, LLC, IMAGE ENGINE, LLC, WILLIS GROUP, LLC'S MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER**<br><br>Date:　　March 5, 2018<br>Time:　　10:30 a.m.<br>Dept:　　C-15A<br>Judge:　　Hon. Marilyn L. Huff<br>　　　　　Hon. Jan M. Adler |

I, Shannon D. Sweeney, hereby declare:

1.　　I have personal knowledge of the following facts; am over the age of 18; and am competent to testify.

2.　　I am a member in good standing of the California State Bar and am duly licensed to practice law in all federal and state courts of the State of California.  I am

an attorney in the law firm of SULLIVAN HILL LEWIN REZ & ENGEL, APLC ("Sullivan Hill"), the attorneys of record for Defendants Mark A. Willis, Beyond Review, LLC,  Image Engine, LLC, Willis Group, LLC (collectively, the "Willis Defendants") in the above-referenced action.

3.      The Willis Defendants seek to add affirmative defenses and amend some of their admissions and denials through their First Amended Answer.

4.      Attached hereto as Exhibit A is a true and correct copy of the proposed First Amended Answer.

5.      Attached hereto as Exhibit B is a redline of the changes made to the original Answer by the First Amended Answer.

6.      I asked Plaintiff's counsel, via telephone calls, to stipulate to the proposed amendment twice - once in late October, 2017, and once during the 26(f) conference on November 30, 2017.   In both instances, my requests were politely denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ , day of February, 2018 at San Diego, California.

Shannon D. Sweeney

2

**EXHIBIT A**

SULLIVAN HILL LEWIN REZ & ENGEL          **Electronically Filed:**
A Professional Law Corporation
Shannon D. Sweeney, SBN 204868
Sweeney@sullivanhill.com
Priyanka Talukdar, SBN 292556
talukdar@sullivanhill.com
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:  (619) 233-4100 / Fax Number: (619) 231-4372

Attorneys for Defendants:
MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and
WILLIS GROUP, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company, | CASE NO. 17CV0079 H JMA |
| Plaintiff, | **FIRST AMENDED ANSWER TO COMPLAINT** |
| v. | |
| THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50, | |
| Defendants. | |

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Defendants MARK A. WILLIS ("Willis"), an individual; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company, (each an "Answering Defendant", and collectively, " Answering Defendants"), files this First Amended Answer to Plaintiff, EnSource Investments LLC's original complaint.

## I.     INTRODUCTION

1.     The allegations contained in Paragraph 1 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

2.     The allegations contained in Paragraph 2 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  Answering Defendant Willis admits that he presented an investment opportunity to Plaintiff in exchange for an interest in the Securities.  Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     The allegations contained in Paragraph 3 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

4.     The allegations contained in Paragraph 4 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

## II.     JURISDICTION AND VENUE

5.     Answering Defendants admit that Plaintiff purports to bring this lawsuit under the statutes referred to in Paragraph 5 of the Complaint.  Except as expressly

admitted, Answering Defendants deny each and every allegation of Paragraph 5 of the Complaint.

6.      Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny them.

7.      Answering Defendants admit that the statutes cited govern venue. Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 7 of the Complaint.

### III.   PARTIES

8.      Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny them.

9.      The allegations contained in Paragraph 9 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

10.     The allegations contained in Paragraph 10 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations in this Paragraph relate to Answering Defendant Willis, he admits that he resides in Houston, Texas.  Answering Defendant Willis admits that he is a businessman and entrepreneur.  Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.

12.     The allegations contained in Paragraph 12 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

13.     Answering Defendant Beyond Review, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056.   Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 13 of the Complaint.

14.     Answering Defendant Imagine Engine, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056.   Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 14 of the Complaint.

15.     Answering Defendant Willis Group, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056.   Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 15 of the Complaint.

## IV.   GENERAL ALLEGATIONS

16.     The allegations contained in Paragraph 16 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendant Willis, he denies that he provided a Private Placement Memorandum to Plaintiff but admits that Plaintiff received such memorandum.   Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 16 of the Complaint.

17.     Regarding the averments in Paragraph 17, the document speaks for itself and no answer is required.

18.     Regarding the averments in Paragraph 18, the document speaks for itself and no answer is required.

19.     The allegations contained in Paragraph 19 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are

denied.

20.     The allegations contained in Paragraph 20 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

21.     The allegations contained in Paragraph 21 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

22.     The allegations contained in Paragraph 22 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

23.     The allegations contained in Paragraph 23 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.  Regarding the averments in Paragraph 23, lines19-20, the document speaks for itself and no answer is required.

24.     The allegations contained in Paragraph 24 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

25.     The allegations contained in Paragraph 25 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

26.     The allegations contained in Paragraph 26 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent

the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

27.     The allegations contained in Paragraph 27 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

28.     The allegations contained in Paragraph 28 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

29.     The allegations contained in Paragraph 29 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

30.     The allegations contained in Paragraph 30 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

31.     Regarding the averments in Paragraph 31, the document speaks for itself and no answer is required.

32.     The allegations contained in Paragraph 32 of the Complaint are denied. The document speaks for itself.

33.     The allegations contained in Paragraph 33 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

34.     The allegations contained in Paragraph 34 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent

the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

35.    The allegations contained in Paragraph 35 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

36.    The allegations contained in Paragraph 36 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

37.    The allegations contained in Paragraph 37 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

38.    The allegations contained in Paragraph 38 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

**FIRST CLAIM**

39.    Answering Defendant Willis repeats and incorporates by reference his answers to Paragraph 1 through 38 as though fully set forth herein.

40.    Answering Defendant Willis denies each and every allegation of Paragraph 40 of the Complaint.

41.    Answering Defendant Willis denies each and every allegation of Paragraph 41 of the Complaint.

42.    Answering Defendant Willis denies each and every allegation of Paragraph 42 of the Complaint.

43.    Answering Defendant Willis denies each and every allegation of

Paragraph 43 of the Complaint.

44.     Answering Defendant Willis denies each and every allegation of Paragraph 44 of the Complaint as conclusions of law.

45.     Answering Defendant Willis denies each and every allegation of Paragraph 45 of the Complaint.

46.     Answering Defendant Willis denies each and every allegation of Paragraph 46 of the Complaint as conclusions of law.

**SECOND CLAIM**

47.     Answering Defendants repeat and incorporate by reference its answers to Paragraph 1 through 46 as though fully set forth herein.

48.     Answering Defendants deny each and every allegation of Paragraph 48 of the Complaint.

49.     Answering Defendants do not have sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint and therefore deny the same.

50.     Answering Defendants deny each and every allegation of Paragraph 50 of the Complaint.

**JURY REQUEST**

51.     This Paragraph needs no admission or denial.

**V.     AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because they fail to state facts sufficient to constitute claims for relief or causes of action against the Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were the proximate result of its own conduct and decisions, and Plaintiff engaged in such conduct and made decisions knowing full well the risks involved, so as to have assumed any such risks and the likely consequences of such risks.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants assert, without admitting that it engaged in any of the acts or conduct attributed to it by the Complaint, that any of the alleged acts or conduct which the Answering Defendants may have engaged in were reasonable, justified, in good faith, privileged and/or for legitimate, non-discriminatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants at all times acted in good faith and had no knowledge or were not reckless in not knowing that any alleged statements or omissions made were false or misleading when made.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly made by the Answering Defendants were not material to the investment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff knew or, in the exercise of reasonable care, should have known of any alleged misrepresentations and an omission set forth in the Complaint and was thus negligent with respect to the purchase of its Securities. This negligence was the cause in fact and proximate cause of the alleged damages asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because no conduct attributable to Answering Defendants was the cause in fact or proximate cause of the alleged damages Plaintiff seek to recover in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any of the statements or omissions alleged in the Complaint in deciding to purchase its Securities.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to plead fraud or its predicate acts with sufficient particularity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Answering Defendants caused some or all of Plaintiff's alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate its damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants lacked the scienter required for liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by own unclean hands, fraud, and wrongful conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel and/or waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants were not involved in the alleged conversion.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to add an indispensable party.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their own breach of contract.

## NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether, as yet unknown, affirmative defenses exist, so it reserves the right to assert additional affirmative defenses in the event further discovery indicates it would be appropriate.

### V.    PRAYER

**WHEREFORE**, Answering Defendants pray for judgment as follows:

1.    That the Complaint be dismissed against the Answering Defendants with prejudice.

2.    That Plaintiff takes nothing by its action, and that Judgment be entered in favor of Answering Defendants.

3.    That the Answering Defendants be awarded any and all further relief, in law or equity, to which they are entitled.

Dated:    February 2, 2018

SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation

By: _____
    Shannon D. Sweeney
    Attorneys for Defendants:
    MARK A. WILLIS; BEYOND
    REVIEW, LLC; IMAGE ENGINE,
    LLC; and WILLIS GROUP. LLC

**EXHIBIT B**

1 | SULLIVAN HILL LEWIN REZ & ENGEL      **Electronically Filed:**
A Professional Law Corporation
2 | Shannon D. Sweeney, SBN 204868
Sweeney@sullivanhill.com
3 | Priyanka Talukdar, SBN 292556
talukdar@sullivanhill.com
4 | 550 West "C" Street, Suite 1500
San Diego, California 92101
5 | Telephone:  (619) 233-4100
/ Fax Number: (619) 231-4372
6 |
Attorneys for Defendants:
7 | MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and
WILLIS GROUP, LLC
8 |

9 |               UNITED STATES DISTRICT COURT

10 |             SOUTHERN DISTRICT OF CALIFORNIA

11 | ENSOURCE INVESTMENTS          )   CASE NO. 17CV0079 H JMA
LLC, a Delaware limited liability )
12 | company,                       )
)   **FIRST AMENDED** ANSWER TO
13 |            Plaintiff,          )   **COMPLAINT**
)
14 | v.                             )
)
15 | THOMAS P. TATHAM, an           )
individual; MARK A. WILLIS, an  )
16 | individual; PDP MANAGEMENT     )
GROUP, LLC, a Texas limited     )
17 | liability company; TITLE ROVER, )
LLC, a Texas limited liability   )
18 | company; BEYOND REVIEW,         )
LLC, a Texas limited liability   )
19 | company; IMAGE ENGINE, LLC,     )
a Texas limited liability company; )
20 | WILLIS GROUP, LLC, a Texas      )
limited liability company; and   )
21 | DOES 1-50,                     )
)
22 |            Defendants.         )
)
23 |

24 |

25 |

26 |

27 |

28 |

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Defendants ~~THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company,~~MARK A. WILLIS ("Willis"), an individual; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company, ~~("~~(each an "Answering Defendant", and collectively, " Answering  Defendants"), files this ~~original answer~~First Amended Answer to Plaintiff, EnSource Investments LLC's original complaint.

~~V. Admissions & Denials~~

~~1.     Defendants deny the allegation in ¶ 1.~~

~~2.     Defendants deny the allegation in ¶ 2.~~

~~3.     Defendants deny the allegation in ¶ 3.~~

**I.      INTRODUCTION**

1.     The allegations contained in Paragraph 1 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

2.     The allegations contained in Paragraph 2 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  Answering Defendant Willis admits that he presented an investment opportunity to Plaintiff in exchange for an interest in the Securities.  Except as expressly admitted, Answering Defendants deny the allegations in Paragraph 2 of the Complaint.

3.     The allegations contained in Paragraph 3 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

4.     The allegations contained in Paragraph 4 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

## II.     JURISDICTION AND VENUE

5.     Answering Defendants admit that Plaintiff purports to bring this lawsuit under the statutes referred to in Paragraph 5 of the Complaint.  Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 5 of the Complaint.

6.     Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny them.

7.     Answering Defendants admit that the statutes cited govern venue.  Except as expressly admitted, Answering Defendants deny the each and every allegation in Paragraph 7 of the Complaint.

## III.     PARTIES

8.     Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny them.

9.     The allegations contained in Paragraph 9 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

10.     The allegations contained in Paragraph 10 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations in this Paragraph relate to Answering Defendant Willis, he admits that he resides in Houston, Texas.  Answering Defendant Willis admits that he is a businessman and entrepreneur.  Except as expressly admitted, Answering Defendants

deny each and every allegation of Paragraph 10 of the Complaint.

    11.    The allegations contained in Paragraph 11 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.

    12.    The allegations contained in Paragraph 12 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

    4.13.    Answering Defendant Beyond Review, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056.  Except as expressly admitted, Answering Defendants deny each and every allegation in ¶ 4Paragraph 13 of the Complaint.

    5.    Defendants deny the allegation in ¶ 5.

    6.    Defendants deny the allegation in ¶ 6.

    7.    Defendants deny the allegation in ¶ 7.

    8.    Defendants deny the allegation in ¶ 8.

    9.    Defendants admit the allegation in ¶ 9 line 1.  Defendants deny the allegations remaining in ¶ 9.

    10.    Defendants admit the allegation in ¶ 10 line 1.  Defendants deny the allegations remaining in ¶ 10.

    14.    Defendants admit the allegation in ¶ 11 line 1. Answering Defendant Imagine Engine, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056.  Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 14 of the Complaint.

    15.    Answering Defendant Willis Group, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056.  Except as expressly admitted, Answering

Defendants deny each and every allegation in Paragraph 15 of the Complaint.

## IV.   GENERAL ALLEGATIONS

16.     The allegations contained in Paragraph 16 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendant Willis, he denies that he provided a Private Placement Memorandum to Plaintiff but admits that Plaintiff received such memorandum.   Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 16 of the Complaint.

17.     Regarding the averments in Paragraph 17, the document speaks for itself and no answer is required.

18.     Regarding the averments in Paragraph 18, the document speaks for itself and no answer is required.

19.     The allegations contained in Paragraph 19 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

20.     The allegations contained in Paragraph 20 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

21.     The allegations contained in Paragraph 21 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

22.     The allegations contained in Paragraph 22 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

23.     The allegations contained in Paragraph 23 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.  Regarding the averments in Paragraph 23, lines19-20, the document speaks for itself and no answer is required.

24.     The allegations contained in Paragraph 24 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

25.     The allegations contained in Paragraph 25 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

26.     The allegations contained in Paragraph 26 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

27.     The allegations contained in Paragraph 27 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

28.     The allegations contained in Paragraph 28 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

29.     The allegations contained in Paragraph 29 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are

denied.

30.    The allegations contained in Paragraph 30 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

31.    Regarding the averments in Paragraph 31, the document speaks for itself and no answer is required.

32.    The allegations contained in Paragraph 32 of the Complaint are denied. The document speaks for itself.

33.    The allegations contained in Paragraph 33 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

34.    The allegations contained in Paragraph 34 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

35.    The allegations contained in Paragraph 35 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

36.    The allegations contained in Paragraph 36 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

37.    The allegations contained in Paragraph 37 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are

denied.

38.     The allegations contained in Paragraph 38 of the Complaint relate to a defendant other than Answering Defendants and no answer is required.  To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

## FIRST CLAIM

39.     Answering Defendant Willis repeats and incorporates by reference his answers to Paragraph 1 through 38 as though fully set forth herein.

40.     Answering Defendant Willis denies each and every allegation of Paragraph 40 of the Complaint.

41.     Answering Defendant Willis denies each and every allegation of Paragraph 41 of the Complaint.

42.     Answering Defendant Willis denies each and every allegation of Paragraph 42 of the Complaint.

43.     Answering Defendant Willis denies each and every allegation of Paragraph 43 of the Complaint.

44.     Answering Defendant Willis denies each and every allegation of Paragraph 44 of the Complaint as conclusions of law.

45.     Answering Defendant Willis denies each and every allegation of Paragraph 45 of the Complaint.

46.     Answering Defendant Willis denies each and every allegation of Paragraph 46 of the Complaint as conclusions of law.

## SECOND CLAIM

47.     Answering Defendants repeat and incorporate by reference its answers to Paragraph 1 through 46 as though fully set forth herein.

11.48.     Answering Defendants deny the allegations remaining in ¶ 11each and every allegation of Paragraph 48 of the Complaint.

12.     Answering Defendants admitdo not have sufficient knowledge or

8

1  information to form a belief as to the allegation in ¶ 12 line 1.  Defendants deny the
2  truth or falsity of the allegations remaining in ¶12.

3      49.    Defendants admitParagraph 49 of the allegation in ¶ 13 line 1.Complaint
4  and therefore deny the same.

5      13.    Answering Defendants deny the allegations remaining in ¶ 13.

6      14.    Defendants admit the allegation in ¶ 14 lines 1 and 2.  Defendants deny
7  the allegations remaining in ¶ 14.

8      15.    Defendants admit the allegation in ¶ 15 lines 1 and 2. Defendants deny
9  the allegations remaining in ¶ 15.

10     16.50.    Defendants deny theeach and every allegation in ¶ 16of Paragraph 50 of
11  the Complaint.

12     17.    Defendants admit the allegation in ¶ 17.

13     18.    Defendants deny the allegation in ¶ 18.

14     19.    Defendants deny the allegation in ¶ 19.

15     20.    Defendants deny the allegation in ¶ 20.

16     21.    Defendants deny the allegation in ¶ 21.

17     22.    Defendants deny the allegation in ¶ 22.

18     23.    Defendants partially admit the allegation in ¶ 23.

19     24.    Defendants deny the allegation in ¶ 24.

20     25.    Defendants admit the allegation in ¶ 25.

21     26.    Defendants deny the allegation in ¶ 26.

22     27.    Defendants deny the allegation in ¶ 27.

23     28.    Defendants deny the allegation in ¶ 28.

24     29.    Defendants admit the allegation in ¶ 29 line1.  Defendants in part admit
25  the allegation in line 2 but deny the defendants "pillaged" any money in ¶ 29 and deny
26  the remaining paragraph allegations.

27     30.    Defendants deny the allegation in ¶ 30.

28     31.    Defendants admit the allegation in ¶ 31.

32.    Defendants deny the allegation in ¶ 32.

33.    Defendants deny the allegation in ¶ 33.

34.    Defendants deny the allegation in ¶ 34.

35.    Defendants admit the allegation in ¶ 35.

36.    Defendants admit the allegation in ¶ 36.

37.    Defendants deny the allegation in ¶ 37.

38.    Defendants deny the allegation in ¶ 38.

39.    Defendants deny the allegation in ¶ 39.

40.    Defendants deny the allegation in ¶ 40.

41.    Defendants deny the allegation in ¶ 41.

42.    Defendants deny the allegation in ¶ 42.

43.    Defendants deny the allegation in ¶ 43.

44.    Defendants deny the allegation in ¶ 44.

45.    Defendants deny the allegation in ¶ 45.

46.    Defendants deny the allegation in ¶ 46.

47.    Defendants deny the allegation in ¶ 47.

48.    Defendants deny the allegation in ¶ 48.

49.    Defendants deny the allegation in ¶ 49.

50.    Defendants deny the allegation in ¶ 50.

51.    Defendants deny the allegations listed in the prayer, paragraphs A-C.

## VI.    Prayer

## JURY REQUEST

51.    This Paragraph needs no admission or denial.

## V.    AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they fail to state facts sufficient to constitute claims for relief or causes of action against the Answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the proximate result of its own conduct and decisions, and Plaintiff engaged in such conduct and made decisions knowing full well the risks involved, so as to have assumed any such risks and the likely consequences of such risks.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants assert, without admitting that it engaged in any of the acts or conduct attributed to it by the Complaint, that any of the alleged acts or conduct which the Answering Defendants may have engaged in were reasonable, justified, in good faith, privileged and/or for legitimate, non-discriminatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants at all times acted in good faith and had no knowledge or were not reckless in not knowing that any alleged statements or omissions made were false or misleading when made.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or other actions allegedly made by the Answering Defendants were not material to the investment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff knew or, in the exercise of reasonable care, should have known of any alleged misrepresentations and an omission set forth in the Complaint and was thus negligent with respect to the purchase of its Securities. This negligence was the cause in fact and proximate cause of the alleged damages asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because no conduct attributable to Answering Defendants was the cause in fact or proximate cause of the alleged damages Plaintiff seek to recover in this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any of the statements or omissions alleged in the Complaint in deciding to purchase its Securities.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to plead fraud or its predicate acts with sufficient particularity.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Answering Defendants caused some or all of Plaintiff's alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate its damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants lacked the scienter required for liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by own unclean hands, fraud, and wrongful conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel and/or waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants were not involved in the alleged conversion.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to add an indispensable party.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by their own breach of contract.

**NINETEENTH AFFIRMATIVE DEFENSE**

Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether, as yet unknown, affirmative defenses exist, so it reserves the right to assert additional affirmative defenses in the event further discovery indicates it would be appropriate.

**V.    PRAYER**

**WHEREFORE,** Answering Defendants pray that Plaintiff's Complaint take for judgment as follows:

1.    That the Complaint be dismissed against the Answering Defendants with prejudice.

2.    That Plaintiff takes nothing by their its action, and that Judgment be entered in favor of Answering Defendants, also requests.

3.    That the Answering Defendants be awarded any and all further relief, in law or equity, to which they are entitled.

Dated:    February 2, 2018          SULLIVAN, HILL, LEWIN, REZ & ENGEL
                                    A Professional Law Corporation

                                    By: _____
                                        Shannon D. Sweeney
                                        Attorneys for Defendants:
                                        MARK A. WILLIS; BEYOND
                                        REVIEW, LLC; IMAGE ENGINE,
                                        LLC; and WILLIS GROUP, LLC