**PANAKOS LAW, APC**
Aaron D. Sadock (SBN 282131)
555 West Beech Street, Ste. 500
San Diego, California 92101
Telephone:  (619) 800-0529
Facsimile:   (866) 365-4856
Email: asadock@panakoslaw.com

Attorney for Plaintiff ENSOURCE INVESTMENTS LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>Defendants. | Case No.: 3:17-CV-00079-H-JMA<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO SEVER CLAIMS (FED. R. CIV. P. 21)**<br><br>Date: March 19, 2018<br>Time: 10:30AM<br>District Judge: Hon. Marilyn L. Huff<br>Courtroom: 15A<br>Action filed:  January 13, 2017 |

Plaintiff ENSOURCE INVESTMENTS LLC ("Ensource") moves to sever claims from the above-captioned Complaint in accordance with Fed. R. Civ. P. 21 and hereby submits this Memorandum as follows:

## I. INTRODUCTION

Plaintiff Ensource Investments LLC seeks to sever their claims against defendant Title Rover LLC ("Title Rover") pursuant to Fed. R. Civ. P. 20 and 21. Plaintiff's claims against Title Rover are subject to the automatic stay provided by Section 362(a) of the United States Bankruptcy Code. Such severance is necessary because, as discussed in more detail below, Judge David Jones of the U.S. Bankruptcy Court in Southern District of Texas has stated that Title Rover's automatic stay applies to the entire present matter. According to Alan Gerger, Plaintiff's local counsel in Texas, Judge Jones will consider any activity to be a violation of this stay and punishable by contempt of court. Plaintiff therefore moves to sever Title Rover so that they may proceed against the other Defendants, who are not subject to the automatic stay, without running afoul of the Texas Court.

## II. PROCEDURAL BACKGROUND

This litigation arises from a scheme to defraud the Plaintiff in connection with the purchase and sale of securities of Hopewell – Pilot Project, LLC ("Hopewell"). The scheme was propagated and otherwise conducted by two main ring leaders: Defendants Thomas P. Tatham ("Tatham") and Mark A. Willis ("Willis").

Plaintiff filed the complaint in the current case on January 13, 2017. On February 9, 2017, Defendants filed a motion to dismiss the case based on a lack of jurisdiction and venue. On the same date, Hopewell filed a related case in the Southern District of Texas (the "Texas Case"). This court issued a ruling denying the Motion to Dismiss and retained the case. It thereafter set an Early Neutral Evaluation Conference on May 30, 2017.

On or about May 2, 2017, the parties requested a continuance of the Early Neutral Evaluation Conference, as Plaintiff was preparing to file pleadings in the

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO SEVER CLAIMS**

2             3:17-CV-00079-H-JMA

Texas Case to transfer venue to this Court to consolidate the related cases. The Early Neutral Evaluation Conference was converted to a phone call, and the Court schedule a Case Management Conference on August 14, 2017

Two days after the continuance, Defendant Title Rover and Hopewell both filed for bankruptcy. This effectuated an automatic stay in the Texas Case, preventing Plaintiff from moving to transfer the venue. This would also stay proceedings in this case against Title Rover, though not necessarily the other parties. On July 25, 2017 both Title Rover and Hopewell filed for adversarial proceedings in their bankruptcy cases.

On August 14, 2017, Defendants filed a motion before this Court to transfer venue to the Southern District of Texas on the grounds that Title Rover's bankruptcy make transfer appropriate under 28 U.S.C. §§ 1404 and 1412. In its September 7, 2017, order, this Court denied Defendants motion and stated that the automatic stay under 11 U.S.C. § 362(a) would protect Title Rover's assets while the case proceeded. (Doc. No. 32, p. 7 lns. 21-23.)

On October 24, 2017, at a hearing for the Texas Case, Judge Jones stated that this civil action is stayed in its entirety due to Title Rover's bankruptcy filing. (Gerger Decl. 4) Judge Jones also reminded and explained that the automatic stay is self-effectuating, and a violation thereof is punishable by contempt of court. (Id.)

### III.   LEGAL STANDARD

**THE COURT SHOULD SEVER THE CLAIMS AGAINST THE DEBTOR DEFENDANT TO AVOID FURTHER PREJUDICE TO THE PLAINTIFF**

#### A. This Court has Broad Discretion to Order Severance

The Court should exercise its discretion to sever the claims against the Debtor Defendant in order to allow Plaintiff to pursue its claims against all other defendants against whom the automatic stay does not apply.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may ... sever any claim against any party." Rule 21 grants the Court broad discretion in determining whether to grant or deny a motion for severance. *Smith v. Lightning Bolt Prod., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988); *United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) (Under Rule 21 the district court has discretion to sever an action if it is misjoined or might otherwise cause delay) (citing *Mosely v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)).

The application of Rule 21 "involves consideration of convenience and fairness." *SEC v. Leslie*, No. C 7-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). The court also "presupposes the basic conditions of separability in law and logic" and will consider the following factors in making this determination:

(1) whether the claims arise out of the same transaction or occurrence;

(2) whether the claims present some common questions of law or fact;

(3) whether settlement of the claims or judicial economy would be facilitated;

(4) whether prejudice would be avoided if severance were granted; and

(5) whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrupp Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154-56 (S.D.N.Y., 2003). "[G]ran[ting] severance requires the presence of only one of these [five factors]." *Corporan v. City of Binghamton* No. 05-cv-1340, 2006 WL 2970495, at *3 (N.D.N.Y. Oct. 16, 2006).

Severance under Rule 21 creates two separate actions or suits where previously there was but one. Granting a motion for severance under Rule 21 results in two entirely independent actions with separate docket numbers and separate judgments. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir.

1993).

Even where claims are based on the same transaction or occurrence and involve common legal and factual questions, the court still may sever claims to avoid prejudice. *Green Meadows Partners LLP v. Tomkinson*, No. 06-cv-91CJC-RNB, 2006 WL 6885989, at *1 (C.D. Cal. June 6, 2006) (Carney, J.) (citing Fed. R. Civ. P. 20(b); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). Severance is proper to avoid prejudice and delay. Id. This is especially the case here because denial of the motion to sever forces the Plaintiff to either delay the matter or to risk contempt before the Texas Bankruptcy Court.

**B. Rule 21 Allows Courts to Sever Claims Against Debtor Defendants to Avoid Giving Solvent Co-Defendants Unwarranted Immunity**

Courts frequently apply Rule 21 to sever claims against debtor defendants from the claims of non-debtor defendants in recognition of the "hardship on plaintiffs... [of] giving an unwarranted immunity from suit to solvent co-defendants." *E.I. Du Pont De Nemours & Co. v. Fine Arts Reproduction Co.*, No. 93 civ 2462 (KMW), 1995 WL 312505, at *2 (S.D.N.Y. 1995). *See, e.g., Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) (granting plaintiff's motion to sever claims against bankrupt defendant because it would be "manifestly unjust to allow [non-bankrupt co-defendant] to shield himself behind the protection afforded ... defendant in bankruptcy."); *Cashman v. Montefiore Med. Ctr.*, 191 B.R. 558, 563 (S.D.N.Y. 1996) (granting plaintiff's motion to sever claims against defendant in bankruptcy after finding that "the prejudice to the plaintiffs if the proceedings stall, combined with the lack of any clear showing of prejudice to defendants, outweighs the potential inefficiencies in discovery and in multiple trials."); *Fanning v. Black & Decker, Inc.*, No. Civ. A. 98-6141, 1999 WL 163628 at *2-3 (E.D. Pa. Mar. 18, 1999) (same); *see also Hecht v. City of New York*, 217 F.R.D. 148 (S.D.N.Y. 2003)

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO SEVER CLAIMS**
5                                              3:17-CV-00079-H-JMA

(applying Rule 42(b) of the Federal Rules of Civil Procedure and acknowledging that the same standard applies under Rule 21). In such cases, the claims against the debtor defendants are not dismissed. Rather, the severed claims remain stayed pursuant to 11 U.S.C. § 362(a) pending the outcome of the bankruptcy. *E.I. Du Pont De Nemours*, 1995 WL 312505, at *4-5.

### C. Severing the Debtor Defendant Will Protect the Plaintiff from Prejudice

Plaintiff is caught between a figurative rock and a hard place. According to Judge Jones, any action taken in the present matter may result in an order of contempt. The statements of the Texas Court leave Plaintiff uncertain of how it may proceed without violating that Court's interpretation of the automatic stay. Therefore, it is apparent that only the granting of this motion to sever can protect Plaintiff from the additional cost and risk of having to defend themselves from sanctions or contempt before the Texas Court.

### D. Defendants Will Not Be Prejudiced if the Court Orders Severance

As discussed supra, the non-debtor defendants are not covered by any stay in the bankruptcy of Title Rover. Allowing further delay in this case would effectively make the automatic stay a sword rather the shield it is intended to be to protect debtors and their estates. This stay should not be used a means for further delaying this action to the benefit of the non-debtor defendants. *See also In re Briarpatch Film Corp.*, 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002) ("It has often been stated that the automatic stay is a shield, not a sword.") (citations omitted); *In re McHenry*, 179 B.R. 165, 169 (9th Cir. B.A.P. 1995) ("The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment").

Even if severing the claims against Title Rover leads to duplicative discovery, the potential harm caused to the Plaintiff from further delay or contempt weighs in favor of severance. *See, e.g., Coleman v. Quaker Oats Co.*, 232 F.3d

1271, 1296-1297 (9th Cir. 2000) (concluding that district court did not abuse its discretion in severing the cases even where it led to duplicative discovery because "the court weighed the interests of judicial efficiency and found them outweighed by the potential prejudice" to moving party).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court sever Plaintiff's claims against Title Rover, assigning a separate case number, and any further relief that the Court deems proper and just.

DATED: February 7, 2018                              PANAKOS LAW, APC

                                                     By: /s/ Aaron D. Sadock Esq.
                                                     Attorney for Plaintiff
                                                     ENSOURCE INVESTMENTS LLC