SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
Shannon D. Sweeney, SBN 204868
Sweeney@sullivanhill.com
600 B Street, Suite 1700
San Diego, California 92101
Telephone:  (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Defendants:
MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and WILLIS GROUP, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>Defendants. | CASE NO. 17CV0079 H LL<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br><br>Magistrate Judge: Hon. Linda Lopez<br>District Judge: Hon. Marilyn L. Huff<br>Courtroom: 15A<br>Action filed:  January 13, 2017 |

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW, Defendants MARK A. WILLIS ("Willis"), an individual; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company, (collectively, " Answering  Defendants"), files this Answer to Plaintiff, EnSource Investments LLC's First Amended Complaint.

## I. INTRODUCTION

1. To the extent they apply to the Answering Defendants, the allegations of Paragraph 1 of the First Amended Complaint are denied.

2. Defendant Willis admits Plaintiff was solicited for an investment in Hopewell, and denies the remaining allegations in Paragraph 2 of the First Amended Complaint.

3. The Answering Defendants deny the allegations in Paragraph 3 of the First Amended Complaint.

4. The Answering Defendants deny the allegations in Paragraph 4 of the First Amended Complaint.

## II. JURISDICTION AND VENUE

5. Answering Defendants admit that Plaintiff purports to bring this lawsuit under the statutes referred to in Paragraph 5 of the First Amended Complaint. Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 5 of the First Amended Complaint.

6. Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the First Amended and therefore deny them.

7. Answering Defendants admit that the statutes cited govern venue. Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 7 of the First Amended Complaint.

## III. PARTIES

8. Answering Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint and therefore deny them.

9. The allegations contained in Paragraph 9 of the First Amended Complaint relate to a defendant other than Answering Defendants and no answer is required. To the extent the allegations contained in this Paragraph relate to Answering Defendants,

they are denied.

10. To the extent the allegations in this Paragraph relate to Answering Defendant Willis, he admits that he resides in Houston, Texas and that he is a businessman and entrepreneur. Willis also admits he was a manager at Hopewell. Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 10 of the First Amended Complaint.

11. The allegations contained in Paragraph 11 of the First Amended Complaint relate to a defendant other than Answering Defendants and no answer is required.

12. The allegations contained in Paragraph 12 of the First Amended Complaint relate to a defendant other than Answering Defendants and no answer is required.

13. The allegations contained in Paragraph 13 of the First Amended Complaint relate to a defendant other than Answering Defendants and no answer is required. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

14. Answering Defendant Beyond Review, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056. Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 14 of the First Amended Complaint.

15. Answering Defendant Image Engine, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard, Suite 200, Houston, Texas 77056. Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 15 of the First Amended Complaint.

16. Answering Defendant Willis Group, LLC admits that it is a Texas limited liability company with its principal place of business at 1400 Post Oak Boulevard,

Suite 200, Houston, Texas 77056. Except as expressly admitted, Answering Defendants deny each and every allegation in Paragraph 16 of the First Amended Complaint.

## ALTER EGO ALLEGATIONS
### Image Engine, Beyond Review, and Defendant Willis

17. The Answering Defendants deny the allegations in Paragraph 17, and all subparts, of the First Amended Complaint.

18. The Answering Defendants deny the allegations in Paragraph 18 of the First Amended Complaint.

### PDP MANAGEMENT AND DEFENDANT TATHAM

19. The allegations contained in Paragraph 19 of the First Amended Complaint relate to a defendant other than Answering Defendants and no answer is required.

20. The allegations contained in Paragraph 20 of the First Amended Complaint appear to relate to a defendant other than Answering Defendants and no answer is required. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

## IV.   GENERAL ALLEGATIONS
### A. HOPEWELL'S UNDISCLOSED DIRE FINANCIAL CONDITION

21. To the extent the allegations contained in this Paragraph relate to Answering Defendant Willis, he admits that Plaintiff received Private Placement Memorandum in connection with its interest in investing in Hopewell. Except as expressly admitted, Answering Defendants deny each and every allegation of Paragraph 21 of the First Amended Complaint.

22. Regarding the averments in Paragraph 22, the document speaks for itself and no answer is required.

23. Regarding the averments in Paragraph 23, the document speaks for itself and no answer is required. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

24. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

25. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

26. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

27. The Answering Defendants admit that a bridge loan was negotiated and entered, and that it was guaranteed by Willis. The Answering Defendants deny the remaining allegations in the Paragraph.

**B. MISREPRESENTATIONS CONCERNING THE USE OF THE INVESTMENT PROCEEDS**

28. The Answering Defendants admit that Plaintiff was told that the Entity Defendants would be providing legitimate services to Hopewell. The remaining allegations contained in this Paragraph are denied, excepting the averments in Paragraph 28, lines 17-18, where the document speaks for itself and no answer is required.

29. To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

30. The Answering Defendants admit that Plaintiff's first investment in Hopewell was $205,000, and deny the remaining allegations contained in Paragraph 30 of the First Amended Complaint.

31. The Answering Defendants deny the allegations contained in Paragraph 31 of the First Amended Complaint.

32. The Answering Defendants admit that Plaintiff's second investment in Hopewell was $20,000, and deny the remaining allegations contained in Paragraph 32

of the First Amended Complaint.

33.   The Answering Defendants admit that Plaintiff's third investment in Hopewell was $205,000, and deny the remaining allegations contained in Paragraph 33 of the First Amended Complaint.

34.   The Answering Defendants deny the allegations contained in Paragraph 34 of the First Amended Complaint.

35.   The Answering Defendants deny the allegations contained in Paragraph 35 of the First Amended Complaint.

### C. MISREPRESENATIONS CONCERNING THE PROGRESS AND BUSINESS STATE OF HOPEWELL

36.   Regarding the averments in Paragraph 36, the document speaks for itself and no answer is required.

37.   The allegations contained in Paragraph 37 of the First Amended Complaint are denied. The document speaks for itself.

38.   To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

39.   To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

### D. MISREPRESENTATIONS CONCERNING THE TECHNOLOGY AND KNOW-HOW OF TITLE ROVER AND HOPEWELL

40.   To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

41.   To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

42.   To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

43.   To the extent the allegations contained in this Paragraph relate to Answering Defendants, they are denied.

# FIRST CLAIM
## VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5(b) PROMULGATED THEREUNDER
### (Against Defendants Tatham, Willis, and Entity Defendants)

44.  Answering Defendants repeat and incorporate by reference its answers to Paragraph 1 through 43 as though fully set forth herein.

45.  The allegations contained in Paragraph 45 of the First Amended Complaint are denied.

46.  The factual allegations and legal conclusions contained in Paragraph 46 of the First Amended Complaint are denied.

47.  The allegations contained in Paragraph 47 of the First Amended Complaint are denied.

48.  The factual allegations and legal conclusions contained in Paragraph 48 of the First Amended Complaint are denied.

49.  The factual allegations and legal conclusions contained in Paragraph 49 of the First Amended Complaint are denied.

50.  The factual allegations and legal conclusions contained in Paragraph 50 of the First Amended Complaint are denied.

51.  The factual allegations and legal conclusions contained in Paragraph 51 of the First Amended Complaint are denied.

## SECOND CLAIM
## CONVERSION
### (Against Defendants Tatham, Willis, PDP Management, Title Rover, Beyond Review, Image Engine and Willis Group)

52.  Answering Defendants repeat and incorporate by reference its answers to Paragraph 1 through 51 as though fully set forth herein.

53.  The allegations contained in Paragraph 53 of the First Amended Complaint are denied.

54.  The allegations contained in Paragraph 54 of the First Amended Complaint are denied.

55. The allegations contained in Paragraph 55 of the First Amended Complaint are denied.

## THIRD CLAIM
## INTENTIONAL MISREPRESENTATION
**(Against Defendants Tatham, Willis, and Entity Defendants)**

56. Answering Defendants repeat and incorporate by reference its answers to Paragraph 1 through 55 as though fully set forth herein

57. The allegations contained in Paragraph 57 of the First Amended Complaint are denied.

58. The factual allegations and legal conclusions contained in Paragraph 58 of the First Amended Complaint are denied.

59. The factual allegations and legal conclusions contained in Paragraph 59 of the First Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of the First Amended Complaint are denied.

61. The factual allegations and legal conclusions contained in Paragraph 61 of the First Amended Complaint are denied.

## FOURTH CLAIM
## UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §17200, et seq.)
**(Against Defendants Willis, Tatham, and Entity Defendants)**

62. Answering Defendants repeat and incorporate by reference its answers to Paragraph 1 through 61 as though fully set forth herein.

63. Paragraph 63 contains solely legal conclusions to which a response is not required.

64. Paragraph 64 contains solely legal conclusions to which a response is not required.

65. The factual allegations and legal conclusions contained in Paragraph 65 of the First Amended Complaint are denied.

66. The factual allegations and legal conclusions contained in Paragraph 66

of the First Amended Complaint are denied.

67. The factual allegations and legal conclusions contained in Paragraph 67 of the First Amended Complaint are denied.

68. The factual allegations and legal conclusions contained in Paragraph 68 of the First Amended Complaint are denied.

69. The factual allegations and legal conclusions contained in Paragraph 69 of the First Amended Complaint are denied.

70. The factual allegations and legal conclusions contained in Paragraph 70 of the First Amended Complaint are denied.

71. The factual allegations and legal conclusions contained in Paragraph 71 of the First Amended Complaint are denied.

## JURY REQUEST

72. This Paragraph needs no admission or denial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they fail to state facts sufficient to constitute claims for relief or causes of action against the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were the proximate result of its own conduct and decisions, and Plaintiff engaged in such conduct and made decisions knowing full well the risks involved, so as to have assumed any such risks and the likely consequences of such risks.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants assert, without admitting that it engaged in any of the acts or conduct attributed to it by the First Amended Complaint, that any of the alleged acts or conduct which the Answering Defendants may have engaged in were reasonable, justified, in good faith, privileged and/or for legitimate, non-discriminatory business reasons.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Answering Defendants at all times acted in good faith and had no knowledge or were not reckless in not knowing that any alleged statements or omissions made were false or misleading when made.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because any allegedly untrue statement of fact, omissions of fact, misleading statements, or other actions allegedly made by the Answering Defendants were not material to the investment.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because, as an admitted Accredited Investor and/or as a result of its extensive due diligence, Plaintiff knew or, in the exercise of reasonable care, should have known of any alleged misrepresentations and an omission set forth in the First Amended Complaint, and was thus negligent with respect to the purchase of its Securities. This negligence was the cause in fact and proximate cause of the alleged damages asserted in the First Amended Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because no conduct attributable to Answering Defendants was the cause in fact or proximate cause of the alleged damages Plaintiff seek to recover in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not reasonably rely on any of the statements or omissions alleged in the First Amended Complaint in deciding to purchase its Securities.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff failed to plead fraud or its predicate acts with sufficient particularity under the Private Securities Litigation Reform Act and Rule 9 of the Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because factors other than the allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Answering Defendants caused some or all of Plaintiff's alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate its damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's UCL claim is inapplicable to claims related to the sale of securities.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants lacked the scienter required for liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by own unclean hands, fraud, and wrongful conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel and/or waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants were not involved in the alleged conversion.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are inactionable because any misrepresentations made by the Answering Defendants were mere puffery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by their own breach of contract.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants' alleged conduct was not unlawful, unfair or fraudulent, and was not likely to mislead.

### TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendants' statements, if any, were forward looking statements accompanied by cautionary language, and thus protected by a safe harbor.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether, as yet unknown, affirmative defenses exist, so it reserves the right to assert additional affirmative defenses in the event further discovery indicates it would be appropriate.

## V. PRAYER

**WHEREFORE**, Answering Defendants pray for judgment as follows:

1. That the First Amended Complaint be dismissed against the Answering Defendants with prejudice;

2. That Plaintiff takes nothing by its action, and that Judgment be entered in favor of Answering Defendants; and

3. That the Answering Defendants be awarded any and all further relief, in law or equity, to which they are entitled.

Dated:   January 4, 2019

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By:   /s/ Shannon D. Sweeney
Shannon D. Sweeney
Attorneys for Defendants:
MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and WILLIS GROUP, LLC

# PROOF OF SERVICE

I am employed in the City and County of San Diego by the law firm of Sullivan Hill Rez & Engel, 600 B Street, Suite 1700, San Diego, California 92101.  My electronic notification address is saurer@sullivanhill.com.  I am over the age of 18 and not a party to this action.

On January 4, 2019, I served the attached document(s):

**ANSWER TO FIRST AMENDED COMPLAINT**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except for facsimile or e-mail transmission), addressed as shown below, for service as designated below:

☒  **BY U.S. MAIL (C.C.P § 1013(a))** by placing a true copy in a sealed envelope addressed as follows:

| Thomas P. Tatham<br>1326 Rutland St.<br>Houston, TX 77008<br>tpt@lngpartners.com | |

I am readily familiar with Sullivan Hill Rez & Engel's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at San Diego, California 92101 in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☒  **BY ELECTRONIC MAIL (C.C.P. § 1010.6(a)(6))** and pursuant to Rule 2.251.  The recipient's name and electronic mail address to which I transmitted the foregoing documents is set forth above.  A printed form of this Proof of Service bearing my original signature in the manner provided by Rule 2.251(i)(4) is available for inspection and copying on the request of the Court or any party to this action or proceeding.  My electronic notification address is set forth above.

Thomas P. Tatham
1326 Rutland St.
Houston, TX 77008
tpt@lngpartners.com

☒  **BY ELECTRONIC SERVICE VIA CM/ECF:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Veronica McKnight**
  bmcknight@panakoslaw.com
- **Richard Edward Nawracaj**
  rich.nawracaj@nawracaj-law.com
- **Pete T Patterson**
  pete@pyllp.com,jennifer@pyllp.com
- **Aaron David Sadock**
  aking@panakoslaw.com,asadock@panakoslaw.com
- **Shannon D Sweeney**
  sweeney@sullivanhill.com,saurer@sullivanhill.com,james@sullivanhill.com,barber@sullivanhill.com

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 4, 2019 at San Diego, California.

*Jennifer Saurer*
Jennifer Saurer