SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
Shannon D. Sweeney, SBN 204868
Michael A. Zarconi, SBN 288970
600 B Street, 17th Floor
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372
9404.17558

Attorneys for Defendant, MARK A. WILLIS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>Defendants. | Case No. 17cv0079 H LL<br><br>**DEFENDANT MARK A. WILLIS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF STATEMENTS MADE BY THE HONORABLE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE, REGARDING DEFENDANT'S CREDIBILITY IN CONNECTION WITH THE HOPEWELL-PILOT PROJECT, LLC AND TITLE ROVER, LLC BANKRUPTCY PROCEEDINGS** |

## I.   INTRODUCTION

By this motion, Defendant Mark Willis ("Mr. Willis") seeks an order precluding Plaintiff Ensource Investments LLC ("Plaintiff") from introducing evidence or argument relating to a transcript of a motion hearing on March 28, 2018, in the United States Bankruptcy Court for the Southern District of Texas, Case No. 17-32880-H2-11 (the "Hopewell Bankruptcy"), the Honorable Judge David R. Jones presiding. Plaintiff has identified the transcript from the March 28, 2018 hearing on its Exhibit List as Plaintiff's Exhibit 712 in connection with Plaintiff's pretrial disclosures. Sweeney Decl. ¶ 2 at 2; Ex. A. The transcript contains harsh criticism of Mr. Willis in connection with the Hopewell Bankruptcy proceedings and a negative assessment of Mr. Willis' credibility by Judge Jones, which Mr. Willis anticipates Plaintiff intends to present to the jury. However, the testimony of the parties and the findings by Judge Jones in the Hopewell Bankruptcy proceeding are entirely unrelated to the material issues in this case and irrelevant. Any probative value such evidence might have with respect to Mr. Willis' credibility is vastly outweighed by the danger of unfair prejudice that would arise if the jury is permitted to hear evidence of another federal judge's opinion regarding Mr. Willis' credibility in a prior, unrelated hearing. The entire transcript itself further constitutes inadmissible hearsay. As a result, Mr. Willis respectfully requests that the Court enter an *in limine* order precluding Plaintiff from introducing any evidence or argument relating to the March 28, 2018 hearing transcript which it has identified in pretrial disclosures as Plaintiff's Exhibit 712. Alternatively, Mr. Willis requests that the Court enter an *in limine* order precluding Plaintiff from introducing any evidence or argument regarding Judge Jones' opinions, findings and conclusions regarding Mr. Willis' credibility—specifically, ln. 19 at 108 to ln. 18 at 112 of Exhibit A.

/ / /

/ / /

II.  ARGUMENTS

A. **Statements and Conclusions of a Bankruptcy Judge in a Separate Proceeding are Irrelevant**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. To be relevant, evidence must have a tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. In assessing relevance, "[a] rule of thumb is to inquire whether a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence." United States v. Brashier, 548 F. 2d 1315, 1324 (9th Cir. 1976).

The credibility of a witness is solely in the province of the jury. United States v. Awkward, 597 F. 2d 667, 671 (9th Cir. 1979). "[T]he jury is the lie detector in the courtroom." Id. (quoting United States v. Barnard, 490 F. 2d 907, 912 (9th Cir. 1973)). Indeed, despite the "powerful persuasive value" of evidence resulting from a lie detector test, Courts have found such "evidence is disfavored because it has the potential to replace a jury's independent credibility determination. Vallery v. Brown, No. 08-cv-00095 DMS(RBB), 2011 U.S. Dist. LEXIS 115888, at *30 (S.D. Cal. Oct. 6, 2011). Thus, "[u]nder the Federal Rules, opinion testimony on credibility is limited to character; all other opinions on credibility are for the jurors themselves to form.

Here, the statements and conclusions of Judge Jones in the Hopewell Bankruptcy proceeding are irrelevant to any material fact at issue in this action. Judge Jones' findings with respect to Mr. Willis' credibility were based on the specific facts and statements before the court on March 18, 2018 in an entirely unrelated proceeding. Any assessment regarding Mr. Willis' credibility in connection with that proceeding is entirely irrelevant and unrelated to Mr. Willis' ultimate credibility in connection with the facts and testimony he will introduce at trial in this case. Because the evaluation of Mr. Willis' credibility must be made by the jury based solely upon

the facts and evidence presented at trial *in this action*, the Court should exclude any evidence or argument regarding Judge Jones' opinions, findings and conclusions regarding Mr. Willis' credibility from the Hopewell Bankruptcy proceedings as irrelevant pursuant to Rule 402.

**B.   Evidence of Judge Jones' Statements and Conclusions in a Separate Proceeding Would be Unduly Prejudicial, Misleading, and a Waste of Time**

One of the basic purposes of a motion *in limine* is to "avoid the obviously futile attempt to 'unring the bell' once the evidence is aired before the jury." Brodit v. Cambra, 350 F. 3d 985, 1005 (9th Cir. 2003)(quoting Kelly v. New W. Fed. Sav., 49 Cal. App. 4th 659 (1996). Thus, under Federal Rule of Evidence 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

"Unfair prejudice" within the context of Rule 403 "means an undue tendency to suggest decision on an improper basis. . ." Cohn v. Papke, 655 F. 2d 191, 194 (9th Cir. 1981).  Here, if the statements and conclusions of Judge Jones in the Hopewell Bankruptcy had any relevance in this action, their minimal probative value is substantially outweighed by the risk of unfair prejudice, misleading the jury and wasting the parties' strictly limited time at trial.

The dangers associated with presenting evidence of another judge's statements from a separate proceeding to the jury are discussed at length in United States v. Sine, 493 F. 3d 1021 (9th Cir. 2007).  Sine involved a lawyer ("Sine") who had helped run an illegal pyramid scheme defrauding investors by, among other things, misrepresenting the value of the collateral toward which they were investing.  When it was ultimately revealed that the collateral was in fact worthless, Sine claimed he was equally surprised and unaware that the collateral was illusory.  To bolster his "good

faith" defense to the criminal indictment that followed, Sine commenced a number of civil suits purportedly seeking to recover the value of the collateral. In one of these civil suits, Judge James Carr of the Ohio District Court did not hold back in making findings about Sine's credibility. As the Ninth Circuit put it, "Judge Carr entered findings that, to put it mildly, were likely to lead the reader to distrust everything Sine said or did." Id. at 1027. After the prosecutor introduced Judge Carr's statements regarding Sine's credibility (or lack thereof) into evidence in the criminal proceedings in the Eastern District of California, the jury convicted Sine for mail fraud and he was sentenced to seventy months in prison. Appealing the conviction and sentence, Sine argued it was improper for the prosecutor to use Judge Carr's factual findings during his cross-examination in front of the jury. Agreeing with Sine, the Ninth Circuit explained:

> Sine argues that bringing the adverse, derogatory factual findings and comments in Judge Carr's opinion before the jury created too great of a danger of unfair prejudice and thus violated Rule 403 of the Federal Rules of Evidence. We agree.
>
> Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. We have previously observed that factual testimony from a judge unduly can affect a jury. See Chein v. Shumsky, 373 F.3d 978, 989 n.6 (9th Cir. 2004) (en banc). Similarly, jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves. [*1034] Cf. FED. R. EVID. 605 ("The judge presiding at the trial may not testify in that trial as a witness."); United States v. Frankenthal, 582 F.2d 1102, 1108 (7th Cir. 1978) ("[T]he possibility that prestige, dignity, and authority may have somehow been imparted to the prosecution's case by the judge's appearance on its behalf cannot lightly be dismissed.").

United States v. Sine, 493 F.3d 1021, 1033-34 (9th Cir. 2007).

Analogizing to the Fourth Circuit opinion in Nipper v. Snipes, 7 F. 3d 415, 418 (4th Cir. 1993), the Court pointed out that:

> in circumstances similar to those in this case such evidence should be excluded under [Rule] 403. This is because judicial findings of fact 'present a rare case where, by virtue of their having been made by a

>  judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice.

Sine, 493 F. 3d at 1034.

Balancing the probative value of Judge Carr's findings against the danger of prejudice, the Court found, "the nature of the facts found and comments made by Judge Carr -- directly opining on Sine's motivations and truthfulness, thereby implicating Sine's overall credibility as a witness -- heavily weighs on the unfair prejudice side of the balance." Sine, 493 F. 3d at 1034.  "Supporting the conclusion that the use of Judge Carr's opinion was violative of Rule 403 as tending to prejudice the jury [was] the consideration that the government could have proved the facts in Judge Carr's finding through less prejudicial means." Id. at 1035.  Finally, as to the potential substitution of Judge Carr's evaluation of Sine's credibility for the jury's ultimate role in assessing credibility, the Court explained:

> The order's use of terms like "chicanery, mendacity, deceit, and pretense" are highly pejorative, however accurately they may have described Sine's behavior. The impact of this strongly negative assessment was bolstered by the prosecutor's juxtaposition, during Sine's cross-examination and during closing argument, of Judge Carr's unflattering conclusions with Sine's claims that he was now telling the truth. The jury's evaluation of Sine's entire testimony could well have been influenced by knowing that a *judge* -- who would be presumed to have expertise in judging credibility -- had already deemed him untrustworthy. *See Chein*, 373 F.3d at 989 n.6 ("[T]he likely impact on the jury of a sitting state court judge pronouncing the existence of an essential element of a crime, *while vigorously denouncing the defendant and his credentials*, is difficult to ignore." (emphasis added)).

Sine, 493 F. 3d at 1040.[1]

---

[1] Despite the Court's unequivocal conclusion that Judge Carr's opinions and conclusions regarding Sine's credibility should have been excluded under Rule 403, the Ninth Circuit ultimately affirmed the District Court judgment on the grounds that the error was not reversible.  Specifically, the Court found that the evidence of Sine's lack of credibility was "absolutely overwhelming" long before Judge Carr's findings were ever aired to the jury. Sine, 493 F. 3d at 1040.  As a result, Sine "failed to establish a 'reasonable probability' that the jury would have acquitted him absent the references to Judge Carr's findings." Id. at 1041.  Thus, the evidence was so overwhelming that no reasonable jury could have found Sine credible even if Judge Carr's statements were never presented into evidence.

The same analysis applies with equal force here. Plaintiff has placed on its exhibit list a transcript from a motion hearing in the Hopewell Bankruptcy proceedings wherein Judge Jones does not mince words regarding his evaluation of Mr. Willis' credibility. (<u>See</u> Ex. A ln. 25 at 108 to ln. 18 at 111.)   Judge Jones' assessment includes, among others, the following remarks:

- "In terms of looking at the plan, this plan is based upon a set of projections which have no basis in reality." (Ex. A ln. 25 at 108 to ln. 2 at 109.)
- "I find that the proposed plan was never intended to be a good faith attempt to reorganize the debts of the Debtor. This process has been nothing more than an attempt to satisfy the concerns of the principal, not the Debtor. Some of the answers to the questions to Mr. Willis, quite frankly, were just shocking to me." (Ex. A lns. 11-16 at 109.)
- "As a witness, I find him to be wholly non-credible." (Ex. A lns. 17-18 at 109.)
- "I've got monthly operating reports which are just false. I have looked at January and February. Not even a good faith attempt at being truthful." (Ex. A ln. 24 at 109 to ln. 1 at 110.)
- "And I want to be very clear that a Chapter 11 plan, it's not a platform to peddle snake oil." (Ex. A lns. 4-5 at 110.)

These statements by Judge Jones are precisely the type of credibility evaluations that the Ninth Circuit determined are properly excluded under Rule 403 in <u>Sine</u>. It is the jury's role to evaluate Mr. Willis' credibility based on the facts and evidence presented *in this action*. The mere fact that these statements were made by a another federal judge presents a substantial danger that the jury would place greater weight on Judge Jones' evaluation than their own first-hand assessment of Mr. Willis' credibility in this case. Or worse, the jury could simply rely on Judge Jones' findings regarding Mr. Willis' credibility and view all of Mr. Willis' testimony in this action through a tainted lens of distrust. As a result, evidence of Judge Jones' statements and

conclusions about Mr. Willis' credibility are highly likely to confuse or mislead the jury and unfairly prejudice Mr. Willis. Therefore, the Court has ample grounds—if not a clear obligation—to exclude evidence regarding the statements and conclusions of Judge Jones regarding Mr. Willis' credibility in connection with the Hopewell Bankruptcy proceedings.

In addition to the risk of unfair prejudice and misleading the jury, it bears further mention that evidence of Judge Jones' statements and conclusions in the Hopewell Bankruptcy proceedings would unnecessarily waste precious time and judicial resources. As the Court is well aware, the timeline for trial in this case is extremely limited. Plaintiff and Defendant have only 11 hours per side to present their respective cases/defenses. Meeting that timeline is going to require extraordinary efficiency. The waste of time that evidence of Judge Jones' statements and conclusions from the Hopewell Bankruptcy would necessitate in this case is further grounds for the Court to exclude such evidence *in limine* pursuant to Rule 403.

**C.  Hearing Transcripts From the Hopewell Bankruptcy Proceeding are Inadmissible Hearsay**

Subject to limited exceptions, the Federal Rules of Evidence prohibit the introduction of hearsay evidence. Fed. R. Evid. 802. "Hearsay" is defined as a statement that: 1) the declarant does not make while testifying at the current trial or hearing; and 2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment'." Sine, 493 F. 3d at 1036; quoting United States v. Boulware, 384 F. 3d 794, 806 (9th Cir. 2004). As the Ninth Circuit explained in Sine:

> It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay. The concern about evidence that is neither based on personal knowledge nor subject to cross-examination, which explains an ultimate judgment's treatment as hearsay, is even more pronounced when dealing with statements that

> recapitulate in detail others' testimony and declarations. We therefore agree with the Fourth, Tenth, and Eleventh Circuits that judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists.

Sine 493 F. 3d at 1036 (internal citations omitted); citing Herrick v. Garvey, 298 F. 3d 1184, 1191-92 (10th Cir. 2002), United States v. Jones, 29 F. 3d 1549, 1554 (11th Cir. 1994) and Nipper, 7 F. 3d at 417.

Simply put, findings of fact in a prior, unrelated case are inadmissible hearsay. Herrick, 298 F. 3d at 1192. The same is true with respect to references to testimony in an order from a prior, unrelated proceeding. Jones, 29 F. 3d at 1554; Sine, 493 F. 3d at 1036. Although the rules of evidence provide specific exceptions for the admission of prior judgments, neither exception applies when a party seeks to introduce a prior order as evidence regarding credibility. Sine, 493 F. 3d at 1036.[2]

Here, the entire transcript of the motion hearing on March 28, 2018 in the Hopewell Bankruptcy constitutes hearsay. In its entirety, the transcript consists of statements by Mr. Willis, the parties' lawyers, and Judge Jones outside of the current trial or proceedings, which Plaintiff should be precluded from introducing to prove the truth of any matter asserted therein. Fed. R. Evid. 802. As a result, Plaintiff should not be permitted to introduce any portion of the transcript from the March 28, 2018 Hopewell Bankruptcy hearing into evidence.

### III.   CONCLUSION

Evidence and argument regarding Judge Jones' opinions, findings and conclusions from the March 28, 2018 hearing in the Hopewell Bankruptcy proceedings should be excluded as irrelevant and/or unfairly prejudicial, misleading and wasteful of time. Moreover, the entire transcript of the March 28, 2018 hearing in

---

[2] The exceptions to the hearsay rule for prior judgments are limited to: 1) prior judgments involving criminal convictions subject to more than one year of imprisonment (Fed. R. Evid. 803(22)); and 2) judgments used for "proof of matters of personal, family or general history, or boundaries" (Fed. R. Evid. 803(23)). Neither exception applies in this case.

the Hopewell Bankruptcy proceedings constitutes inadmissible hearsay. As a result, Mr. Willis respectfully requests that the Court issue an *in limine* order prohibiting Plaintiff from seeking to introduce any evidence or argument relating to the transcript of the March 28, 2018 hearing in the Hopewell Bankruptcy proceedings to the jury in this case. Alternatively, and at a minimum, the Court should issue an *in limine* order prohibiting Plaintiff from seeking to introduce any evidence or argument regarding Judge Jones' opinions, findings and conclusions regarding Mr. Willis' credibility—specifically, ln. 19 at 108 to ln. 18 at 112 of Exhibit A.

Dated: January 13, 2020

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By: */s/    Shannon D. Sweeney*
Shannon D. Sweeney
Attorneys for Defendant
MARK A. WILLIS