**PANAKOS LAW, APC**
Aaron D. Sadock  (SBN 282131)
555 West Beech Street, Ste. 500
San Diego, California 92101
Telephone:   (619) 800-0529
Facsimile:   (866) 365-4856
Email: asadock@panakoslaw.com

**RICHARD E. NAWRACAJ**
Law Offices of Richard E. Nawracaj
155 N. Wacker Drive, Suite 4250
Chicago, Illinois 60606
Email: rich.nawracaj@nawracaj-law.com

Attorneys for Plaintiff ENSOURCE INVESTMENTS LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>Defendants. | Case No.: 3:17-CV-00079-H-LL<br><br>**PLAINTIFF ENSOURCE INVESTMENTS LLC'S OBJECTIONS AND OPPOSITION TO BEYOND REVIEW, LLC, IMAGE ENGINE, LLC, AND WILLIS GROUP LLC'S BILL OF COSTS**<br><br>**Date: January 29, 2020**<br>**Time: 10:00a.m.**<br>**Courtroom: 15A**<br><br>Magistrate Judge: Hon. Linda Lopez<br>District Judge: Hon. Marilyn L. Huff<br>Courtroom: 15A<br>Action filed:  January 13, 2017 |

## I. INTRODUCTION

The Court should deny Beyond Review LLC ("Beyond Review"), Image Engine LLC's ("Image Engine"), and Willis Group LLC's ("Willis Group") (collectively the "Willis Entities") bill of costs because it is premature and inequitable to award any costs prior to the final adjudication of this lawsuit. Claims are still pending against Defendant Mark Willis, and the Court should wait for a determination of those claims before awarding any costs. Finally, the Willis Entities seek to recover costs which are not recoverable. For these reasons, the Willis Entities' bill of costs should be denied.

## II. ARGUMENT

### A. The Court Has the Discretion to Deny Beyond Review, LLC's, Image Engine LLC's and Willis Group LLC's Bill of Costs

"Federal Rule of Civil Procedure 54(d) provides that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..' Thus, the awarding of these costs is discretionary with the trial judge." K-2 Ski Co. v. Head Ski Co., 506 F.2d 471, 476–77 (9th Cir. 1974). The Court may deny costs where, under the circumstances, an award "would be inappropriate or inequitable." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003).

The Ninth Circuit has noted that "in the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs." Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (citing Testa v. Village of Mundelein, 89 F.3d 443 (7th Cir. 1996)). On the other hand, the Ninth Circuit recently noted that it is not "necessary for a party to prevail on all of its claims to be found the prevailing party (*see, e.g.*, K-2 Ski Co. v. Head Ski Co., 506 F.2d 471, 477 (9th Cir. 1974))." San Diego Police Officers' Ass'n v. San Diego City Emples. Ret. Sys., 568 F.3d 725 (9th Cir. 2009).

Here, the Court has the discretion to deny and should deny Image

Engine's, Beyond Review's and Willis Group's bill of costs because this case has not yet been finally adjudicated against Defendant Willis, who was or is a principal in each company. In the event Plaintiff prevails against Defendant Mark Willis individually, then Plaintiff will be pursuing the recovery all costs litigation as the prevailing party. It is premature to award any costs to Beyond Review, Image Engine, or Willis Group since these costs would still have been incurred by Defendant Mark Willis individually.  Therefore, it is equitable for the Court to deny this bill of costs.

**B. The Bill of Costs Should Be Denied Because Beyond Review, Image Engine, and Willis Group Failed to Comply with the Local Rules of the Southern District of California.**

The bill of costs failed to include a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law and were necessarily incurred. Specifically, "[t]he bill of costs must itemize the costs claimed and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred, and copies of the invoices for requested costs." See Local Civil Rule 54.1.a. As a result, the bill of costs is deficient and should be denied.

**C. Defendants Have Not Justified Seeking the Cost of the DVD of Mr. Pannu's Deposition.**

Civil Rule 54.1.b.3.b states that "[I]f both video and stenographic depositions are taken, they both will be allowed as costs <u>only if</u> the video deposition is used at trial." (emphasis added).

Here, Beyond Review, Image Engine, and Willis Group seek to recover the cost of the DVD for the deposition of Justin Pannu in the amount of $1,405.00 without justification. The cost for the DVD is not recoverable by Willis Group, Image Engine, or Beyond Review as no trial occurred prior to the judgment entered in their favor. Moreover, Mr. Pannu has been subpoenaed and intends to appear at trial. Thus, the cost of the DVD is not recoverable, and the Court

should use its discretion to deny this expense.

### D. The Costs Associated with Counsel Taking Depositions Are Not Recoverable Pursuant to Civil Rule 54.1.

Civil Rule 54.1.b.3.e. precludes recovery of fees spent on attending of depositions. "Counsel's fees, expenses in arranging for taking and expenses in attending the taking of a deposition are not recoverable, except as provided by statute or by the Fed. R. Civ. P." Civil Rule 54.1.b.3.e. As a practical matter, fees precluded include costs associated with appearing by video conference.

Defendants seek to recover the costs for the video conferencing of Justin Pannu's deposition ($150.00) and the "Veritext Virtual Primary Participants" for Brent Stanley's deposition ($495.00) are not recoverable under Civil Rule 54.1.b.3.e. These costs relate to: (1) the appearance of Mr. Willis by video at Mr. Pannu's deposition; and (2) Ms. Sweeney's appearance via videoconference at Brent Stanley's deposition. These costs are not necessary and at most, are associated with arranging the attendance of a party at a deposition.

Therefore, pursuant to the local rules, these costs are not recoverable and should be denied.

### III.   CONCLUSION

The bill of costs submitted by the Willis entities is deficient and does not comply with the Civil Rules or the Federal Rules of Civil Procedure. It does not include any affidavit or memorandum as required under Civil Rule and Federal Rule of Civil Procedure 54. Additionally, this matter has not been finally adjudicated, and therefore the Court should deny recovery of these costs because it would be inequitable for the Court to award costs before a final determination on Plaintiff's claims against Mark Willis, a principal of Beyond Review, Image Engine, and Willis Group. Such costs would still have been incurred if the Willis Entities had not been named in the lawsuit. For these reasons, Defendants' bill of costs should be denied. In the alternative, the Court should defer ruling

on the bill of costs until after final adjudication of this matter as it pertains to Mark Willis.

Respectfully submitted,

DATED: January 23, 2020            PANAKOS LAW, APC

By: <u>/s/ Aaron D. Sadock</u>
Attorney for Plaintiff
ENSOURCE INVESTMENTS LLC