SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
Shannon D. Sweeney, SBN 204868
Michael A. Zarconi, SBN 288970
E-mail: Sweeney@sullivanhill.com
600 B Street, Suite 1700
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Defendants,
MARK A. WILLIS; BEYOND REVIEW, LLC;
IMAGE ENGINE, LLC; and WILLIS GROUP, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,<br><br>Defendants. | CASE NO. 17CV0079 H LL<br><br>**REPLY DECLARATION OF SHANNON D. SWEENEY IN SUPPORT OF SUPPLEMENTAL BRIEF (In Response to the Court's 12/16/19 Order)**<br><br>JUDGE:   Hon. Marilyn L. Huff |

I, Shannon D. Sweeney, declare as follows:

1.  I am an attorney duly admitted to practice before this court. I am a shareholder in the law firm of Sullivan Hill Rez & Engel, A Professional Law Corporation (hereafter "Sullivan Hill"), counsel of record for Defendants, MARK A. WILLIS; BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and WILLIS GROUP, LLC. I make this declaration based on matters within my personal knowledge, and if

called, would and could testify to the matters stated herein.

2. Attached hereto as Exhibit A is a true and correct copy of an email exchange between me and Bonnie McKnight, counsel for Plaintiff, wherein Plaintiff agreed to stipulate to bifurcation on January 7, 2020.

3. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's January 14, 2020 email to me wherein Plaintiff reneged on its prior agreement to stipulate.

4. Willis relied on the January 7, 2020 agreement to stipulate to bifurcation and therefore did not brief the issue in its opening brief which was filed on January 10. More importantly, it did not file a motion *in limine* to exclude evidence of Willis' wealth (or lack thereof) during phase one of the trial when the motions *in limine* were due (January 13). Willis would have filed such motion *in limine* had it known that Plaintiff did not agree to bifurcation before the *in limine* motions were due.

5. If the trial is bifurcated, and if a phase two is warranted to determine the amount of exemplary damages, Mr. Willis intends to present evidence of his lack of wealth during such phase.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of January 2020 at San Diego, California.

s/ Shannon D. Sweeney
Shannon D. Sweeney, Esq.

# EXHIBIT A

# EXHIBIT A

**Shannon D. Sweeney**

| | |
|---|---|
| **From:** | Bonnie McKnight <bmcknight@panakoslaw.com> |
| **Sent:** | Tuesday, January 07, 2020 3:59 PM |
| **To:** | Shannon D. Sweeney |
| **Cc:** | asadock@panakoslaw.com; Richard E. Nawracaj (rich.nawracaj@nawracaj-law.com); Mike Zarconi; Erin Barber |
| **Subject:** | Re: exemplary damages and bifurcation |

Shannon, we will agree to stipulate to bifurcation based on the law you provided.

Thanks.


Regards,

Bonnie McKnight, Esq.
*Litigation Associate*



Panakos.Law
555 West Beech Street
Suite 500
San Diego, CA 92101
O: (619) 800-0529 ext. 102
D: (619) 312-4128
F: (866) 365-4856
Client Resources
CONFIDENTIALITY NOTICE


On Jan 3, 2020, at 2:55 PM, Shannon D. Sweeney <Sweeney@sullivanhill.com> wrote:

Just wanted to follow up on this so it doesn't get lost in the Holidays. Thanks.


**Shannon D Sweeney**
DIRECT 619.595.3206

---

**From:** Bonnie McKnight [mailto:bmcknight@panakoslaw.com]
**Sent:** Thursday, December 19, 2019 9:48 AM
**To:** Shannon D. Sweeney
**Cc:** asadock@panakoslaw.com; Richard E. Nawracaj (rich.nawracaj@nawracaj-law.com); Mike Zarconi; Erin Barber
**Subject:** Re: exemplary damages and bifurcation

Shannon,

Thanks for the email. We will look into this and get back to you.

1

EXHIBIT A
Page 2

Regards,

Bonnie McKnight, Esq.
*Litigation Associate*

<image001.jpg>

Panakos.Law
555 West Beech Street
Suite 500
San Diego, CA 92101
O: (619) 800-0529 ext. 102
D: (619) 312-4128
F: (866) 365-4856
Client Resources
CONFIDENTIALITY NOTICE

On Dec 19, 2019, at 9:43 AM, Shannon D. Sweeney <Sweeney@sullivanhill.com> wrote:

Good morning. In looking at first two questions articulated on the Court's Order Issuing Briefing Schedule, I believe that the Texas Code answers both. By this email, I am asking that you please review the authority cited below and let me know if Plaintiff will stipulate that the Court should bifurcate the trial so that the jury can determine the amount of punitive damages, if liability is established in phase one, in phase two. I'm sure we all would appreciate not having to brief issues that are governed by Statute.

On the first question, the Code sets forth the types of evidence that the trier of fact may consider when determining the amount of punitive damages. *See* Tex. Civ. Prac. & Rem. Code section 41.011(a). Subsection (b) makes it clear that evidence relevant only to the amount is not admissible in the first phase of the trial. *See id.*, (b). The Texas Supreme Court agrees: "evidence of defendant's net worth, which is generally relevant only to the *amount* of punitive damages, by highlighting the relative wealth of a defendant, has a very real potential for prejudicing the jury's determination of other disputed issues in a tort case." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (1994)("We therefore conclude that a trial court, if presented by a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues).

On the second question, the Statute provides that the Court *shall* provide for a bifurcated trial upon a timely motion. *See* Tex. Civ. Prac. & Rem. Code section 41.009(a). As is set forth in such Section, the second phase of a bifurcated trial would occur only if the jury determines, in phase one, that there is liability for both compensatory and exemplary damages. *See id.*, (c)-(d).

I look forward to hearing from you soon.

- Shannon

**Shannon D Sweeney**
Attorney
DIRECT 619.595.3206

<image001.gif>

**Sullivan Hill Rez & Engel**
A Professional Law Corporation

2

600 B Street, 17th Floor | San Diego, CA 92101
T 619.233.4100 | F 619.231.4372

**sullivanhill.com**

**San Diego - Las Vegas**

3

# EXHIBIT B

# EXHIBIT B

# Shannon D. Sweeney

**From:** Bonnie McKnight <bmcknight@panakoslaw.com>
**Sent:** Tuesday, January 14, 2020 11:47 AM
**To:** Shannon D. Sweeney
**Cc:** asadock@panakoslaw.com; Richard E. Nawracaj (rich.nawracaj@nawracaj-law.com); Mike Zarconi; Erin Barber
**Subject:** Re: exemplary damages and bifurcation

Shannon,

After a closer look at the federal and state law on the issue of bifurcation and exemplary damages, we unfortunately can no longer agree to stipulate to bifurcation of trial. Our position will be outlined in our opposition brief due Friday, for which you have an opportunity to reply.

Regards,

Bonnie McKnight, Esq.
*Litigation Associate*



Panakos.Law
555 West Beech Street
Suite 500
San Diego, CA 92101
O: (619) 800-0529 ext. 102
D: (619) 312-4128
F: (866) 365-4856
Client Resources
CONFIDENTIALITY NOTICE

On Jan 7, 2020, at 4:20 PM, Shannon D. Sweeney <Sweeney@sullivanhill.com> wrote:

Great. Thank you.

Talk tomorrow.

**Shannon D Sweeney**
DIRECT 619.595.3206

**From:** Bonnie McKnight [mailto:bmcknight@panakoslaw.com]
**Sent:** Tuesday, January 07, 2020 3:59 PM
**To:** Shannon D. Sweeney
**Cc:** asadock@panakoslaw.com; Richard E. Nawracaj (rich.nawracaj@nawracaj-law.com); Mike Zarconi; Erin Barber
**Subject:** Re: exemplary damages and bifurcation

1

Shannon, we will agree to stipulate to bifurcation based on the law you provided.

Thanks.

Regards,

Bonnie McKnight, Esq.
*Litigation Associate*

<image001.jpg>

Panakos.Law
555 West Beech Street
Suite 500
San Diego, CA 92101
O: (619) 800-0529 ext. 102
D: (619) 312-4128
F: (866) 365-4856
Client Resources
CONFIDENTIALITY NOTICE


On Jan 3, 2020, at 2:55 PM, Shannon D. Sweeney <Sweeney@sullivanhill.com> wrote:

Just wanted to follow up on this so it doesn't get lost in the Holidays. Thanks.


**Shannon D Sweeney**
DIRECT 619.595.3206

---

**From:** Bonnie McKnight [mailto:bmcknight@panakoslaw.com]
**Sent:** Thursday, December 19, 2019 9:48 AM
**To:** Shannon D. Sweeney
**Cc:** asadock@panakoslaw.com; Richard E. Nawracaj (rich.nawracaj@nawracaj-law.com); Mike Zarconi; Erin Barber
**Subject:** Re: exemplary damages and bifurcation

Shannon,

Thanks for the email. We will look into this and get back to you.

Regards,

Bonnie McKnight, Esq.
*Litigation Associate*

<image001.jpg>

Panakos.Law
555 West Beech Street
Suite 500
San Diego, CA 92101
O: (619) 800-0529 ext. 102
D: (619) 312-4128

2

F: (866) 365-4856
<u>Client Resources</u>
<u>CONFIDENTIALITY NOTICE</u>

On Dec 19, 2019, at 9:43 AM, Shannon D. Sweeney <<u>Sweeney@sullivanhill.com</u>> wrote:

Good morning. In looking at first two questions articulated on the Court's Order Issuing Briefing Schedule, I believe that the Texas Code answers both. By this email, I am asking that you please review the authority cited below and let me know if Plaintiff will stipulate that the Court should bifurcate the trial so that the jury can determine the amount of punitive damages, if liability is established in phase one, in phase two. I'm sure we all would appreciate not having to brief issues that are governed by Statute.

On the first question, the Code sets forth the types of evidence that the trier of fact may consider when determining the amount of punitive damages. *See* Tex. Civ. Prac. & Rem. Code section 41.011(a). Subsection (b) makes it clear that evidence relevant only to the amount is not admissible in the first phase of the trial. *See id.*, (b). The Texas Supreme Court agrees: "evidence of defendant's net worth, which is generally relevant only to the *amount* of punitive damages, by highlighting the relative wealth of a defendant, has a very real potential for prejudicing the jury's determination of other disputed issues in a tort case." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (1994)("We therefore conclude that a trial court, if presented by a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues).

On the second question, the Statute provides that the Court *shall* provide for a bifurcated trial upon a timely motion. *See* Tex. Civ. Prac. & Rem. Code section 41.009(a). As is set forth in such Section, the second phase of a bifurcated trial would occur only if the jury determines, in phase one, that there is liability for both compensatory and exemplary damages. *See id.*, (c)-(d).

I look forward to hearing from you soon.

- Shannon

**Shannon D Sweeney**
Attorney
DIRECT 619.595.3206

<image001.gif>

**Sullivan Hill Rez & Engel**
A Professional Law Corporation

600 B Street, 17th Floor  |  San Diego, CA 92101
T 619.233.4100  |  F 619.231.4372

<u>**sullivanhill.com**</u>

**San Diego - Las Vegas**

3