1 | SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation
2 | Shannon D. Sweeney, SBN 204868
Michael A. Zarconi, SBN 288970
3 | 600 B Street, 17th Floor
San Diego, California 92101
4 | Telephone: (619) 233-4100
Fax Number: (619) 231-4372
5 | 9404.17558

6 | Attorneys for Defendants BEYOND REVIEW, LLC;
IMAGE ENGINE, LLC; and WILLIS GROUP, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company, | Case No. 3:17-cv-0079-H-LL |
| Plaintiff, | **DEFENDANTS BEYOND REVIEW, LLC; IMAGE ENGINE, LLC; and WILLIS GROUP, LLC's MEMORANDUM OF COSTS** |
| v. | |
| THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company ; and DOES 1-50, | Judgment Entered: December 19, 2019<br><br>Magistrate Judge: Hon. Linda Lopez<br>District Judge:   Hon. Marilyn L. Huff |
| Defendants. | |

1                                            Case No. 3:17-cv-0079-H-LL

Defendants Image Engine, Beyond Review and the Willis Group hereby respectfully submit the following Memorandum of Costs in support of their Amended Bill of Costs, pursuant to Local Rule 54.1(a):

## I.

## **INTRODUCTION**

On January 13, 2017 Plaintiff filed its case against the Willis Group, Image Engine and Beyond Review (collectively, the "Willis Entity Defendants"). It amended its Complaint on December 21, 2018. The First Amended Complaint ("FAC") alleges four causes of action: (1) securities fraud (10(b)-(5)); (2) conversion; (3) intentional misrepresentation; and (4) violation of the Unfair Competition Laws. Each claim is asserted against each defendant. The FAC does not allege, however,—and there is no evidence to prove—that the Willis Entity Defendants ever made representations to Ensource, let alone misrepresentations. Indeed, there is no allegation or evidence to support a theory that the Willis Entity Defendants were involved in any way with the solicitation of investors for Hopewell.

On October 29, 2019, the Willis Entity Defendants moved for summary judgment against Plaintiff on all claims. On December 6, 2019, after full briefing and oral argument, the Court granted such motion. In so ruling, the Court concluded that there was no evidence that the Willis Entity Defendants made misrepresentations. *See* Order, p.25. As misrepresentation is an essential element of fraud, the fraud claims failed. The Court also concluded that the conversion claim failed as a matter of law because Plaintiff's investment proceeds were used for the stated purpose. *See id.*, p.29. Finally, because this case arises from a securities transaction, the Court determined that California's Unfair Competition Laws do not apply. *See id.*, p.30. The Court entered judgment in favor of the Willis Entity Defendants consistent with its Order on December 19, 2019. As the prevailing party, the Willis Entity Defendants are entitled to their costs. *See* Rule 54(d) of the Federal Rules of Civil Procedure.

## II.

## **DEFENDANTS ARE ENTITLED TO RECOVER COSTS**

Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorney fees, should be allowed to the prevailing party except when a federal statute provides otherwise. The "prevailing party" for purposes of Rule 54(d) is generally the party in whose favor judgment is rendered. (*d'Hedouville v. Pioneer Hotel Co.* (9th Cir. 1977) 552 F.2d 886, 896.) Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. (*Save Our Valley v. Sound Transit* (9th Cir. 2003) 335 F.3d 932, 944.) Because judgment was entered in favor of Willis Entity Defendants, they are the prevailing parties and are entitled to an award of costs.

## III.

## **DEFENDANTS ARE ENTITLED TO RECOVER THE FOLLOWING:**

Items properly considered as costs and which may be taxed as such include: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." (28 U.S.C. § 1920.) Once it has been established that a certain item falls within the scope of section 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case. (Alflex Corp. v. Underwriters Laboratories, Inc. (9th Cir.1990) 914 F.2d 175, 176-177.) All items which the Willis Entity Defendants are requesting the assessment thereof were necessarily obtained for use in this case, and more specifically, for obtaining judgment in their favor. Accordingly, Defendants' requests for costs are fair and reasonable.

## IV.

## **COSTS FOR DEPOSITION TRANSCRIPTS ARE TAXABLE**

Pursuant to Local Civil Rule 54.1(b)(3) and 28 U.S.C. § 1920(2), a prevailing party is entitled to recover costs incurred in connection with taking depositions. These costs include "the cost of an original and one copy of any deposition (including videotaped depositions) necessarily obtained for use in the case." (L.R. 54.1(b)(3).) Deposition transcripts need not be introduced in evidence or used at trial so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

The Willis Entity Defendants seek the costs of deposition transcripts as stated in the Amended Bill of Costs and further detailed herein below. These depositions were necessarily obtained for use in this case, and the summary judgment motion paerticularly. The following table identifies the deposition costs necessarily and actually incurred for use in this case, per 28 U.S.C. §1920(2).

| **DATE** | **DEPONENT** | **COST** |
|---|---|---|
| 10/29/2018 | Justin Pannu (Transcript) | $2,724.50 |
| 10/29/2018 | Justin Pannu (DVD) | $1,405.50 |
| 4/29/2019 | Joe Haynes (Transcript) | $519.75 |
| 5/20/2019 | Susan Killen (Transcript) | $763.06 |
| 6/5/2019 | Brent Stanley (Transcript) | $890.95 |
| **TOTAL** | | **$6,303.76** |

///

///

///

///

///

///

## V.
## **CONCLUSION**

Defendants are presumptively entitled to recover their costs as the prevailing parties. Based on the foregoing and the concurrently filed Amended Bill of Costs, defendants respectfully request that they be awarded costs in the amount of $6,303.76.

Dated: January 30, 2020

SULLIVAN HILL REZ & ENGEL
A Professional Law Corporation

By: */s/   Shannon D. Sweeney*
Shannon D. Sweeney
Michael A. Zarconi
Attorneys for the Willis Entity Defendants