# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. WILLIS,<br><br>Defendant. | Case No.: 3:17-cv-00079-H-LL<br><br>**ORDER GRANTING DEFENDANT MARK WILLIS'S MOTION IN LIMINE TO EXCLUDE TRANSCRIPT OF BANKRUPTCY PROCEEDINGS IN CONNECTION WITH HOPEWELL-PILOT PROJECT, LLC AND TITLE ROVER, LLC**<br><br>[Doc. No. 171.] |

On January 13, 2020, Defendant Mark Willis ("Defendant") filed a motion in limine to exclude the transcript of bankruptcy proceedings for Hopewell Pilot Project, LLC and Title Rover, LLC. (Doc. No. 171.) On January 23, 2020, Plaintiff Ensource Investments LLC ("Plaintiff") filed an opposition to the motion in limine. (Doc. No. 178.) The Court held a hearing on the motion in limine on February 3, 2020. Bonnie McKnight, Richard E. Nawracaj, and Aaron D. Sadock appeared for Plaintiff. Shannon D. Sweeney, Michael A. Zarconi, and Robert Allenby appeared for Defendant. For the reasons below, the Court grants Defendant's motion in limine, but issues additional instructions in this order on circumstances where Plaintiff may read aloud portions of the transcript at trial.

1

Defendant seeks an order preventing Plaintiff from introducing evidence or argument relating to a transcript of a motion hearing held on March 28, 2018 in the United States Bankruptcy Court for the Southern District of Texas, Case No. 17-23880-H2-11 ("Hopewell Bankruptcy"), the Honorable Judge David R. Jones presiding. (Doc. No. 171.) Defendant believes that Plaintiff will introduce portions of the transcript where Judge Jones harshly criticized Defendant in connection with the Hopewell Bankruptcy proceedings and made statements finding Defendant "non-credible." (Doc. No. 171.) Defendant claims that the transcript should be excluded for three reasons: (1) the transcript is irrelevant, (2) the transcript would be unduly prejudicial, and (3) the transcript is inadmissible hearsay. (Id.)

Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Defendant argues that the transcript of the Hopewell Bankruptcy proceedings is irrelevant because it involves an entirely unrelated proceeding, and that any probative value of Judge Jones's statements is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Plaintiff argues that the transcript is relevant to demonstrate Defendant's knowledge and control of both Hopewell and Title Rover, the current status of those two companies, and Defendant's involvement in soliciting Plaintiff's investment.

First, the section of the transcript containing Judge Jones's statements is inadmissible under Rule 403. "[F]actual testimony from a judge can unduly affect a jury." United States v. Sine, 493 F.3d 1021, 1033 (9th Cir. 2007) (citing Chein v. Shumsky, 373 F.3d 978, 989 n. 6 (9th Cir. 2004) (en banc)). This is because "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves." Id. Thus, United States v. Sine held that evidence of a judge's statements "directly opining on [defendant's] motivations and truthfulness" in a prior civil hearing was inadmissible under Rule 403, since it "heavily weigh[s] on the unfair prejudice side of the balance." Id. at 1035. Here, as in Sine, evidence of Judge Jones's statements criticizing Defendant's credibility is

2

3:17-cv-00079-H-LL

unduly prejudicial and inadmissible under Rule 403.[1]

Plaintiff argues that Judge Jones's ruling and reasoning are relevant to illustrate the "legal significance" of the conversion of the Chapter 7 conversion of Hopewell and Title Rover and the duties and obligations concerning the Title Rover software. But those facts have little to no probative value in this case. The parties do not contest that Hopewell and Title Rover have entered bankruptcy proceedings. And those facts have little to no bearing on the issues remaining for trial, i.e. whether Defendant misrepresented the nature of Defendant's technology when soliciting Plaintiff's investment in Defendant's companies.

Second, the Court declines to admit the rest of the transcript under Rule 403. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). The bulk of the transcript contains testimony by Defendant, and it would be inappropriate to elevate a written form of Defendant's testimony when Defendant has already been identified as a witness who can testify directly at trial. Further, the transcript of the bankruptcy

---

[1] In the alternative, the Court finds the statements of Judge Jones to be inadmissible hearsay. "Hearsay" is defined as a declarant's out of court statement used to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay evidence is generally inadmissible, unless subject to certain exceptions. Fed. R. Evid. 802. "A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.'" United States v. Sine, 493 F.3d 1021, 1036 (9th Cir. 2007) (quoting United States v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004)); see also United States v. Grey, 891 F.3d 1054, 1058 (D.C. Cir. 2018) (same).

Plaintiff argues that Judge Jones's statements are legally operative verbal conduct because the statements go to the bankruptcy status of Title Rover and Hopewell and established legal obligations related to the preservation of Title Rover's software. See United States v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004) (a prior judgment is not hearsay "to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties"). But as the Court states above, Judge Jones's comments on the companies' bankruptcy status or Title Rover's obligation to preserve its software have little to no relevance to the issues remaining for trial. Thus, Judge Jones's statements are relevant only for their criticism of Defendant's credibility, meaning the statements are inadmissible hearsay. See Sine, 493 F.3d at 1036 (judge's statements in a related civil suit criticizing a defendant's credibility were inadmissible hearsay since "the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings . . . constitutes the use of hearsay").

proceeding extends over one hundred pages, and Plaintiff does not identify any particular pages or lines that it seeks to defend as admissible. Presenting the jury with such a lengthy document, from an entirely separate proceeding, would confuse the jury and needlessly waste time. Thus, the Court grants Defendant's motion in limine and declines to admit the transcript of the Hopewell Bankruptcy proceedings. If Plaintiff wishes to read aloud questions and answers from Defendant's testimony from the transcript of the Hopewell Bankruptcy proceedings, Plaintiff must return at trial identifying and physically highlighting specific page and line numbers of the transcript, and the Court will later determine whether those specific excerpts are admissible under hearsay rules and Rule 403.

**IT IS SO ORDERED.**

DATED: February 3, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT