UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENTGROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company ; and DOES 1-50,<br><br>Defendant. | Case No.: 17-cv-00079-H-LL<br><br>**ORDER TAXING COSTS** |

    Upon application of Defendants Beyond Review, LLC; Image Engine, LLC; and Willis Group, LLC, a hearing for taxation of costs was held on January 29, 2020.  Aaron David Sadock and Veronica McKnight representing plaintiffs, and Shannon D Sweeney, representing defendants, appeared.

1

1    Local Rule 54.1(a) requires that the bill of costs "must itemize the costs claimed, and must be supported by a memorandum of costs, an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred, and copies of the invoices for requested costs." Defendant was missing the memorandum of costs and itemization in the bill of costs (ECF No. [167]). Supplemental documentation was provided after the hearing, as requested by the clerk [189]. A timely opposition to the bill of costs was filed [177]. The bill of costs, opposition to costs, and supplement to bill of costs have been reviewed and considered.

Plaintiff counsel objected the bill of costs in entirety, stating that it was "premature and inequitable to award any costs prior to the final adjudication of this lawsuit" (page ID 5658). However, Local Rule 54.1(a) allows a bill of cost to be heard within fourteen days after an entry of judgment. On 12/18/2019, the court entered a judgment (ECF no. [166]) and a timely bill of cost was filed on 1/2/2020. Additionally, plaintiff counsel noted the missing memorandum of costs and itemization (page ID 5659).

Defendant requests recovery for deposition costs, totaling $6,303.76. Under Local Rule 54.1(b)(3), the original plus one copy of any deposition necessarily obtained for use in the case is allowable. Defendant requested $1,405.50 for the DVD to the deposition of Justin Pannu (page ID 5689 and 5874). As opposing counsel stated in the opposition (page ID 5659), Local Rule 54.1(b)(3)(b) only allows video deposition if the video is used in trial. At the time of the this filing, there had not been a trial. Therefore, this cost is denied. In the hearing, defendant counsel conceded the $150.00 request for recovery of the video conferencing fee (page ID 5690).

Defendant requests $2,724.50 for the original and one certified transcript of the deposition of Justin Pannu (invoice page ID 5691 and 5873). Defendant counsel states that the cost was necessarily obtained for use in the case (page ID 5879 and 5889). This cost will be allowed, minus the additional cost of the color exhibits ($8.00), condensed transcript ($25.00), litigation support package ($35.00), tabs ($35.52), and rough ASCII ($417.00). The total amount recoverable is $2,203.98.

Defendant requests $519.75 for the original and one certified transcript of the deposition of Joseph Haynes. (invoice page ID 5696 and 5875). Defendant requests $763.06 for the original and one certified transcript of the deposition of Susan Willard-Killen. (invoice page ID 5693 and 5876). Defendant requests $890.95 for the original and one certified transcript of the deposition of Brent Stanley (invoice page ID 5695 and 5877). Defendant counsel states that these cost were necessarily obtained for use in the case (page ID 5879 and 5889). All three costs are recoverable.

In the hearing, defendant counsel conceded the $495.00 request for recovery of the "Veritex Virtual Primary Participants" fee (page ID 5694).

Costs are taxed as follows:

| *Description* | *Amount(s) Requested* | *Amount(s) Taxed* |
|---|---|---|
| Fees of the clerk | | |
| Fees for service of summons and subpoenas | | |
| Fees for printed or electronically recorded transcripts | $6,303.76 | $4,377.74 |
| Fees and disbursements for printing | | |
| Fees for witnesses | | |
| Fees for exemplification and copies | | |
| Docket fees under 28 U.S.C. § 1923 | | |
| Costs as shown on mandate of Court of Appeals | | |
| Compensation of court-appointed experts | | |
| Compensation/costs of interpreters under 28 U.S.C. 1828 | | |
| Other costs as itemized: | | |
| **TOTAL COSTS TAXED** in favor of Defendants Beyond Review, LLC; Image Engine, LLC; and Willis Group, LLC | $ 6,303.76 | $ 4,377.74 |

Counsel's attention is called to Local Rule 54.1.h which provides in part that a motion to re-tax by any party, in accordance with Rule 54(d), FRCivP and Local Rule

7.1, shall be served and filed within seven (7) days after receipt of the Order Taxing Costs, or unless within the seven (7) day period the court permits the motion to be made orally.

Dated: February 10, 2020

                                        John Morrill, Clerk of Court

                                        __s/ J. Simmons_____
                                        J. Simmons, Deputy Clerk