# ORIGINAL

FILED

FEB 1 0 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>                              Plaintiff,<br><br>                    v.<br><br>MARK A. WILLIS,<br><br>                              Defendant. | Case No. 17-cv-00079-H-LL<br><br>JURY INSTRUCTIONS |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

COURT'S INSTRUCTION NO. 2

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 3

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

Clear and convincing evidence means the measure of degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

You should base your decision on all of the evidence, regardless of which party presented it.

COURT'S INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I have instructed you to accept as proved.

COURT'S INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the

number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

COURT'S INSTRUCTION NO. 8

The parties have agreed to certain facts to be placed in evidence that will be read to you. You must therefore treat these facts as having been proved.

COURT'S INSTRUCTION NO. 9

The evidence that a witness has lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

1

COURT'S INSTRUCTION NO. 10

2

3       A deposition is the sworn testimony of a witness taken before trial. The witness

4   is placed under oath to tell the truth and lawyers for each party may ask questions.

5   The questions and answers are recorded. When a person is unavailable to testify at

6   trial, the deposition of that person may be used at the trial.

7       The deposition of Substantia Logix, by and through its designated Person Most

8   Knowledgeable, Susan Willard-Killen, was taken on April 30, 2019. Insofar as

9   possible, you should consider deposition testimony, presented to you in court in lieu

10  of live testimony, in the same way as if the witness had been present to testify.

11      The deposition of Joseph V. Haynes was taken on April 29, 2019. Insofar as

12  possible, you should consider deposition testimony, presented to you in court in lieu

13  of live testimony, in the same way as if the witness had been present to testify.

14      The deposition of Brent Stanley was taken on June 5, 2019. Insofar as possible,

15  you should consider deposition testimony, presented to you in court in lieu of live

16  testimony, in the same way as if the witness had been present to testify.

17      Do not place any significance on the behavior or tone of voice of any person

18  reading the questions or answers.

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 11

Plaintiff EnSource alleges two claims against Defendant Mark Willis:

    1.  Violation of 10b-5 of the Securities and Exchange Act; and

    2.  Intentional misrepresentation.

Defendant Mark Willis denies these claims and alleges additional defenses.

I will instruct you on the claims and defenses and the measure of damages if proved. Plaintiff EnSource has the burden of proving each element of the claim by a preponderance of the evidence. Plaintiff EnSource has a higher burden of proof by clear and convincing evidence on its request for exemplary damages on its claim for intentional misrepresentation.

COURT'S INSTRUCTION NO. 12

Plaintiff EnSource's first claim is for a violation of Rule 10b-5 of the Securities and Exchange Act. Defendant Mark Willis denies this claim. I will instruct you on this claim.

COURT'S INSTRUCTION NO. 13

Congress has enacted securities laws designed to protect the integrity of financial markets. The plaintiff claims to have suffered a loss caused by the defendant's violation of certain of these laws.

There are terms concerning securities laws that have a specific legal meaning. The following definitions apply throughout these instructions, unless noted otherwise.

A security is an investment of money in a commercial, financial or other business enterprise, with the expectation of profit or other gain produced by the efforts of others. Some common types of securities are stocks, bonds, debentures, warrants, and investment contracts.

The buying and selling of securities is controlled by the Securities Laws. Many of these laws are administered by the United States Securities and Exchange Commission (SEC).

A "10b-5 Claim" is a claim brought under a federal statute, Section 10(b) of the Securities Exchange Act of 1934, which in essence prohibits acts of deception in connection with the purchase or sale of a security and in violation of rules and regulations that the SEC has the duty and power to issue. A corresponding SEC Rule, Rule 10b-5, prohibits the misrepresentation of material facts and the omission of material facts in connection with the purchase or sale of securities. A person or business entity who violates the securities laws, including Rule 10b-5, may be liable for damages caused by the violation.

To show a Rule 10b-5 violation, a private plaintiff must prove a causal connection between a defendant's misrepresentation and the plaintiff's injury, a proximate relationship between the plaintiff's injury and the purchase or sale of a security, and a connection between the defendant's alleged misrepresentation and the security at issue.

1       A misrepresentation is a statement of material fact that is false or misleading

2   when it is made. A statement may be misleading even if it is literally true if the

3   context in which the statement was made caused the listener or reader to remain

4   unaware of the actual state of affairs.

5       An omission is a failure to disclose a material fact that had to be disclosed to

6   prevent other statements that were made from being misleading.

7       A controlling person is an individual who possesses the power to direct the

8   management or policies of a business enterprise or of another person involved in

9   the management or policy-making of the enterprise.

10      "In connection with" means that there was some nexus or relationship

11  between the allegedly fraudulent conduct and the sale or purchase of the securities.

12      An instrumentality of interstate commerce includes the postal mails, e-mails,

13  telephone, telegraph, telefax, interstate highway system, Internet and similar

14  methods of communication and travel from one state to another within the United

15  States.

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 14

The plaintiff alleges that the defendant made material misrepresentations concerning the ownership and the functionality of the Title Rover technology that was the subject of the investment in securities for Hopewell-Pilot Project, LLC. This is referred to as "the plaintiff's 10b-5 claim."

On this claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the defendant made an untrue statement of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the sale of the securities;

2.    the defendant acted knowingly;

3.    the defendant used an instrumentality of interstate commerce, such as email or telephone, in connection with the sale of securities, regardless of whether the instrumentality itself was used to make an untrue statement;

4.    the plaintiff justifiably relied on the defendant's untrue statement of a material fact or on the defendant's omission to state a necessary material fact in buying securities;

5.    the defendant's misrepresentation or omission caused the plaintiff to suffer damages.

If you find that the plaintiff has proved each of the above elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

COURT'S INSTRUCTION NO. 15

The plaintiff must prove by a preponderance of the evidence that the defendant's misrepresentation or omission was material.

A factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether to buy or sell that security.

An omission concerning a security is material if a reasonable investor would have regarded what was not disclosed to it as having significantly altered the total mix of information it took into account in deciding whether to buy or sell the security.

You must decide whether something was material based on the circumstances as they existed at the time of the statement or omission.

1

COURT'S INSTRUCTION NO. 16

2

3      In considering whether the defendant made an untrue statement of a material

4   fact or omitted a material fact necessary under the circumstances to keep the

5   statements that were made from being misleading, you must distinguish between

6   statements of fact and forward-looking statements.

7      Predictions, projections and other forward-looking statements, even if

8   ultimately proven incorrect, are generally not statements of fact, but instead

9   forecasts about what may or may not occur in the future.

10      Predictions, projections and other forward-looking statements may constitute

11   a basis for a violation of Rule 10b-5 only if the plaintiff proves by a preponderance

12   of the evidence that, at the time the forward-looking statements were made, (1) the

13   defendant did not actually believe the statements, (2) there was no reasonable basis

14   for the defendant to believe the statements, or (3) the defendant was aware of

15   undisclosed facts tending to seriously undermine the accuracy of the statements.

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 17

A defendant acts knowingly when he makes an untrue statement with the knowledge that the statement was false or with reckless disregard for whether the statement was true. A defendant acts knowingly when he omits necessary information with the knowledge that the omission would make the statement false or misleading or with reckless disregard for whether the omission would make the statement false or misleading.

"Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or is so obvious that the defendant must have been aware of it.

COURT'S INSTRUCTION NO. 18

The plaintiff must prove by a preponderance of the evidence that it justifiably relied on the alleged misrepresentation or omission in deciding to engage in the purchase of the securities in question. The plaintiff may not intentionally close its eyes and refuse to investigate the circumstances or disregard known or obvious risks.

COURT'S INSTRUCTION NO. 19

The plaintiff must prove by a preponderance of the evidence that the alleged material misrepresentations or omissions were the cause of its economic injury. To establish causation, the plaintiff must prove that the alleged misrepresentations or omissions played a substantial part in causing the injury or loss the plaintiff suffered. The plaintiff need not prove that the alleged misrepresentations or omissions was or were the sole cause of the economic injuries.

COURT'S INSTRUCTION NO. 20

Under the Securities Exchange Act of 1934, a defendant may be liable if during the period that someone else defrauded the plaintiff, the defendant had the authority to control that person or company.

The plaintiff claims that the defendant is a controlling person and is therefore liable under the securities laws. On this claim, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant [controlling person] possessed, directly or indirectly, the actual power to direct or cause the direction of the management and policies of Hopewell Pilot-Project LLC and/or Title Rover.

COURT'S INSTRUCTION NO. 21

The defendant contends that he is not liable to the plaintiff even if he was a controlling person because he did not induce the violation that led to the plaintiff's economic injury and he acted in good faith. The defendant has the burden of proving both of the following elements by a preponderance of the evidence:

1.      the defendant did not directly or indirectly induce the violation; and

2.      the defendant acted in good faith.

If you find that the defendant proved both of these elements, your verdict should be for the defendant. The defendant can prove good faith only by establishing that he maintained and enforced a reasonable and proper system of supervision and internal control. If you find that the defendant failed to prove either or both of these elements, your verdict should be for the plaintiff.

COURT'S INSTRUCTION NO. 22

Plaintiff EnSource's second claim is intentional misrepresentation of a material fact. Defendant Mark Willis denies this claim. I will instruct you on this claim.

COURT'S INSTRUCTION NO. 23

Fraud occurs when:

1.      a party makes a material misrepresentation, and

2.      the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

3.      the misrepresentation is made with the intention that it should be acted on by the other party, and

4.      the other party relies on the misrepresentation and thereby suffers injury.

"Misrepresentation" means a false statement of fact OR a statement of opinion based on a false statement of fact.

1

2

## COURT'S INSTRUCTION NO. 24

3      It is the duty of the Court to instruct you about the measure of damages. By

4  instructing you on damages, the Court does not mean to suggest for which party

5  your verdict should be rendered.

6      If you find for the plaintiff on either or both of plaintiff's claims, you must

7  determine the plaintiff's damages. The plaintiff has the burden of proving damages

8  by a preponderance of the evidence. Damages means the amount of money that will

9  reasonably and fairly compensate the plaintiff for any injury you find was caused

10  by the defendant. It is for you to determine what damages, if any, have been proved.

11      Your award must be based upon evidence and not upon speculation,

12  guesswork or conjecture.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 25

If you find for the plaintiff on the 10b-5 claim, then you must consider and decide the amount of money damages to be awarded to the plaintiff. You may award only actual damages in that amount which will reasonably and fairly compensate the plaintiff for the economic loss it sustained. Your award must be based on evidence and not upon speculation, guesswork or conjecture. The plaintiff has the burden of proving damages by a preponderance of the evidence. Do not include in your award any amount for attorneys fees.

# COURT'S INSTRUCTION NO. 26

If you find for the Plaintiff on the intentional misrepresentation claim, then you must decide the amount of money damages to be awarded to the Plaintiff. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. Do not include in your award, if any, an amount for attorneys fees.

COURT'S INSTRUCTION NO. 27

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

COURT'S INSTRUCTION NO. 28

Plaintiff seeks a determination of whether it qualifies for an award of punitive damages in connection with its intentional misrepresentation claim. No punitive damages are allowed for a violation of Rule 10b-5.

For Plaintiff's intentional misrepresentation claim, punitive damages require a higher burden of proof. To obtain punitive damages, Plaintiff must prove by clear and convincing evidence that in making the intentional misrepresentation found, Defendant acted with malice, fraud or gross-negligence or that other "aggravating circumstances" are present.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Defendant to cause substantial injury or harm to Plaintiff.

"Gross Negligence" means an act or omission by Defendant:

1.     Which when viewed objectively from the standpoint of the Defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2.     Of which the Defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of others.

"Fraud" means knowingly or recklessly making an untrue statement.

1

COURT'S INSTRUCTION NO. 29

2

3      If you award damages, no punitive damages are permitted in a 10b-5
4   violation.

5      At this stage of the proceeding, do not include any amount for punitive or
6   exemplary damages on the intentional misrepresentation claim.

7      If you conclude that Plaintiff has proved by clear and convincing evidence
8   that punitive damages should be awarded on the intentional misrepresentation
9   claim, the Court will give further instructions on the factors you are to consider and
10   the parties will give further argument and information.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 30

You are to evaluate each claim separately and make a determination whether Plaintiff has proved each element of the claim by a preponderance of the evidence and, if so, what amount of damages to award for each claim. Do not split or apportion the amount of damages for each claim in Question No. 6 (Rule 10b-5) or Question No. 12 (intentional misrepresentation).

COURT'S INSTRUCTION NO. 31

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

1

2

COURT'S INSTRUCTION NO. 32

3  Because you must base your verdict only on the evidence received in the case
4 and on these instructions, I remind you that you must not be exposed to any other
5 information about the case or to the issues it involves. Except for discussing the
6 case with your fellow jurors during your deliberations:

7  Do not communicate with anyone in any way and do not let anyone else
8 communicate with you in any way about the merits of the case or anything to do
9 with it. This includes discussing the case in person, in writing, by phone or
10 electronic means, via email, via text messaging, or any internet chat room, blog,
11 website or application, including but not limited to Facebook, YouTube, Twitter,
12 Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to
13 communicating with your family members, your employer, the media or press, and
14 the people involved in the trial. If you are asked or approached in any way about
15 your jury service or anything about this case, you must respond that you have been
16 ordered not to discuss the matter and to report the contact to the court.

17  Do not read, watch, or listen to any news or media accounts or commentary
18 about the case or anything to do with it; do not do any research, such as consulting
19 dictionaries, searching the Internet, or using other reference materials; and do not
20 make any investigation or in any other way try to learn about the case on your own.
21 Do not visit or view any place discussed in this case, and do not use Internet
22 programs or other devices to search for or view any place discussed during the trial.
23 Also, do not do any research about this case, the law, or the people involved—
24 including the parties, the witnesses or the lawyers—until you have been excused as
25 jurors. If you happen to read or hear anything touching on this case in the media,
26 turn away and report it to me as soon as possible.

27  These rules protect each party's right to have this case decided only on
28 evidence that has been presented here in court. Witnesses here in court take an oath

1   to tell the truth, and the accuracy of their testimony is tested through the trial
2   process. If you do any research or investigation outside the courtroom, or gain any
3   information through improper communications, then your verdict may be
4   influenced by inaccurate, incomplete or misleading information that has not been
5   tested by the trial process. Each of the parties is entitled to a fair trial by an
6   impartial jury, and if you decide the case based on information not presented in
7   court, you will have denied the parties a fair trial. Remember, you have taken an
8   oath to follow the rules, and it is very important that you follow these rules.

9       A juror who violates these restrictions jeopardizes the fairness of these
10   proceedings, and a mistrial could result that would require the entire trial process to
11   start over. If any juror is exposed to any outside information, please notify the court
12   immediately.

# COURT'S INSTRUCTION NO. 33

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

COURT'S INSTRUCTION NO. 34

A verdict form has been prepared for you. You should work through the verdict form carefully and strictly follow the directions set forth in the form. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk or bailiff that you are ready to return to the courtroom.