# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. WILLIS, et al.,<br><br>Defendants. | Case No.: 3:17-cv-00079-H-LL<br><br>**ORDER DENYING DEFENDANT WILLIS GROUP, LLC'S MOTION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 168.] |

On January 2, 2020, Defendant Willis Group, LLC ("Defendant") filed a motion for attorney's fees. (Doc. No. 168.) On January 17, 2020, Plaintiff Ensource Investments, LLC ("Plaintiff") filed a response in opposition to Defendant's motion (Doc. No. 174), and Defendant filed a reply on January 27, 2020. (Doc. No. 183.) For the reasons below, the Court denies Defendant's motion for attorney's fees.

## **Background**

This case arises out of Plaintiff EnSource Investment, LLC's purchase of securities in a start-up company, the Hopewell – Pilot Project, LLC ("Hopewell"). On March 28, 2016, Hopewell was formed to use title searching technology to identify unleased lands in Texas containing oil and gas interests, purchase those leases, and use or flip those leases

for a profit. (Doc. Nos. 136-2, Willis Decl. ¶¶ 2, 4; 136-5, Ex. T.) As part of its business activities, Hopewell contracted with several other entities to carry out its goals, including the Willis Group, LLC ("Willis Group"), a company that provided staffing services. (Doc. No. 136-2, Willis Decl. ¶ 3.)

On January 13, 2017, Plaintiff filed a complaint in this Court alleging that Defendants involved in Hopewell, including the Willis Group, defrauded Plaintiff. (Doc. No. 1.) On December 27, 2018, Plaintiff filed an amended complaint, claiming that Defendants defrauded Plaintiff in violation of the Securities Exchange Act, 15 U.S.C. § 78j, and California's unfair competition law, California Business & Professions Code § 17200. (Doc. No. 93.) Plaintiff also alleged that Defendants committed common law conversion and intentional misrepresentation. (Id.)

On December 6, 2019, the Court issued an order granting summary judgment in favor of Defendants Beyond Review, LLC, Image Engine, LLC, and Willis Group, LLC on all of Plaintiff's claims. (Doc. No. 159 at 25–26.)

Defendant Willis Group now seeks an award of attorney's fees under the terms of the company agreement that Defendant signed with Plaintiff. (Doc. No. 168.) When Plaintiff agreed to invest in Hopewell, Plaintiff and Defendant both signed a company agreement, which contains the following indemnification provision:

> Section 13.10 Indemnification. To the fullest extent permitted by law, each Member shall indemnify the Company, and each other Member and hold them harmless from and against all losses, costs, liabilities, damages, and expenses (including, without limitation, costs of suit and attorney's fees) they may incur on account of any breach by that Member of this Agreement or on account of any business activities conducted by that Member or its affiliates prior to the Effective Date of this Agreement.

(Doc. No. 168-3, Ex. A at 28.) Defendant argues that this provision requires Plaintiff to indemnify Defendant for the costs of attorney's fees. (Doc. No. 168-1 at 5–7.)

/ / /

/ / /

2

3:17-cv-00079-H-LL

**Discussion**

Under the "American Rule," "'[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'" Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158, 2164 (2015); see Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); see also Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). Here, Defendant argues that the indemnification provision in the Hopewell company agreement requires Plaintiff to indemnify Defendant for the costs of attorney's fees for this litigation. (Doc. No. 168-1 at 5–7.) Defendant is incorrect. The indemnity provision does not apply in this case because Texas law generally prevents indemnity agreements from applying to claims between the parties to the indemnity agreement.

In Texas,[1] the "general rule [is] that indemnity agreements do not generally apply to claims between the parties to the agreement." Claybar v. Samson Expl., LLC, No. 09-16-00435-CV, 2018 WL 651258, at *3 (Tex. App. Feb. 1, 2018), review denied (Mar. 1, 2019); Nat'l City Mortg. Co. v. Adams, 310 S.W.3d 139, 144 (Tex. App. 2010); Wallerstein v. Spirt, 8 S.W.3d 774, 780 (Tex. App. 1999).[2] For example, in National City Mortgage Company v. Adams, the Texas Court of Appeals stated, "because both NCM and Carolyn are parties to the indemnity agreement, the agreement, as a matter of law, does not obligate Carolyn to pay NCM its attorneys' fees incurred in defending itself against Carolyn's claims and in prosecuting its counterclaim against Carolyn." 310 S.W.3d at 144.

---

[1] The agreement contains a choice of law provision specifying that the agreement shall be read under Texas law (Doc. No. 168-1, Ex. A at 25), and this Court has already determined that Texas law governs the state-law claims at issue in this case. (Doc. Nos. 15 at 8–10; 159 at 26 n.8.)

[2] A federal court applying Texas law "look[s] first to the decisions of the Texas Supreme Court." Ironshore Europe DAC v. Schiff Hardin, L.L.P., 912 F.3d 759, 764 (5th Cir. 2019) (internal citations omitted). Where "the Texas Supreme Court has not ruled on an issue," a federal court should "treat state intermediate courts' decisions as the strongest indicator of what a state supreme court would do, absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning." Id.

The parties to an indemnity agreement can overcome the general rule barring the indemnification of claims between the parties to the agreement, but they can do so only by including "specific language" to that effect. Claybar, 2018 WL 651258, at *3 (citing Ganske v. Spence, 129 S.W.3d 701, 708 (Tex. App. 2004)). In Claybar v. Samson Exploration, LLC, Claybar entered into a construction agreement with Samson, which included the following indemnity provision:

> [Samson] shall indemnify [Claybar] against any claims, damages, demands, liabilities, and costs (including reasonable attorneys' fees) to the extent arising from or related to the negligence or misconduct of [Samson] or its employees, agents, contractors, or invitees in the course of their exercise of rights granted by this instrument, but not to the extent caused by [Claybar], or its employees, agents, contractors, or invitees.

2018 WL 651258, at *3. Claybar subsequently sued Samson for damage to Claybar's property, and Claybar argued that the indemnity provision required Samson to indemnify Claybar for the costs of Claybar's suit against Samson. Id. at *2. Though the indemnity provision broadly covered "any claims . . . and costs . . . arising from or related to the negligence or misconduct of [Samson]," and Claybar sued Samson due to Samson's alleged misconduct, the Texas Court of Appeals held that the provision's language was not sufficiently specific to "show that the parties intended for Samson to indemnify Claybar for attorney's fees and costs in pursuing claims against Samson . . . ." Id. at *3. In other words, "[i]f Samson and Claybar had intended to include claims between them, they would have had to specifically add such language to the Agreement." Id. Thus, even where an indemnity provision offers language broad enough to sweep in the suit at issue, such language is insufficient to indemnify costs of litigation for a suit brought by one party to the agreement against another. To indemnify the costs of claims between the parties to the agreement, the indemnity provision must state that it specifically covers those types of claims. Id.; see also Nat'l City Mortg. Co., 310 S.W.3d at 144 (indemnity provision where plaintiff agreed to indemnify defendant "from any and all actions, claims, demands, damages, costs, expenses, and other liabilities, including without limitation attorney's fees"

did not apply to costs of lawsuit brought by plaintiff against defendant, since both were "parties to the indemnity agreement").

The indemnity provision at issue here does not contain specific language stating that the parties would indemnify each other from claims brought by one party to the agreement against another. The Hopewell company agreement states that each Member[3] who signed the agreement shall indemnify each other Member "from and against all losses . . . (including, without limitation, costs of suit and attorney's fees) they may incur on account of any breach by that Member of this Agreement or on account of any business activities conducted by that Member or its affiliates prior to the Effective Date of this Agreement." (Doc. No. 170-1 at 36.) This language is similar to that of the indemnity provision in <u>Claybar</u>, indemnifying parties for a broad range of claims arising out of "any business activities," but it fails to specify that the provision indemnifies each Member for the costs of suits brought by one Member to the Agreement against another. Thus, like <u>Claybar</u>, the indemnity provision here does not provide sufficiently specific language to cover the costs of legal claims brought by Plaintiff against Defendant.[4] Consequently, the indemnity provision does not provide grounds to award Defendant attorney's fees.

## Conclusion

For the reasons above, the Court denies Defendant's motion for attorney's fees.

**IT IS SO ORDERED.**

DATED: February 19, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] The Hopewell company agreement defines "Member" as any person or entity executing the company agreement. (Doc. No. 168-1, Ex. A at 3.)

[4] If anything, the fact that Members of the Hopewell company agreement are mutually indemnifying each other suggests that the indemnity provision was not meant to apply to claims between the Members of the agreement. If it did, the provision would produce the odd outcome where both parties would have to indemnify each other in the event that one sues another, canceling out the effect of the indemnity provision.