# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARK A. WILLIS,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:17-cv-00079-H-LL<br><br>**ORDER DENYING DEFENDANT MARK WILLIS'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S SECURITIES ACT CLAIM**<br><br>[Doc. No. 198.] |

On February 6, 2020, Defendant Mark Willis ("Defendant") filed a motion for judgment as a matter of law in favor of Defendant on Plaintiff EnSource Investments LLC's ("Plaintiff") Securities Act claim. (Doc. No. 198.) On February 10, 2020, Plaintiff filed a response in opposition to Defendant's motion. (Doc. No. 203.) For the reasons below, the Court denies Defendant's motion for judgment as a matter of law.

## Background

This case arises out of Plaintiff EnSource Investment, LLC's purchase of securities in a start-up company, the Hopewell – Pilot Project, LLC ("Hopewell"). On March 28, 2016, Defendant Mark A. Willis formed Hopewell to use title searching technology to identify unleased lands in Texas containing oil and gas interests, purchase those leases, and use or flip those leases for a profit. (Doc. Nos. 136-2, Willis Decl. ¶¶ 2, 4; 136-5, Ex. T.)

Defendant Willis served as CEO and President of Hopewell, and he led Hopewell's efforts to solicit potential investors. (Doc. Nos. 136-4, Ex. C at 61, Ex. D at 81–82, 94; 138-4; 154-3, Willis Decl. ¶ 8; 154-8, Ex. AH at 417.)

On December 27, 2018, Plaintiff filed an amended complaint in this Court alleging that Defendant defrauded Plaintiff when soliciting Plaintiff's investment in Hopewell, in violation of the Securities Exchange Act, 15 U.S.C. § 78j. (Doc. No. 93.) On February 4, 2020, this action came before the Court for a jury trial. (Doc. No. 195.) After the close of Plaintiff's case-in-chief, Defendant filed a motion for judgment as a matter of law on Plaintiff's securities fraud claim, arguing that Plaintiff failed to demonstrate the element of loss causation. (Doc. No. 198.)

## Discussion

A court may grant judgment as a matter of law only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Krechman v. Cty. of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). In reviewing a motion for judgment as a matter of law, the Court views the trial evidence in the light most favorable to the non-moving party, and "[i]f conflicting inferences may be drawn from the facts [presented at trial], the case must go to the jury." Reed v. Lieurance, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting LaLonde v. County of Riverside, 204 F.3d 947, 959 (9th Cir. 2000)).

Defendant contends that Plaintiff failed to demonstrate loss causation, an element of securities fraud, as a matter of law. (Doc. No. 198.) To demonstrate a violation of Rule 10b-5 under the Securities Act, a plaintiff must show that the defendant's misrepresentations caused plaintiff's economic losses. Causation includes both "transaction causation," that the violations in question caused the plaintiff to engage in the transaction, and "loss causation," that "the misrepresentation or omissions caused the harm." Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 949 (9th Cir. 2005) (quoting Binder v. Gillespie, 184 F.3d 1059, 1063 (9th Cir. 1999)).

"Typically, 'to satisfy the loss causation requirement, the plaintiff must show that the revelation of that misrepresentation or omission was a substantial factor in causing a

decline in the security's price, thus creating an actual economic loss for the plaintiff.'" Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal., 730 F.3d 1111, 1119 (9th Cir. 2013) (quoting McCabe v. Ernst & Young, LLP, 494 F.3d 418, 425–26 (3d Cir. 2007)). In the case of a privately held company, however, "the factual predicates of loss causation fall into less of a rigid pattern." Id. at 1120. Here, "a comparison of market stock price to establish loss causation has less relevance because market forces will less directly affect the sales prices of shares of a privately held company." Id. (quoting WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc., 655 F.3d 1039, 1053 (9th Cir. 2011)).

For privately held companies, "a plaintiff can satisfy loss causation by showing that 'the defendant misrepresented or omitted the very facts that were a substantial factor in causing the plaintiff's economic loss.'" Nuveen Mun. High Income Opportunity Fund, 730 F.3d at 1120 (quoting McCabe, 494 F.3d at 425); see also Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 949 (9th Cir. 2005) (a party demonstrates "loss causation" when showing that "the misrepresentation or omissions caused the harm"). Consequently, loss causation is a "context-dependent inquiry" because there are "an infinite variety of ways for a tort to cause a loss." Lloyd v. CVB Fin. Corp., 811 F.3d 1200, 1210 (9th Cir. 2016) (citations and quotation marks omitted). Since "loss causation is simply a variant of proximate cause," this element is a fact-specific inquiry best left for the jury. Id.

Defendant offers three arguments in support of his motion for judgment as a matter of law. First, Defendant argues that Plaintiff provided no evidence of the value of Hopewell's shares, meaning that Plaintiff could not demonstrate that any misrepresentations caused a decline in the values of those shares. (Doc. No. 198 at 9.) However, Hopewell was a privately held entity. (See Doc. No. 136-4, Ex. A.) As a result, the measurement of share value is not the exclusive means of proving loss causation, and share value has little relevance in the case of a privately held entity. Nuveen Mun. High Income Opportunity Fund, 730 F.3d at 1119. Additionally, Plaintiff offered evidence

3

3:17-cv-00079-H-LL

demonstrating that Plaintiff invested capital in exchange for shares in Hopewell,[1] that Hopewell entered bankruptcy proceedings, and that the financial failure of Hopewell led to a loss in Plaintiff's investment. (Doc. 203-2, Ex. A at RT44:3–46:21, 154:11–13.)

Second, Defendant argues that Plaintiff did not offer evidence that Defendant's misrepresentations caused Plaintiff's economic loss. (Doc. No. 198 at 9–12.) Yet, Plaintiff offered evidence that Hopewell's title searching technology was critical to the success of Hopewell's business enterprise. (See, e.g., Doc. Nos. 203-2, Ex. D at RT216:13–25; 214 at RT63:23–64:19.) And Plaintiff provided evidence that Defendant made misrepresentations about Hopewell's technology, that the technology was incomplete or ineffective, and that Hopewell and Title Rover ultimately entered bankruptcy with its technology being valued as worth one dollar. (Doc. Nos. 214 at RT76:11–84:25, RT106:23–24; 215 at RT96:10–97:16.) Following the parties' thorough presentation of evidence and testimony at trial, the jury reached a unanimous verdict in favor of Plaintiff on the securities fraud claim, including a finding that "Defendant's misrepresentation or omission cause[d] Plaintiff EnSource Investments LLC to suffer damages[.]" (Doc. No. 211.) Reviewing the record at trial in the light most favorable to the non-moving party, the Court concludes that the jury could have reasonably found that Defendant's misrepresentations proximately caused Plaintiff's injury.

Third, Defendant argues that Plaintiff could not establish loss causation as a matter of law because Plaintiff's conduct, not Defendant's, caused the failure of Hopewell and any subsequent losses in Plaintiff's investment. (Doc. No. 198 at 1–2.) But Defendant's argument simply presents a competing interpretation of the facts, and "[i]f conflicting inferences may be drawn from the facts [presented at trial], the case must go to the jury."

---

[1] Plaintiff also received an option to convert its Hopewell shares into shares in Title Rover, LLC, the company that Defendant created to own and develop the title searching technology employed by Hopewell. (Doc. No. 214 at RT63:12–14.) However, Plaintiff did not exercise its option to convert its shares (Doc. No. 216 at RT159:21–160:8), and in any event, Plaintiff offered evidence showing that the Title Rover also went bankrupt. (Doc. Nos. 214 at RT97:3–19; 216 at RT44:3–47:5.)

Lieurance, 863 F.3d at 1204 (quoting LaLonde, 204 F.3d at 959). Thus, given the fact-specific inquiry of loss causation, the record at trial, and the jury's findings on loss causation, the Court declines to grant Defendant judgment as a matter of law.

### Conclusion

For the foregoing reasons, the Court denies Defendant's motion for judgment as a matter of law on Plaintiff's securities fraud claim.

**IT IS SO ORDERED.**

DATED: February 19, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT