**PANAKOS LAW, APC**
Aaron D. Sadock (SBN 282131)
555 West Beech Street, Ste. 500
San Diego, California 92101
Telephone: (619) 800-0529
Facsimile: (866) 365-4856
Email: asadock@panakoslaw.com

**RICHARD E. NAWRACAJ**
Law Offices of Richard E. Nawracaj
155 N. Wacker Drive, Suite 4250
Chicago, Illinois 60606
Email: rich.nawracaj@nawracaj-law.com

Attorneys for Plaintiff ENSOURCE INVESTMENTS LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,

Plaintiff,

v.

THOMAS P. TATHAM, an individual; MARK A. WILLIS, an individual; PDP MANAGEMENT GROUP, LLC, a Texas limited liability company; TITLE ROVER, LLC, a Texas limited liability company; BEYOND REVIEW, LLC, a Texas limited liability company; IMAGE ENGINE, LLC, a Texas limited liability company; WILLIS GROUP, LLC, a Texas limited liability company; and DOES 1-50,

Defendants.

Case No.: 3:17-CV-00079-H-LL

**PLAINTIFF ENSOURCE INVESTMENTS LLC'S MEMORANDUM OF COSTS**

Date: March 24, 2020
Time: 11:00a.m.
Courtroom: 15A

Judgment Entered: February 19, 2020
Magistrate Judge: Hon. Linda Lopez
District Judge: Hon. Marilyn L. Huff
Courtroom: 15A
Action filed: January 13, 2017

Plaintiff Ensource Investments LLC hereby respectfully submits the following Memorandum of Costs in support of its Bill of Costs, pursuant to Local Rule 54.1(a):

## I. INTRODUCTION

On February 4, 2020, this action came before the Court for a jury trial with the Honorable Marilyn L. Huff presiding. The jury rendered a unanimous verdict on February 10, 2020. The jury found in favor of Plaintiff Ensource Investments LLC against Defendant Mark A. Willis on Plaintiff's Rule 10b-5 Securities Act claim and awarded Plaintiff $205,000.00. The Clerk entered the judgment in this matter on February 19, 2020 (Doc. No. 222).

## II. PLAINTIFF IS ENTITLED TO RECOVER COSTS

Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorney fees, should be allowed to the prevailing party except when a federal statute provides otherwise. The "prevailing party" for purposes of Rule 54(d) is generally the party in whose favor judgment is rendered. d'Hedouville v. Pioneer Hotel Co. 552 F.2d 886, 896 (9th Cir. 1977). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. Save Our Valley v. Sound Transit 335 F.3d 932, 944 (9th Cir. 2003). As articulated by the U.S. Supreme Court, a plaintiff "prevails" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). "[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree or settlement against the defendant. In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000) (internal citation omitted).

Because judgment was entered in favor of Plaintiff, Plaintiff is the prevailing party and is entitled to an award of costs.

**III. PLAINTIFF IS ENTITLED TO RECOVER THE FOLLOWING:**

Items properly considered as costs and which may be taxed as such include: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920. Once it has been established that a certain item falls within the scope of section 1920, the power to tax such costs is qualified only by the requirement that they be necessarily obtained for use in the case. Alflex Corp. v. Underwriters Laboratories, Inc. 914 F.2d 175, 176-177 (9th Cir.1990). All items which Plaintiff is requesting the assessment thereof were necessarily obtained for use in this case, and more specifically, for obtaining judgment in its favor. Accordingly, Plaintiff's requests for costs are fair and reasonable.

**A. COSTS FOR SERVICE OF PROCESS ARE TAXABLE**

Pursuant to Local Civil Rule 54.1(b)(1), fees for service of process (whether served by the United States Marshal or other persons authorized by Fed. R. Civ. P. 4) are allowable. "Costs for service of subpoenas are taxable as well as service of summonses and complaints." See L.R. 54.1(b)(1).

The following table identifies the service of process costs necessarily and actually incurred in this case:

///

///

| DATE | WITNESS | DESCRIPTION | COST |
|---|---|---|---|
| 1/26/17 | Mark Willis | Service of Summons & Complaint | $47.50 |
| 4/18/19 | Joseph Haynes | Deposition subpoena | $220.00 |
| 4/22/19 | Susan Willard-Killen | Deposition subpoena | $235.00 |
| 5/24/19 | Brent Stanley | Deposition subpoena | $205.00 |
| | | **TOTAL** | **$707.50** |

**B. COSTS FOR DEPOSITION TRANSCRIPTS ARE TAXABLE**

Pursuant to Local Civil Rule 54.1(b)(3) and 28 U.S.C. § 1920(2), a prevailing party is entitled to recover costs incurred in connection with taking depositions. These costs include "the cost of an original and one copy of any deposition (including videotaped depositions) necessarily obtained for use in the case." (L.R. 54.1(b)(3).) Deposition transcripts need not be introduced in evidence or used at trial so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery.

Plaintiff seeks the costs of deposition transcripts as stated in the Bill of Costs and further detailed herein below. These depositions were necessarily obtained for use in this case. The following table identifies the deposition costs necessarily and actually incurred for use in this case, per 28 U.S.C. §1920(2).

| DATE | DEPONENT | COST |
|---|---|---|
| 10/29/18 | Justin Pannu (Certified Transcript) | $1,347.70 |
| 4/29/19 | Joseph Haynes (Original & Certified Transcript) | $852.43 |
| 04/30/19 | Susan Willard-Killen (Original & Certified Transcript) | $899.94 |
| 06/05/19 | Brent Stanley (Original & Certified Transcript) | $2,012.21 |
| 06/27/19 | Mark Willis (Original & Certified Transcript) | $1,794.70 |
| | **TOTAL** | **$6,906.98** |

**C. WITNESS FEES AND MILEAGE/TRAVEL ARE TAXABLE**

Costs are taxable for per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. §1821 that are paid to witnesses subpoenaed and/or actually attending the proceeding, if the witness is served with the subpoena within California or as otherwise authorized by Fed. R. Civ. P. 45(b)(2). Under Local Rule 54.1(b)(4)(a)(2), such fees are taxable even though the witness attends voluntarily upon request and is not under subpoena. Local Rule 54.1(b)(4)(c) provides that witness fees for officers and employees of a corporation if they are not parties in their individual capacities are taxable. Under 54.1(3)(f), fees for the witness at the taking of a deposition are taxable at the same rate as for attendance at trial. The witness need not be under subpoena. Pursuant to 28 U.S. Code § 1821 (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished. The following table identifies the witness fees and travel costs necessarily and actually incurred for use in this case:

| DATE | WITNESS | DESCRIPTION | COST |
|---|---|---|---|
| 4/29/19 | Joseph Haynes | Witness fee & mileage - deposition | $80.00 |
| 04/30/19 | Susan Willard-Killen | Witness fee & mileage - deposition | $80.00 |
| 06/05/19 | Brent Stanley | Witness fee - deposition | $40.00 |
| 2/4 & 2/7/20 | Thomas Tatham | Witness travel - trial | $812.80 |
| 2/4 & 2/5/20 | Jason Frankovitz | Witness travel - trial | $155.63 |
| | | **TOTAL** | **$1,168.43** |

## IV. CONCLUSION

Plaintiff is presumptively entitled to recover its costs as the prevailing party. Based on the foregoing and the concurrently filed Bill of Costs, Plaintiff respectfully requests that it be awarded costs in the amount of **$8,782.91.**

Respectfully submitted,

DATED: March 4, 2020

**PANAKOS LAW, APC**

By: /s/ Aaron D. Sadock
Attorney for Plaintiff
ENSOURCE INVESTMENTS LLC