# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. WILLIS, et al.,<br><br>Defendants. | Case No.: 3:17-cv-00079-H-LL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RE-TAX COSTS**<br><br>[Doc. No. 219.] |

On February 14, 2020, Plaintiff EnSource Investments LLC ("Plaintiff") filed a motion to re-tax costs. (Doc. No. 219.) On March 9, 2020, Defendants Beyond Review, LLC ("Beyond Review"), Image Engine, LLC ("Image Engine"), and Willis Group, LLC ("Willis Group") filed a response in opposition to Plaintiff's motion. (Doc. No. 225.) On March 16, 2020, Plaintiff filed a reply. (Doc. No. 226.) For the reasons below, the Court denies the motion to re-tax costs without prejudice.

On December 27, 2018, Plaintiff filed an amended complaint in this Court alleging that Defendants, including Mark A. Willis, Beyond Review, Image Engine, and Willis Group, defrauded Plaintiff into investing in a start-up company. (Doc. No. 93.)

On December 6, 2019, the Court issued an order granting summary judgment in

favor of Defendants Beyond Review, Image Engine, and Willis Group on all of Plaintiff's claims. (Doc. No. 159 at 25–26.)

On January 2, 2020, Defendants Beyond Review, Image Engine, and Willis Group filed their bill of costs in the amount of $5,211.57. (Doc. No. 167.) Plaintiff filed an opposition to Defendants' bill of costs on January 23, 2020. (Doc. 177.) On January 29, 2020, the Clerk of Court presided over a hearing regarding taxation of costs (Doc. No. 172), and on January 30, 2020, Defendants filed an amended bill of costs in the amount of $6,303.76. (Doc. No. 189.) On February 10, 2020, the Clerk of Court awarded costs in the amount of $4,377.74 for the Defendants. (Doc. No. 202.)

The District Court reviews the clerk's bill of costs de novo. See, e.g., K.J.P. v. Cty. of San Diego, No. 15-CV-02692-H-MDD, 2019 WL 4193364, at *1 (S.D. Cal. Sept. 4, 2019). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); see also 28 U.S.C. § 1920; Local Rule 54.1(a). This rule creates a presumption in favor of awarding costs to the prevailing party. Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003).

The Court may, however, deny costs at its discretion in cases where it would be "inappropriate or inequitable to award costs." Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000). Proper grounds for denying costs include:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

Quan v. Comput. Scis. Corp., 623 F.3d 870, 888-89 (9th Cir. 2010) (internal citation and quotation marks omitted) abrogated on other grounds by Fifth Third Bancorp v. Dudenhoeffer, 573 U.S. 409, 417–419 (2014). This list of reasons for denying costs to a prevailing party is not meant to be "an exhaustive list," but merely "a starting point for

analysis." Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing Ass'n of Mex.–Am. Educators, 231 F.3d at 592–93).

Plaintiff argues that the Court should deny the award of costs to Defendants Beyond Review, Image Engine, and Willis Group because Plaintiff prevailed against Defendant Mark A. Willis, Plaintiff is entitled to costs in a mixed judgment, and any costs incurred by Defendants Beyond Review, Image Engine, and Willis Group would have been incurred by Defendant Willis since all Defendants were represented by the same counsel. (Doc. No. 219-1.) Defendants argue that Plaintiff is not entitled to costs because Defendants Beyond Review, Image Engine, and Willis Group prevailed on summary judgment, there was no mixed judgment with respect to these Defendants, and Plaintiff provided no legal basis to assert costs based on equity.[1] (Doc. No. 225.)

The Court denies Plaintiff's motion without prejudice. The Court declines to reconsider the taxation of costs until all costs in the case have been assessed, including any costs Plaintiff seeks against Defendant Willis. (See Doc. No. 224.) The Court reserves the right to have the parties clarify the costs that were incurred by Defendants Beyond Review, Image Engine, and Willis Group, separate and apart from the costs incurred by Defendant Willis. See, e.g., Taddeo v. Am. Invsco Corp., No. 2:12-CV-01110-APG-NJK, 2016 WL 320111, at *3 (D. Nev. Jan. 26, 2016); Bruce v. Clark Equip. Co., No. S-05-01766-WBS-KJM, 2007 WL 2433331, at *2 (E.D. Cal. Aug. 22, 2007).

**IT IS SO ORDERED.**

DATED: March 17, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] In reply, Plaintiff makes three new arguments to support its claim for re-taxing costs based on equity: Plaintiff contends that the issues were close or difficult, Defendant is entitled only to partial recovery, and Plaintiff litigated in good faith. (Doc. No. 226.)