UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENSOURCE INVESTMENTS, LLC, a Delaware limited liability company,<br><br>                                    Plaintiff,<br><br>v.<br><br>MARK A. WILLIS,<br><br>                                    Defendant. | Case No.: 3:17-cv-00079-H-LL<br><br>**ORDER DENYING DEFENDANT MARK A. WILLIS'S MOTION TO AMEND THE JUDGMENT**<br><br>[Doc. No. 229.] |

On February 4, 2020, the case proceeded to a jury trial against the sole remaining Defendant, Mark A. Willis ("Defendant Willis"). (Doc. No. 195.) On February 10, 2020, the jury returned a verdict in favor of Plaintiff EnSource Investments, LLC ("Plaintiff") against Defendant Willis with respect to Plaintiff's Rule 10b-5 Securities and Exchange Act claim, in the amount of $205,000, and the jury found in favor of Defendant Willis with respect to Plaintiff's intentional misrepresentation claim. (Doc. Nos. 204, 211.) On February 19, 2020, the Court entered judgment pursuant to the jury's findings. (Doc. No. 222.) On March 17, 2020, Defendant Willis filed a motion to amend the judgment. (Doc.

No. 229.) Plaintiff filed its opposition[1] on April 6, 2020 (Doc. No. 236), and Defendant Willis filed a reply on April 13, 2020. (Doc. No. 237.)

The Court held a hearing on the motion on April 20, 2020. (Doc. No. 239.) Aaron Sadock and Bonnie McKnight appeared for Plaintiff. Shannon D. Sweeney and Michael Zarconi appeared for Defendant Willis. For the reasons below, the Court denies Defendant Willis's motion to amend the judgment.

**Background**

This case arose out of Plaintiff's purchase of securities in a start-up company, the Hopewell – Pilot Project, LLC ("Hopewell"). Hopewell was formed in March 2016 by Mark A. Willis and Thomas Tatham. (Doc. No. 214, Trial Tr. Vol. I at RT103:7–8.) Through Hopewell, Willis and Tatham planned to use title searching technology to identify unleased lands in Texas containing oil and gas interests, purchase those leases, and use or flip those leases for a profit. (Id. at RT53:18–55:2, RT69:6–70:6, RT103:10–104:3.)

On December 27, 2018, Plaintiff filed an amended complaint alleging that individuals and entities involved in Hopewell: (1) violated Rule 10b-5 of the Securities and Exchange Act, (2) committed intentional misrepresentation, (3) committed the tort of conversion, and (4) violated California's unfair competition law. (Doc. No. 93.) Plaintiff claimed damages in the loss of their total investment in Hopewell, $430,000. (Doc. No. Doc. No. 218, Trial Tr. Vol. V at RT13:10–13.) In August 2019, Defendants Thomas Tatham and PDP Management, LLC (collectively, "Tatham Defendants") reached a settlement with Plaintiff. (Doc. No. 215, Trial Tr. Vol. II at RT198:1–4.) On October 22, 2019, Plaintiff filed a voluntary motion to dismiss the Tatham Defendants (Doc. No. 134), and on October 24, 2019, the Court granted the motion and dismissed the Tatham Defendants from the case with prejudice. (Doc. No. 135.)

---

[1] In Plaintiff's opposition to Defendant Willis's motion to amend the judgment, Plaintiff also requested that the Court strike the Shannon Sweeney declaration attached to Defendant Willis's motion. (Doc. No. 236-1.) The Court, exercising its discretion, declines to strike the declaration and its exhibits.

|    |    |
|----|----|
| 1  | On December 6, 2020, the Court granted summary judgment in favor of several |
| 2  | Defendants on all of Plaintiff's claims, and the Court granted summary judgment in favor |
| 3  | of Defendant Willis on Plaintiff's conversion and unfair competition law claims.  (Doc. |
| 4  | No. 159.)  On December 13, 2019, the Court conducted the final pretrial conference (Doc. |
| 5  | No. 162) and issued the final pretrial order on December 16, 2019.  (Doc. No. 163.)  During |
| 6  | pretrial proceedings, neither party submitted the issue of offset to be considered at trial, |
| 7  | and the pretrial order makes no reference to offset or joint liability.  (Id.) |
| 8  | On February 4, 2020, the case proceeded to trial before a jury, with Defendant Willis |
| 9  | as the sole remaining Defendant.  (Doc. No. 195.)  Neither side requested a special jury |
| 10 | verdict on the issue of offset or joint liability.  On February 10, 2020, the jury returned a |
| 11 | verdict in favor of Plaintiff against Defendant Willis with respect to Plaintiff's Rule 10b-5 |
| 12 | Securities and Exchange Act claim, in the amount of $205,000, and the jury found in favor |
| 13 | of Defendant Willis with respect to Plaintiff's intentional misrepresentation claim.  (Doc. |
| 14 | Nos. 204, 211.)  Defendant Willis now seeks to offset the judgment by the amount that the |
| 15 | Tatham Defendants paid to Plaintiff in settlement. |

## Discussion

Federal Rule of Civil Procedure 59(e) gives district courts the power to alter a judgment.  Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enter. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  Thus, "a motion for reconsideration should not be granted, absent highly unusual circumstances."  Id.  These motions are only granted in the rare case where "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011) (quoting Zimmerman v. City of Oakland, 255 F,3d 734, 740 (9th Cir. 2001)).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the judgment of entry."

Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (internal citation omitted); see also Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).

Defendant Willis does not identify any change in controlling law or newly discovered evidence. Instead, he submits his motion to amend or alter the judgment solely on grounds that it is necessary to prevent "manifest injustice." (Doc. No. 58-1.) For there to be manifest injustice, the reviewing court must be "left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

Defendant Willis argues that the Court should amend the judgment because Defendant Willis's liability should be offset by the amount that the Tatham Defendants paid to Plaintiff in settlement. (Doc. No. 229-1.) The Court disagrees.

Offset is a doctrine governing state law torts. See, e.g., Vesey v. United States, 626 F.2d 627, 633 (9th Cir. 1980) (quoting Carr v. Cove, 109 Cal. Rptr. 449, 451 (Cal. Ct. App. 1973)). Defendant Willis's liability, however, derives not from a state law tort but from Plaintiff's Securities and Exchange Act claim under Rule 10b-5. (Doc. No. 222.) In a securities case, the Ninth Circuit treats the effect of a pretrial settlement as a matter of contribution, rather than offset. See Franklin v. Kaypro Corp., 884 F.2d 1222, 1226–28 (9th Cir. 1989). Nonetheless, the principle of contribution, like offset, is meant to prevent a plaintiff from reaping a double recovery from the same wrong. See id.; Foster v. Fin. Tech. Inc., 517 F.2d 1068, 1072 (9th Cir. 1975).

In this case, the jury did not award Plaintiff its full amount of damages, indicating that Plaintiff has not received a double recovery. See Ambassador Hotel Co. v. Wei-Chuan Inv., 189 F.3d 1017, 1030 (9th Cir. 1999) (recognizing double recovery from a Rule 10b-5 claim when a plaintiff received an amount greater than "the full measure of its lost investment in the project"). Here, the jury awarded Plaintiff $205,000 against Defendant Willis on the 10b-5 claim (Doc. No. 211), short of the total economic damages Plaintiff

claimed, $430,000. (Doc. No. 163.) Thus, Plaintiff has not received a double recovery from the same injury.

Additionally, the nature of the jury's verdict and the record at trial further demonstrate that Plaintiff has not received a double recovery. The jury made specific findings in the special verdict form:

1. Did Defendant Mark A. Willis make an untrue statement of a material fact or omit a material fact necessary under the circumstances to keep the statements that were made from being misleading in connection with the sale of securities?
**The jury answered: Yes.**

2. In making or causing to make these misstatements or omissions, did Defendant Mark A. Willis act [circle only one of the following choices]:
   a. knowing,
   b. reckless, or
   c. none of the above.
**The jury answered: Reckless.**

3. Did Defendant Mark A. Willis use an instrumentality of interstate commerce, such as electronic mail or telephone, in connection with the sale of securities, regardless of whether the instrumentality itself was used to make an untrue statement?
**The jury answered: Yes.**

4. Did Plaintiff EnSource Investments LLC justifiably rely on Defendant's untrue statement of a material fact or on the Defendant's omission to state a necessary material fact in buying securities?
**The jury answered: Yes.**

5. Did Defendant's misrepresentation or omission cause Plaintiff EnSource Investments LLC to suffer damages?
**The jury answered: Yes.**

6. Please determine the economic loss, if any, incurred by Plaintiff EnSource Investments LLC as a result of the violation of Rule 10b-5 of the Securities and Exchange Act:
**The jury answered: $205,000.00.**

(Doc. Nos. 211, 222.)  These questions zeroed in on Defendant Willis's conduct and the damages caused by him.  And the jury answered all these questions in the affirmative, finding that Defendant Willis acted recklessly and that his specific misconduct produced economic losses in the amount of $205,000. (Doc. No. 211.)  Moreover, the special verdict form specifically asked whether "Defendant's misrepresentation or omission caused Plaintiff EnSource Investments LLC to suffer damages," and if so, the amount of damage. (Id.)  As a result, the jury's award was for damages attributable to Defendant Willis. Consequently, Defendant Willis is not entitled to an offset from the settling Tatham Defendants.

The record at trial reinforces this conclusion.  At trial, both parties presented numerous witnesses and exhibits about the individuals involved in the misleading representations made about Hopewell and its technology (see, e.g., Doc. No. 216, Trial Tr. Vol III at RT28:17–32:2, RT35:21–37:4), including testimony from Thomas Tatham[2] about his role in the representations that Hopewell made to Plaintiff. (Doc. No. 215, Trial Tr. Vol. II at RT113:13–210:19.)  The testimony at trial distinguished the roles that Defendant Willis and Tatham played in Hopewell.  For example, Defendant Willis led efforts to solicit investors, while Tatham handled separate representations to investors in the due diligence process. (Doc. Nos. 214, Trial Tr. Vol. I at RT151:1–153:22; 215, Trial Tr. Vol. II at RT109:6–111:16, RT114:4–115:16, RT127:11–128:22.)  This testimony allowed the jury to determine when certain misconduct occurred, and by whom, allowing

---

[2]  Tatham appeared and testified voluntarily at trial, as he was beyond the range of the Court's subpoena powers. Defendant Willis contends that Plaintiff procured Tatham's testimony in violation of California Rule of Professional Conduct 3.4(d), which prohibits counsel from compensating a witness "contingent upon the content of the witness's testimony or the outcome of the case." Cal. R. Prof. Cond. 3.4(d). (Doc. No. 229-1 at 4 & n.2.) However, Tatham's agreement to testify because of his settlement is different from Tatham agreeing to make specific statements in his testimony because of the settlement. The California Rules of Professional Conduct prohibits the latter, not the former. Here, Defendant Willis does not offer any evidence demonstrating that the specific content of Tatham's testimony was dictated by Plaintiff or the terms of the settlement. And to the extent that Tatham's testimony contradicts an earlier position he held in this litigation, that information was presented to the jury in cross-examination (Doc. No. 215, Trial Tr. Vol. II at RT118:1–119:9), and the jury had the prerogative of deciding what weight, if any, to give to Tatham's testimony.

the jury to reasonably conclude that certain misconduct may have been attributable to Defendant Willis, rather than others. Additionally, Defendant Willis consistently argued that he did not make or authorize any of the misrepresentations at issue, and that others would have been responsible. (See, e.g., Doc. No. 217, Trial Tr. Vol. IV at RT78:2–23, RT85:20–86:5.) Thus, the parties squarely presented the jury with Defendant Willis's share of responsibility. Additionally, neither party proposed any modification to the special verdict form to request the jury to find any offset or percentage of liability for the settling defendants. Given the record, the jury made specific findings that Defendant Willis made misleading statements or omissions to Plaintiff that Plaintiff justifiably relied upon, that Defendant Willis's misleading statements or omissions caused Plaintiff to suffer damages, and the amount of the damages caused by Defendant Willis. (Doc. No. 211.) Consequently, the jury's factual findings, along with the record at trial, show the Defendant Willis is not entitled to amend the judgment.

Defendant Willis argues that the jury's award should be offset by the Tatham Defendants' settlement primarily by referencing Plaintiff's third amended complaint and Plaintiff's discovery responses.[3] (Doc. No. 229-1.) However, the pleadings and discovery documents have been superseded by the pretrial order and the evidence presented at trial.[4] See Ortiz v. Jordan, 562 U.S. 180, 184 (2011) ("Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary-

---

[3] Defendant Willis also argues that the Hopewell company agreement requires the Court to offset Defendant Willis's judgment by the settlement that Tatham Defendants paid to Plaintiff. (Doc. No. 229-1 at 9.) However, the company agreement only states that the "Managers shall act as a Board" and that "[n]o Manager or Member shall take any action with respect to the management of the Company or act as an agent of the company . . . without the consent or authorization of Board [sic] . . . ." (Doc. No. 229-3, Ex. E § 6.3.) This provision makes no statement as to liability.

[4] Plaintiff also contends that Defendant Willis waived his claim to offset by not including an affirmative defense in the answer. (Doc. No. 236.) The Court disagrees. The pretrial order supersedes the pleadings, Fed. R. Civ. Pro. 16(d), but neither party requested in the pretrial order that the Court or jury make any findings related to offset or joint liability, and neither party asked the Court to modify the special verdict form to address offset or joint liability. Thus, both sides failed to preserve the issue for a post-trial determination by the Court. In any event, in light of the evidence in the record, Defendant Willis is not entitled to an offset or contribution on the merits.

judgment motion."); <u>Patterson v. Hughes Aircraft Co.</u>, 11 F.3d 948, 950 (9th Cir. 1993) ("A pretrial order generally supersedes the pleadings, and the parties are bound by its contents."); Fed. R. Civ. Pro. 16(d). Defendant Willis cites <u>Lafayette v. County of Los Angeles</u>, 208 Cal. Rptr. 668, 673 (Cal. Ct. App. 1984) to argue that the pleadings are enough to support a claim for offset or contribution. But <u>Lafayette</u> arose in state court, meaning it operates under procedural rules distinct from the federal procedural rules that govern here. In federal court, the pleadings and discovery record are superseded by the pretrial order and trial. <u>Ortiz</u>, 562 U.S. at 184; <u>Patterson</u>, 11 F.3d at 950; Fed. R. Civ. Pro. 16(d). Here, neither party requested any modification of the special jury verdict form to address offset or joint liability. Consequently, the pleadings and discovery documents cited by Defendant Willis have little relevance in light of the issues and evidence presented at trial and the jury's specific findings of liability.

This Court is fully familiar with the record and evidence presented at trial in this matter. Having heard all the evidence, the Court denies the motion to amend the judgment, as it does not constitute manifest injustice.

**Conclusion**

For the reasons above, the Court denies Defendant's motion to amend the judgment.

**IT IS SO ORDERED.**

DATED: April 21, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT