**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENSOURCE INVESTMENTS LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. WILLIS,<br><br>Defendant. | Case No.: 17-cv-00079-H-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CERTIFY**<br><br>[Doc. No. 253.] |

On May 5, 2021, Plaintiff Ensource Investments LLC ("Plaintiff") filed a motion to certify the judgment in this case for registration in foreign districts pursuant to 28 U.S.C. § 1963. (Doc. No. 253.) Defendant Mark A. Willis ("Defendant") did not oppose the motion. (Doc. No. 258.) The Court submitted the matter on June 3, 2021. (Doc. No. 261.) For the following reasons, the Court grants Plaintiff's motion to certify the judgment for registration in a foreign district.

1

**Background**

On February 4, 2020, this case proceeded to a jury trial. (Doc. No. 195.) On February 10, 2020, the jury returned a verdict in favor of Plaintiff against Defendant with respect to Plaintiff's Rule 10b-5 Securities and Exchange Act claim, in the amount of $205,000, and the jury found in favor of Defendant with respect to Plaintiff's intentional misrepresentation claim. (Doc. Nos. 204, 211.) On February 19, 2020, the Court entered judgment consistent with the jury's verdict. (Doc. No. 222.) On March 19, 2020, Defendant appealed the judgment. (Doc. No. 230.) The appeal is currently pending in the Ninth Circuit. Defendant has not filed a supersedeas bond pursuant to Rule 62(b).

On May 5, 2021, Plaintiff filed the instant motion, asking the Court to certify the Court's judgment in this case for registration in the Southern District of Texas and any other foreign jurisdiction where Defendant owns substantial assets. (Doc. No. 253.) Plaintiff served the motion on Defendant as well as his counsel of record in this case. (Doc. No. 253-3; Doc. No. 254.) Defendant did not timely oppose Plaintiff's motion to certify within the time frame set forth in the Local Rules.

As a result, on June 3, 2021, the Court ordered Plaintiff to serve Defendant's appellate counsel with the motion to certify by June 10, 2021. (Doc. No. 261 at 2.) The Court then gave Defendant until June 17, 2021, to respond to or file a supersedeas bond. (Id.) Plaintiff mailed a copy of its motion to certify to Defendant's appellate counsel on June 3, 2021. (Doc. No. 263.) Defendant still has not opposed Plaintiff's motion or filed a supersedeas bond.

**Discussion**

A district court's judgment becomes enforceable ten days after entry. Fed. R. Civ. P. 62(a). Where, as here, the judgment is pending appeal, "the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1197 (9th Cir. 2001). The registration process is set forth in 28 U.S.C.

§ 1963.[1] In short, § 1963 "permits a district court to issue an order certifying a judgment for registration [in another district] during the pendency of an appeal upon a finding of 'good cause.'" Columbia Pictures, 259 F.3d at 1197. Good cause generally exists when there is "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." Id. at 1197-98 (citations omitted).

That is the case here. Earlier in this action, Defendant submitted a declaration claiming that he does not own any property in California, that he does not maintain a California bank account, and that he resides in Texas. (Doc. No. 8-3, Willis Decl. ¶¶ 8-10.) Additionally, Plaintiff filed a recent TransUnion report indicating that Defendant owns a $1.9 million property located in the Southern District of Texas. (Doc. No. 260 at 28.) The report did not reveal that Defendant owns any assets in California. (Id.) As a result, good cause exists to certify the Court's judgment for registration in the Southern District of Texas and other districts where Defendant owns substantial assets. See Columbia Pictures, 259 F.3d at 1197-98; Rockin Artwork, LLC v. Bravado Int'l Grp. Merch. Servs., Inc., No. C15-1492-JCC, 2017 WL 11437734, at *2 (W.D. Wash. Apr. 4, 2017) (allowing, upon a showing of good cause, registration of judgment in "any other jurisdictions where [the defendant's] assets may be found"); Brighton Collectibles, Inc. v. Marc Chantal USA, Inc., No. 06-CV-1584 H (POR), 2009 WL 10674204, at *2 (S.D. Cal. Aug. 17, 2009) (same).

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion to certify the judgment for registration in a foreign district. The Court certifies the Court's judgment in this case

---

[1] In pertinent part, § 1963 provides the following: "A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

for registration in any district where Defendant owns substantial assets, including the Southern District of Texas, pursuant to 28 U.S.C. § 1963.

**IT IS SO ORDERED.**

DATED: June 21, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT